

August 22, 2018

*Via certified mail and e-mail*

| | |
|---|---|
| Hon. Tre Hargett, Secretary of State | Mark Goins, Coordinator of Elections |
| 312 Rosa L. Parks Ave., 7th Fl. | 312 Rosa L. Parks Ave., 7th Fl. |
| Nashville, TN 37243 | Nashville, TN 37243 |
| tennessee.elections@tn.gov | tennessee.elections@tn.gov |

Re: <u>Non-compliance with National Voter Registration Act of 1993 (52 U.S.C. §§ 20507, 20508(b)(2)(A), 20510(b)(2))</u>

Dear Secretary Hargett and Mr. Goins,

The Tennessee State Conference of the NAACP, and its counsel Campaign Legal Center, write to inform you that Tennessee's current voter registration forms fail to accurately advise people with felony convictions of the eligibility requirements for voting in Tennessee, and therefore the forms violate the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20507, 20508(b)(2)(A). As your office recognizes, not all people with felony convictions are disenfranchised under Tennessee law. Nonetheless, Tennessee's voter registration forms state otherwise.

### I. NVRA's Requirements

The NVRA requires that each state "inform applicants . . . of voter eligibility requirements," whether they apply via the Federal Form, a state mail-in form, the department of motor vehicles, or any other NVRA agency. 52 U.S.C. § 20507(a)(5). The NVRA further specifies that both the Federal Form and any state-issued mail-in voter registration form used to register voters for federal elections must "specif[y] each eligibility requirement" for applicants. 52 U.S.C § 20508(b)(2)(A); *see also* § 20505(a)(2) (stating that a state mail-in form should meet "all of the criteria stated in section 20508(b)").

### II. Tennessee Law on Felony Disenfranchisement

Under the Tennessee Constitution, the legislature may enact laws to exclude

1411 K ST. NW, SUITE 1400 / WASHINGTON, DC 20005 / CAMPAIGNLEGALCENTER.ORG

from the franchise "persons who may be convicted of infamous crimes." Tenn. Const. art. 4, § 2. The Supreme Court of Tennessee has held that "Article I, Section 5 of the Tennessee Constitution prohibits the General Assembly from retroactively disenfranchising convicted felons who have never been adjudged infamous." *Gaskin v. Collins*, 661 S.W.2d 865, 868 (Tenn. 1983); *see also Crutchfield v. Collins*, 607 S.W.2d 478 (Tenn. Ct. App. 1980) (holding that a felony conviction cannot disenfranchise a citizen where the legislature has not previously declared that the relevant crime was "infamous" and punishable by disenfranchisement).

As a result, not all individuals in Tennessee with felony convictions are ineligible to vote. In particular, individuals convicted of felonies between January 15, 1973 and May 17, 1981 retain their full rights to exercise the franchise under the Tennessee Constitution, as do individuals with certain categories of felony convictions not considered infamous prior to January 15, 1973. *Gaskin v. Collins*, 661 S.W.2d 865, 868 (Tenn. 1983); *see also Crutchfield v. Collins*, 607 S.W.2d 478 (Tenn. Ct. App. 1980). These more limited felony disenfranchisement provisions are outlined on the Secretary of State's website page on voting rights restoration but do not appear on the voter registration forms. *See* Tenn. Sec'y of State, *Restoration of Voting Rights*, https://sos.tn.gov/products/elections/restoration-voting-rights (enclosed).

## II. Inaccurate Tennessee Voter Registration Forms

Even though not all people with felony convictions are ineligible under state law, the State Form indicates otherwise. It states that to register, "you must not have been convicted of a felony, or if you have, your voting rights must have been restored." Tenn. Sec'y of State, *Tennessee Mail-In Application for Voter Registration*, https://sos-tn-gov-files.s3.amazonaws.com/forms/ss-3010.pdf (enclosed). The declaration portion of the form asks applicants to attest whether they have "ever been convicted of a crime which is a felony in this state, by a court in this state, a court in another state, or a federal court." *Id.* These instructions are flatly inconsistent with state law. The inaccurate information misleads voters about their eligibility to vote.

Similarly, the state-specific instructions for Tennessee on the Federal Form contain the same misleading and inaccurate information. They inform applicants that they must "not have been convicted of a felony, or if convicted, have had [their] full rights of citizenship restored (or have received a pardon)" to be eligible to vote in Tennessee. Election Assistance Comm'n, *National Mail Voter Registration Form*, http://www.eac.gov/voters/national-mail-voter-registration-form/ (enclosed). These instructions mislead voters about whether they are ineligible to vote in Tennessee due to a prior felony conviction.

### III. Tennessee's Form Violates the NVRA and the United States Constitution

As explained above, Tennessee's form violates the NVRA's requirement that it "inform applicants . . . of voter eligibility requirements," 52 U.S.C. § 20507(a)(5), and that it "specif[y] each eligibility requirement" for applicants, 52 U.S.C § 20508(b)(2)(A); *see also* § 20505(a)(2) (stating that a state mail-in form should meet "all of the criteria stated in section 20508(b)").

Despite these requirements, the State Form fails to fully inform applicants with felony convictions of their eligibility under Tennessee law. To the contrary, it plainly misinforms voters of the eligibility requirements by stating that *no* individual with a felony conviction may register to vote unless she has undergone the restoration of rights process. Nowhere on Tennessee's mail-in registration form is the blanket exception for felony convictions between January 15, 1973 and May 17, 1981 explained to voters, nor the limited list of offenses punishable by disenfranchisement prior to January 15, 1973. This is a clear violation of Tennessee's duty under the NVRA to accurately inform applicants of the relevant qualifications to vote.

As noted above, the state-specific instructions for Tennessee on the Federal Form are similarly inconsistent with state law. To ensure the Federal Form's accuracy, a state's chief election official must notify the EAC of any changes in the state's voter eligibility requirements within 30 days. 11 C.F.R. § 9428.6. Given the matching deficiencies in the State Form, it appears that Tennessee has not apprised the EAC of the exceptions to its blanket felony disenfranchisement provision. Regardless of the source of the errors, your office should immediately notify the EAC of the discrepancy between Tennessee's voter eligibility requirements and their description on the Federal Form and provide accurate substitute instructions.

In addition to violating the clear terms of the NVRA, Tennessee's inaccurate registration forms pose an unnecessary and undue burden on the right to vote for those with felony convictions in Tennessee who are eligible to vote under state law. The burden is undue because this misstatement of law serves no valid government interest; it is severe because the instructions directly inform eligible voters that they cannot register to vote; and it is discriminatory because it harms a specific group of already vulnerable eligible voters. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (holding that burdens on the right to vote must be weighed against "the precise interests put forward by the State," that "'severe' restrictions . . . must be 'narrowly drawn to advance a state interest of compelling importance,'" and that the state's regulatory interest is only "generally sufficient to justify" other lesser "reasonable, nondiscriminatory restrictions" on voting).

Finally, Tennessee's State Form also fails to notify otherwise eligible voters with felony convictions of the process by which they may have their voting rights

3

Case 3:20-cv-01039   Document 25-2   Filed 12/30/20   Page 3 of 5 PageID #: 147

restored. Tennessee citizens who have been disenfranchised due to a past felony conviction may, if their conviction meets certain conditions, have their voting rights restored upon receiving a pardon, upon being "discharge[d] from custody by reason of service or expiration of the maximum sentence imposed by the court for the infamous crime," or upon receiving a certificate of final discharge from the appropriate authority. Tenn. Code Ann. § 40-29-202. However, the State Form provides no information about how an otherwise eligible voter can seek a restoration of voting rights. This information is on the Secretary of State's website, *see supra*, and could easily be referred to on the state registration form itself. Tennessee should make this information readily available on its voter registration form in order to make the electoral franchise broadly accessible to its citizens.

### III.     Request for Documents

Pursuant to 52 U.S.C. § 20507(i)(1), the undersigned request that you produce all documents regarding (1) Tennessee's policies and procedures, formal and informal, regarding disenfranchisement of people with felony convictions, (2) Tennessee's policies and procedures, formal and informal, related to the processing of voter registration forms that indicate the registrant has been convicted of a felony, and (3) Tennessee's policies and procedures, formal and informal, related to the processing of forms that do not indicate whether or not the registrant has been convicted of a felony.

### IV.     Conclusion

We request that you immediately modify the Tennessee State Form to ensure its accuracy and notify EAC of the updated eligibility information for inclusion on the Federal Form. These actions are required by both the NVRA and the United States Constitution.

Please be advised that this letter serves as written notice pursuant to 52 U.S.C. § 20501(b)(1)-(2) that if the continuing violations of the NVRA are not corrected *immediately*, the Tennessee State Conference of the NAACP intends to take legal action to enforce the NVRA, and seek a preliminary injunction to ensure relief prior to the 2018 general election. In the event that litigation becomes necessary, additional claims under the United States Constitution will likely also be brought.

We hope, of course, that litigation will not become necessary and that a solution will be reached swiftly. Please contact us as soon as possible to discuss a possible resolution of this matter.

Sincerely,

/s/ Gloria Sweet-Love
Tennessee State Conference of NAACP
27 Brentshire Square, Suite A
Jackson, TN 38305
731-660-5580
info@tnnaacp.org

/s/ Mark P. Gaber
/s/ Danielle Lang
Campaign Legal Center
1411 K Street NW, 14th Floor
Washington, DC 20005
202-736-2200
mgaber@campaignlegalcenter.org
dlang@campaignlegalcenter.org

Enclosures:   Tennessee Mail-In Application for Voter Registration
              National Mail Voter Registration Form
              Tennessee Secretary of State Restoration of Voting Rights Instructions
              By Date of Conviction