# EXHIBIT B



January 27, 2021
*Via mail and e-mail*

Hon. Tre Hargett, Secretary of State  
312 Rosa L. Parks Ave., 7th Fl.  
Nashville, TN 37243  
tennessee.elections@tn.gov

Mark Goins, Coordinator of Elections  
312 Rosa L. Parks Ave., 7th Fl.  
Nashville, TN 37243  
tennessee.elections@tn.gov

Re: Non-compliance with National Voter Registration Act of 1993 (52 U.S.C. §§ 20507, 20508(b)(2)(A), 20510(b)(2))

Dear Secretary Hargett and Mr. Goins,

The Tennessee State Conference of the NAACP ("TN NAACP"), and its counsel Campaign Legal Center, write to inform you that Tennessee's current voter registration forms and registration policies violate the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20507, 20508(b)(2)(A),(3), 20510(b)(2).

   I.   NVRA's Requirements

The NVRA requires that each state "inform applicants . . . of voter eligibility requirements," whether they register to vote via the Federal Form, a state mail-in form, the department of motor vehicles, or any other NVRA agency. 52 U.S.C. § 20507(a)(5). The NVRA further specifies that both the Federal Form and any state-issued mail-in voter registration form used to register voters for federal elections must "specif[y] each eligibility requirement" for applicants. 52 U.S.C § 20508(b)(2)(A); *see also* § 20505(a)(2) (stating that a state mail-in form should meet "all of the criteria stated in section 20508(b)").

Additionally, the NVRA requires that all registrars accept valid registration forms submitted by eligible individuals. Under the NVRA, each state "shall . . . ensure that any eligible applicant is registered to vote" in Federal elections if the eligible applicant timely submits a "valid voter registration form." 52 U.S.C. § 20507(a)(1).

Finally, the NVRA also requires that voter registration forms include "an attestation that the applicant meets each [eligibility] requirement," 52 U.S.C. § 20508(b)(3), and prohibits states from creating additional documentation requirements to register to vote beyond the registration form itself. *See Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 9 (2013)

1

## II. 2018 Violation Notice Letter and Subsequent Developments

On August 22, 2018, we sent a letter putting the Elections Division on notice that it was in violation of the NVRA's requirements with respect to the treatment of the felony conviction eligibility criteria. In December 2019, we held a phone conference with representatives from the Election Division and your counsel. During that call we discussed the deficiencies in the state and federal registration forms and Tennessee's online registration portal. The Elections Division confirmed that its policy is to instruct all registrars to reject all registrations from individuals who indicate they have been convicted of a felony, regardless of whether or not that individual is actually disenfranchised, and to issue a letter explaining that the individual must prove their eligibility or restore their voting rights. Recently, the Elections Division has replaced the prior state voter registration form, SS-3010, with a new form in at least one place on its website.

While the new form represents an improvement and cures some of the NVRA issues we have previously identified, it does not resolve all of them. We write to once again delineate the NVRA violations that are ongoing[1] and request a meet and confer to hopefully resolve these remaining matters.

## III. The Online Form

The Election Division's online registration form and portal continue to violate the NVRA and contain the same deficiencies that they did August 2018. Mirroring the old registration form, the website only asks whether the registrant has ever been convicted of a felony, preventing a registrant from attesting to the actual eligibility requirements, in violation of 52 U.S.C. § 20508(b)(2), and preventing the registrars from collecting the information necessary to determine if the registrant is eligible, in violation of 52 U.S.C § 20507(a)(1).

If a registrant indicates that they have been convicted of a felony, a box comes up telling the registrant "you will also need to submit either 1) proof that your voting rights have been restored in Tennessee, or 2) documentation showing you are eligible to have your voting rights restored." That statement of the law is inaccurate in violation of 52 U.S.C. § 20507(a)(5). First, not all persons with felony convictions in Tennessee lose the right to vote. Thus, it is inaccurate to describe their voting rights as being "restored" in any manner and they need not provide (and will not have) documentation of rights restoration. Second, a person who already had their rights restored through the COR process and is now re-registering cannot be required to submit additional documentation. Those restored voters stand in the shoes of any other eligible voter and cannot be required to prove their eligibility to register with documents beyond their voter registration attestation. *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 9 (2013) (holding that a state may not create

---

[1] In related litigation, your counsel has challenged the sufficiency of our prior NVRA letter to identify all the relevant NVRA violations. This letter in no way concedes the insufficiency of our prior notice efforts but is intended to supplement that letter and inform you of which NVRA violations remain ongoing given subsequent developments.

additional documentation requirements to register to vote beyond the registration form itself).

Finally, by barring persons with felony convictions from registering to vote online at all, Tennessee has implemented a discriminatory and non-uniform registration process in violation of 52 U.S.C. 20507(b)(1).

### IV. The New Registration Form and Policies

The new form is an improvement on the old form. Importantly, it asks the registrant to provide relevant information that can help the registrar determine whether or not the individual is already eligible to register or if they must take additional steps to restore their voting rights. Additionally, the new form has removed inaccuracies in the instructions. However, it still does not inform applicants of eligibility requirements for a person with a prior felony. The new statement vaguely explains that "if you have had a felony conviction, your eligibility to register and vote depends upon the crime you were convicted of and the date of your conviction." This statement, while true, does not "inform voters of the eligibility requirements," per the NVRA's mandate. 52 U.S.C. § 20507(a)(5); *see also* 52 U.S.C § 20508(b)(2)(A) (requiring mail registration forms to "specif[y] each eligibility requirement"); § 20505(a)(2) (stating that a state mail-in form should meet "all of the criteria stated in section 20508(b)").

Furthermore, the language of the new form continues to suggest that all individuals who have had their rights restored must submit proof of restoration at the time of registration, a requirement which violates the NVRA as applied to individuals who never lost the right to vote and those who have already had their voting rights restored. *See supra*; *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 9 (2013) (holding that the NVRA prohibits states from creating additional documentation requirements to register to vote beyond the registration form itself). This paperwork is not only an unlawful burden on the potential voter, but also unnecessary because the Help America Vote Act requires that every state maintain databases and information flow sufficient to allow registrars to verify eligibility without it. 52 U.S.C. § 21083(a)(2)(A)(ii)(I). Moreover, a voter's attestation—with proper eligibility instructions—should suffice just as it does for other eligibility requirements such as residence, age, and citizenship.

Finally, requesting information about a registrant's felony on the form is not enough to reverse the prior unlawful policy of rejecting all registrants with prior felony convictions regardless of eligibility. The Elections Division must issue policy and guidance to the County Elections Offices that will allow them to correctly interpret the information that the registrant provides. It must also clarify in that policy what paperwork is actually required to register and which registrants are required to provide it in compliance with the NVRA's mandates.

3

V. Implementation of the New Form

While the new form was very recently posted in some locations on the Elections Division website, it does not appear to have been truly rolled out or to be in use. The Election Division and the County Election Division websites do not announce that a new form has been promulgated at all. Relevant stakeholders, such as groups that conduct voter registration across the state, have not been informed and no public statement has been issued to the media.

The old form is still prominently available on the Secretary of State's website. For example, the "How do I register to vote" page on the Elections Division website still links to the old form. See "Tennessee Voter Registration Application" at https://sos.tn.gov/products/elections/how-do-i-register-vote accessed Jan. 22, 2021 at 2:40 PM CT.

Moreover, a sampling of the largest counties' registration websites indicates that it has not been circulated to the county commissions. *See e.g.*, the registration form as accessed through the Davidson County Election Division website (http://sos-tn-gov-files.s3.amazonaws.com/forms/ss-3010.pdf via "Tennessee Mail-In Application for Voter Registration" at https://www.nashville.gov/Election-Commission/Voter-Registration-Drives.aspx, accessed on Jan. 22, 2021 at 2:39 PM CT); *see also* Knox County mail-in voter registration form (https://knoxcounty.org/election/pdfs/registration.pdf, accessed on Jan. 22, 2021 at 2:40 PM CT); the registration form as accessed through the Shelby County Election Division website (by clicking "voters -> register to vote -> online form" at https://www.shelbyvote.com/register-vote, accessed on Jan. 22, 2021 at 2:40 PM CT). Indeed, while several of these county sites actually link back to a site hosted by the Election Division, the old form still appears at that link.

To discern whether the new form is indeed in use, co-counsel visited the Elections Division headquarters and the Davidson County Elections office on January 25th and 19th, respectively. Officials in both offices were still exclusively circulating and using the old form.

Plainly, the new form needs to be announced and distributed before it can be called the official and exclusive state voter registration form that is *in use*.

VI. Conclusion

The NVRA's requirements are in place to ensure that all eligible voters are able to access their fundamental right to vote. We are glad to see that after more than two and half years of notice the Elections Division has begun to move towards compliance. There is still work to do to ensure that the means of registration accurately reflect the structure of Tennessee's law. Please be advised that this letter serves as written notice pursuant to 52 U.S.C.§ 20501(b)(1)-(2) that if these violations are not remedied, TN NAACP will take further legal action. We would welcome the opportunity to discuss these concerns and to review any new policies that accompany the new form.

4

Sincerely,

Danielle Lang, Co-Director of Voting Rights
Campaign Legal Center
1101 14th St. NW
Washington, DC 20005
dlang@campaignlegal.org

Counsel for the Tennessee Conference of the
National Association for the Advancement
of Colored People

5