IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT
MOTION TO POSTPONE THE CASE MANAGEMENT CONFERENCE
AND STAY DISCOVERY**

On December 30, 2020, Defendants Lee, Parker, Goins and Hargett (the "State Defendants") filed a Motion to Dismiss this action in its entirety. *See* Mtn. to Dismiss, D.E. 24. The Motion raises threshold issues of subject matter jurisdiction for both Eleventh Amendment immunity and lack of standing, as well as issues relating to Plaintiffs' failure to state cognizable claims.[1]

Briefing is now complete, and the Motion to Dismiss is ripe for adjudication. Accordingly, for the reasons set forth below, Defendants move to postpone the Initial Case Management

---

[1] Rutherford County Circuit Court Clerk Melissa Harrell ("Harrell"), having obtained an extension of time from the Court to file a responsive pleading by February 10, 2021, also plans to file a dispositive motion addressing the only claim brought against her in this cause. Defendant Harrell joins in the instant Motion and submits that it would be in the best interests of judicial economy and the parties' resources to postpone the case management conference and stay discovery pending disposition of the State's Motion to Dismiss and Harrell's forthcoming dispositive motion.

Conference currently scheduled for February 11, 2021, and to stay discovery pending resolution of the Motion to Dismiss and the dispositive motion that will be filed by Defendant Harrell.

## I. ARGUMENT.

The Court has discretion to postpone the Initial Case Management Conference. *See* Fed. R. Civ. P. 26(f)(1); Local Rule 16.01(d). Further, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). *See also* Fed. R. Civ. P. 26(c) (allowing a court to stay discovery to prevent "undue burden or expense"). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995)). Unless it is shown that the plaintiff would suffer "substantial prejudice" from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Service, Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005).

"'The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion.'" *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 1:11-CV-249, 2011 WL 4345432 at *2 (N.D. Ind. Sept. 15, 2011) (citation omitted). "Rather, whether a stay of discovery is warranted depends on the individual case. A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." *Id.* (citation omitted). Accordingly,

> "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the

2

> need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted."

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)).

Here, Defendants have presented such threshold issues which necessitate the postponement of the Initial Case Management Conference and a stay of discovery.

First, Defendants have asserted that Counts 1, 2, 3, 6, and 7 should be dismissed on the basis of Eleventh Amendment immunity. An assertion of immunity is more than "a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The entitlement is an *immunity from suit*. . . ." *Id*. (emphasis in original). Accordingly, a matter of immunity should be decided at the earliest opportunity, and—in order to protect public officials from "unnecessary and burdensome discovery"—a district court "should resolve that threshold question *before* permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (emphasis added). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[2]

Second, Defendants have asserted a lack of standing with respect to *all* of Plaintiffs' claims. "Because standing is a *sine qua non* to the prosecution of a suit in a federal court, the absence of standing sounds the death knell for a case." *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 39 (1st Cir. 2000). Thus, "a federal court must resolve any doubts about such standing before proceeding to adjudicate the merits of a given case." *United States v. Catala*, 870

---

[2] While *Mitchell*, *Crawford-El*, and *Harlow* each addressed issues of qualified immunity, rather than Eleventh Amendment immunity, the distinction is of no consequence. The Sixth Circuit has held that the Eleventh Amendment also provides "'an *immunity from suit* rather than a mere defense to liability,'" *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989) (quoting *Mitchell*) (emphasis in original), and that "until resolution of the threshold question of immunity, 'discovery should not be allowed.'" *Id*. at 593 (quoting *Harlow*).

3

F.3d 6, 9 (1st Cir. 2017).

Defendants' Motion to Dismiss demonstrates that Eleventh Amendment immunity applies, because (as fully discussed therein) Plaintiffs do *not* challenge the constitutionality of the "clear" and "straightforward" re-enfranchisement statutes.[3] Instead, they challenge the *manner* in which those statutes have been "implemented."[4] But "[c]ase law is legion that the Eleventh Amendment to the United States Constitution directly prohibits federal courts from ordering state officials to conform their conduct to state law." *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 526 (6th Cir.), *cert. denied*, 474 U.S. 824 (1985) (citing *Pennhurst v. Halderman*, 465 U.S. 89 (1984)).

Moreover, all Plaintiffs lack the requisite standing to pursue their claims. None of the individual Plaintiffs allege "an invasion of a legally protected interest. . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The "interest" that they assert—i.e., the alleged deprivation of the "fundamental right" and liberty interest to vote[5]—does not exist for them. There is no "fundamental right" to re-enfranchisement. *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). And the right to vote is not a "liberty interest." *See League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 479 (6th Cir. 2008); *Memphis A. Phillip Randolph Institute v. Hargett*, ___ F.Supp.3d ___, 2020 WL 5095459 at *9-10 (M.D. Tenn. 2020), *aff'd on other grounds*, 978 F.3d 378 (6th Cir. 2020).

Further, the Organizational Plaintiff (NAACP) has neither direct standing, nor associational standing. The NAACP has no direct standing because (a) as an organization, it does

---

[3] Compl., D.E. 1, PageID# 2, 8-9, ¶¶ 2, 28.

[4] *Id.*, PageID# 2-4, 18, ¶¶ 1, 3, 8, 11, 52.

[5] Compl., D.E. 1, PageID# 30-42, ¶¶ 97, 115, 116, 125-27, 133, 145-47.

4

not possess the right to vote,[6] and (b) cannot demonstrate harm by diversion of its resources.[7] The NAACP has no associational standing because it has failed to identify a single member that has been affected by the voter-rights-restoration process.[8] The NAACP's claims under the National Voter Registration Act are also invalid for a third reason: it failed to provide the proper statutory notice necessary to prosecute them.

All of this demonstrates that Defendants have presented a compelling Motion to Dismiss to the Court, which—if granted—would dispose of this entire action.

> Facial challenges to the legal sufficiency of a claim . . ., such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.
>
> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, they also carry significant costs. . . . These burdens include the time spent searching for and compiling relevant documents; . . . the costs of copying and shipping documents; . . . [the] drafting [of] responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. . . .
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.

*Chudasmama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (citations omitted).

---

[6] *See Memphis A. Phillip Randolph Inst.*, 2020 WL 5095459, at *21 (recognizing that "[o]rganizational Plaintiffs will suffer no deprivation [of the right to vote], of course, inasmuch as organizations cannot vote.").

[7] *See Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 982 (6th Cir.), *cert. denied*, 141 S. Ct. 257 (2020) ("an organization can no more spend its way into standing based on speculative fears of future harm than an individual can."); *Fair Elections Ohio v. Husted*, 770 F.3d 456, 460 (6th Cir. 2014) (holding that mere "efforts and expense to advise others how to comport with the law" do not confer standing).

[8] *See Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009).

5

*See also J.A. b/n/f Alvarez v. Texas Education Agency*, No. 1:19-cv-921-RP, 2020 WL 3270834 (W.D. Tex. June 17, 2020) (staying discovery pending resolution of motion to dismiss asserting lack of standing and sovereign immunity); *Torongo v. Roy*, No. 15-81490, 2016 WL 10706286 (S.D. Fla. Jan. 28, 2016) (granting motion to stay discovery, pending resolution of motion to dismiss for lack of standing due to failure to allege an injury-in-fact). Accordingly, the Defendants submit that conducting discovery on the merits of the asserted claims would needlessly increase the cost of this litigation for no purpose, especially when discovery would "have no relevance to the dispositive legal issues in question." *Hahn*, 190 F.3d at 719-20.

## II. CONCLUSION

For these reasons, Defendants respectfully request that this Court to postpone the Initial Case Management Conference currently scheduled for February 11, 2021, and to stay discovery in this matter pending resolution of their Motion to Dismiss and Defendant Harrell's forthcoming dispositive motion.

>Respectfully submitted,
>
>HERBERT H. SLATERY III
>Attorney General and Reporter
>
>/s/ Andrew B. Campbell
>JANET M. KLEINFELTER (BPR #13889)
>Deputy Attorney General
>Janet.kleinfelter@ag.tn.gov
>
>ANDREW B. CAMPBELL (BPR #14258)
>Senior Assistant Attorney General
>Andrew.campbell@ag.tn.gov
>
>ALEXANDER S. RIEGER (BPR #29362)
>Assistant Attorney General
>Alex.rieger@ag.tn.gov
>
>MATTHEW D. CLOUTIER (BPR #36710)
>Assistant Attorney General
>Matt.cloutier@ag.tn.gov
>
>Office of the Tennessee Attorney General
>Public Interest Division
>P.O. Box 20207
>Nashville, TN 37202
>*Attorneys for State Defendants*
>
>/s/ Nick C. Christiansen (by ABC w/ perm)
>Nick C. Christiansen (BPR #30103)
>16 Public Square North
>P.O. Box 884
>Murfreesboro, TN 37133
>nchristiansen@mborolaw.com
>*Attorney for Defendant Harrell*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Danielle Lang
Mark Graber
Aseem Mulji
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Nick C. Christiansen
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, TN 37201

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: February 3, 2021

                                    /s/ Andrew B. Campbell
                                    ANDREW B. CAMPBELL
                                    Senior Assistant Attorney General