IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, and LAMAR PERRY, CURTIS GRAY Jr., JOHN WEARE, BENJAMIN TOURNIER, and AMANDA LEE MARTIN, for themselves and those similarly situated,<br><br>                           Plaintiffs,<br><br>    v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, TONY C. PARKER, in his official capacity as Commissioner of the Department of Correction of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and TRE HARGETT, in his official capacity as Secretary of State of Tennessee, and, MELISSA HARRELL in her official capacity as Rutherford County Clerk of Circuit Court,<br><br>                           Defendants. | Civil No. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY<br><br>[Class Action] |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE THE CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY**

Plaintiffs respectfully oppose Defendants' Motion to Postpone the Case Management Conference and Stay Discovery.

**ARGUMENT**

District courts have "broad discretion" to manage discovery. *Hugueley v. Parker*, No. 3:19-CV-00598, 2020 WL 434255, at *1 (M.D. Tenn. Jan. 28, 2020). However, courts should "tread carefully in granting a stay of proceedings since a party has a right to determination of its rights and liabilities without undue delay." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

In exercising their discretion, courts have "frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Id.*; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion."). This presumption against staying discovery pending dispositive motions comes from a plain reading of the Federal Rules: "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Ohio Bell Tel. Co.*, 2008 WL 641252, at *1 (citation omitted)*; see also* Local Rule 16.01(g) ("Discovery is *not* stayed, *including during the pendency of dispositive motions*, unless specifically authorized by Fed.R.Civ.P. 26(d) or by order of the Court or with regard to e-discovery, as outlined in Administrative Order 174-1.") (emphasis added).

A motion to dismiss that raises potentially dispositive jurisdictional issues may lend support to a stay of discovery if the jurisdictional issues are "clear-cut, and the likelihood of

1

jurisdictional dismissal [is] high." *Ohio Bell Tel. Co.*, 2008 WL 641252, at *2. But when the jurisdictional questions are "fairly debatable," a motion to stay discovery pending a motion to dismiss should not be granted. *Id*. Such an action would only be justified where the complaint is "utterly frivolous" or "it is *patent* that [the] case lacks merit and will almost *certainly* be dismissed." *Id.* at *1-2 (emphasis added). Thus, the mere presentation of "threshold issues" does not "necessitate the postponement of the Initial Case Management Conference and a stay of discovery." Defs.' Mem. in Support of Mot. to Postpone the Case Management Conference and Stay Disc. ("Defs.' Mem.") at 3. Rather, in deciding whether to stay discovery, courts consider the circumstances of each individual case and then "weigh 'the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Hugueley*, 2020 WL 434255, at *1.

Here, Defendants do not engage with the relevant standard whatsoever. They say nothing of the relative burdens of proceeding with discovery on Defendants or of staying discovery on Plaintiffs. Instead, Defendants' only argument is that they "have presented a compelling Motion to Dismiss" that would dispose of Plaintiffs' claims. Def's Mem. at 5. While Defendants' motion to dismiss is not compelling, even if it were, this would be insufficient to justify putting the entire case on hold.[1] *See Ohio Bell Tel. Co.*, 2008 WL 641252, at *1; *See City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay where a City made "no effort to detail the specific burdens it will face from discovery in this case; nor . . . explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court"). In other words, Defendants

---

[1] Defendant Harrell argues that she "*plans to* file a dispositive motion," Defs.' Mem. at 1 n.1 (emphasis added). *See Ohio Bell Tel. Co.*, 2008 WL 641252, at *1 (finding the argument "that a party *intends to file* . . . a case-dispositive motion" insufficient to warrant stay) (emphasis added).

2

fail to carry their burden of demonstrating that a stay of discovery pending resolution of their motion to dismiss is merited.

Furthermore, the Court should deny this Motion for three additional reasons: (1) Defendants' pending motion to dismiss is not likely to succeed and therefore cannot justify staying the entire litigation; (2) the relative burden on Plaintiffs from delayed litigation far outweighs the speculative burdens on Defendants; and (3) proceeding with the Initial Case Management Conference and discovery will serve the interests of judicial economy.

## I. Defendants' Are Not Likely to Prevail on their Motion to Dismiss.

First, Defendants' pending motion to dismiss is not likely to succeed on any ground, let alone "dispose of this entire action." Defs.' Mem. at 5. Defendants' claim of Eleventh Amendment immunity will not succeed because each of Plaintiffs' constitutional claims seek prospective relief to remedy Defendants' violations of federal law and therefore fall squarely under the *Ex Parte Young* exception. *See* Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at 19. Defendants' first argument to the contrary—that Plaintiffs have no liberty interest in voting—is a merits question inappropriate for an immunity argument. *Id.* Defendants' second argument recasts Plaintiffs' *federal constitutional claims* as state-law claims barred under *Pennhurst*. *Id.* A basic rule of litigation is that Plaintiffs are the masters of their complaint. Defendants' effort to amend Plaintiffs' complaint to advance state law claims barred by *Pennhurst* should be rejected. Plaintiffs allege federal law claims, and no theory of immunity bars their right to do so.

Defendants also raise a novel theory that they are immune because Plaintiffs' do not challenge the constitutionality of the state's re-enfranchisement statutes on their face. Defs.' Mem. at 4. But the *Ex Parte Young* exception is not limited to statutory challenges; it applies with equal force where, as here, plaintiffs "seek 'an injunctive order to remediate the harm caused by

3

Defendants' unconstitutional conduct." *In re Flint Water Cases*, No. 17-10164, 2019 WL 3530874, at *31 (E.D. Mich. Aug. 2, 2019), *aff'd in relevant part*, 969 F.3d 298 (6th Cir. 2020) (citation omitted) (holding that Michigan Governor was not immune to suits seeking redress for Governor's inaction resulting in deprivation of due process and equal-protection rights). "The exception set forth in *Ex Parte Young* allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). The federal constitutional violations Plaintiffs seek to prevent here arise from Defendants' unconstitutional application of Tennessee's re-enfranchisement and voter registration statutes. *See* Compl. ¶¶ 112, 125, 130, 146, 153. And the prospective relief they seek would order Defendants to conform their conduct to the federal constitution, not state law. *See* Pls.' Opp'n at 15-16 In short, Defendants' Eleventh Amendment immunity defense to Plaintiffs' constitutional claims will not succeed and cannot justify a staying litigation of all of Plaintiffs' claims.[2] Defendants' invitation for the Court to immunize state officials from liability for procedural due process violations is unsupported by any source of law.

Defendants' motion to dismiss for lack of standing will fare no better. As fully discussed in Plaintiffs' response brief, Individual Plaintiffs adequately plead deprivations of their constitutional rights to due process and equal protection. *Id.* at 3-5. Plaintiff TN NAACP sufficiently alleges standing in its own right as an organization that assists voters with felony convictions with restoring their right to vote and registering to vote. *Id.* at 5-9, 16-18. All Plaintiffs' injuries on their claims are fairly traceable to State Defendants, who are statutorily responsible for administering the COR process and/or the voter registration process. *Id.* at 10-14. And Plaintiffs'

---

[2] Defendants do not raise an immunity defense to Counts 4 and 5 of Plaintiffs' complaint, and they nowhere explain why the Eleventh Amendment would bar Counts 3, 6, and 7. *See* Pls.' Opp'n at 19 n.8.

injuries are all redressable by Defendants. *Id.* at 15-16. Defendants' motion to dismiss on jurisdictional grounds will fail, but to the extent this Court finds these jurisdictional issues "fairly debatable" or not so "clear-cut," that "uncertainty counsels against granting a stay of discovery." *Ohio Bell Tel. Co.*, 2008 WL 641252, at *2. The same is true of Defendants' 12(b)(6) arguments: they cannot justify postponing the case management conference and staying discovery because of a pending a motion to dismiss unless the complaint is "utterly frivolous" or "it is *patent* that [the] case lacks merit and will almost *certainly* be dismissed." *Id.* at *1-2 (emphasis added). Plaintiffs' complaint cannot fairly be characterized as frivolous. Thus, Defendants' motion to stay this case pending resolution of their motion to dismiss should not be granted "simply because they have raised an issue that may ultimately lead to dismissal of the case." *Id.* at *2; *see also Kendell v. Shanklin*, No. 2:20-CV-985, 2020 WL 6748505, at *2 (S.D. Ohio June 4, 2020).

## II. Plaintiffs Would Be Substantially Prejudiced by a Stay of Discovery.

Second, staying discovery would substantially prejudice Plaintiffs, and Defendants have failed to demonstrate that the timely commencement of discovery would impose a burden on them sufficient to justify that prejudice.

"In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010); *see also Raymond James & Assocs., Inc. v. 50 N. Front St., TN, LLC*, No. 18-CV-2104-JTF-TMP, 2019 WL 3779533, at *1 (W.D. Tenn. June 25, 2019) ("In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider . . . whether the party seeking the discovery will be prejudiced by the delay."). Courts have found a party seeking discovery can be prejudiced by the

5

CKG 4815-8285-6155
2860000-008970
Case 3:20-cv-01039   Document 39   Filed 02/05/21   Page 6 of 10 PageID #: 246

mere fact that granting a stay will delay final resolution of their cases. *Id*; *Ohio Valley Bank Co.*, 2019 WL 2170681, at *3. In these circumstances, courts have denied stays of discovery where defendants failed to provide justification for the stay sufficient to outweigh the prejudice imposed on Plaintiffs. *Id.*

There is no question that Plaintiffs will be prejudiced if Defendants' Motion is granted. Because discovery will be necessary to resolve this case, any delay in discovery will serve as an impediment to Plaintiffs' efforts to resolve their claims quickly and efficiently. This materially harms Plaintiffs in two ways. First, delaying discovery extends the timeframe during which Plaintiffs will be required to expend time and resources participating in this litigation to vindicate their fundamental rights. Second, any delay in the final resolution of this case extends and exacerbates the harms Plaintiffs and class members suffer because of Tennessee's broken system. During every election that goes by during the pendency of this case, Plaintiffs and the tens of thousands of people whose rights they seek to vindicate will be re-injured when they are unable to exercise their rights with full guarantees of due process and equal protection.

Moreover, as noted above, Defendants have failed to argue that they would be subject to "any substantial hardship in proceeding with discovery" that would justify the prejudice to Plaintiffs. *Id.* (finding that "Defendant's conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case"). Given that staying discovery will severely prejudice Plaintiffs and that Defendants have failed to justify the need for this prejudice, Defendants' Motion should be denied.

### III. Proceeding with the Initial Case Management Conference Will Best Serve the Interests of Judicial Economy.

Third, Defendants have not provided the Court with any reason to justify their request to delay the Initial Case Management Conference, which this Court scheduled the very same day that

6

CKG 4815-8285-6155
2860000-008970
Case 3:20-cv-01039   Document 39   Filed 02/05/21   Page 7 of 10 PageID #: 247

Plaintiffs filed their Complaint on December 3, 2020. Defendants have not asserted that preparing for and attending that conference will impose a substantial burden on them or that delaying this conference is necessary to achieve some other purpose. Only Defendant Harrell provides something of a justification, noting that postponing the conference would be in "the best interests of judicial economy and the parties' resources." Defs.' Mem. at 1 n.1.

In fact, proceeding with the case management conference would best serve the parties' and this Court's interests in judicial economy. As discussed above, Defendants' motion to dismiss is unlikely to succeed, and Defendants have not explained why they would suffer any burden absent a stay of discovery. Meanwhile, any delay in commencing discovery will jeopardize Plaintiffs' ability to vindicate important rights before upcoming elections. Proceeding with the case management conference will ensure that the parties and the Court have a scheduling order in place to advance the case expeditiously in the event Defendants' motion to dismiss is denied. Courts have recognized that "pretrial scheduling orders are 'the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner'" and "'[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings'" *Shrieve v. DaimlerChrysler Corp.*, No. 2:05-CV-0446, 2006 WL 1526878, at *1 (S.D. Ohio May 31, 2006).

Case management conferences also serve the essential function of moving parties closer to settlement on claims that may be resolved without expense and hardship of prolonged litigation. For example, Plaintiffs' NVRA and constitutional claims regarding Defendant Goins' and Hargett's voter registration forms and policies could be efficiently resolved with a sensible discovery plan and good faith efforts to find agreement outside of litigation. However, any such resolution is impeded by postponing the Initial Case Management Conference and staying discovery.

7

# CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Postpone the Case Management Conference and Stay Discovery.

Dated: February 5, 2021

Respectfully submitted,

/s/ Charles K. Grant

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker**
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org

Danielle Lang* BPR No. 86523
Mark P. Gaber*
Aseem Mulji*^
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
Dlang@campaignlegal.org
Mgaber@campaignlegal.org
Amulji@campaignlegal.org

\* Admitted pro hac vice
\*\* Application for admission *pro hac vice* forthcoming
^ Licensed in CA only; supervision by Mark P. Gaber, a member of the D.C. Bar

*Counsel for the Petitioners-Plaintiffs and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that on February 5, 2021, a true and exact copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion to Postpone the Case Management Conference and Stay Discovery was served upon the following counsel of record by operation of the Court's electronic filing system:

Nick C. Christiansen
16 Public Square North
PO Box 884
Murfreesboro, TN 37133

Janet M. Kleinfelter
Andrew B. Campbell
Matthew D. Cloutier
Kelly L. Groover
Office of the Tennessee Attorney General
Public Interest Division
PO Box 20207
Nashville, TN 37202

*/s/ Charles K. Grant*
Attorney