IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, et al.<br><br>Defendant. | Civil No. 3:20-cv-01039<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>**MOTION TO ENTER CONSENT DECREE AND JUDGMENT** |

Plaintiff Tennessee Conference of the National Association for the Advancement of Colored People ("TN NAACP"), on behalf of itself and its members, and Defendant Melissa Harrell ("Defendant Harrell"), in her official capacity as Rutherford County Circuit Court Clerk, jointly move the Court to enter a Consent Decree to resolve Count Seven of Plaintiffs' complaint against Defendant Harrell and dismiss Defendant Harrell from this lawsuit. The decree resolves that Defendant Harrell and her successors shall not charge a fee for the completion of a Certificate of Restoration of Voting Rights ("COR") form and that TN NAACP's claim against her shall be dismissed with prejudice. Since no other parties have asserted claims against Defendant Harrell, Defendant Harrell should be dismissed from this lawsuit entirely with prejudice. The Court should enter the decree and judgment because it is fair to all parties, it reasonably resolves the harm alleged against Plaintiff, and is in the public interest because it is consistent with the goals of the COR statutes.

1

Public policy "generally supports 'a presumption in favor of voluntary settlement' of litigation." *U.S. v. Lexington-Fayette Urb. Cty. Gov't,* 591 F.3d 484, 490 (6th Cir. 2010) (quoting *U.S. v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991)). In assessing the appropriateness of a consent decree, the court should not act as "a rubber stamp," but it "may not substitute [its] own judgment for that of the parties to the decree." *Akzo Coatings*, 949 F.2d at 1435 (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2nd Cir. 1974)). "It is well settled that the function of the reviewing court is not to substitute its judgment for that of the parties to the decree but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." *Bd. of Educ. of Shelby Cty., Tennessee v. Memphis City Bd. of Educ.,* 2011 WL 13130644, at *2 (W.D. Tenn. 2011) (quoting *U.S. v. Hooker Chems. & Plastics Corp.*, 540 F. Supp. 1067, 1072 (W.D.N.Y. 1982)). The Court should approve and enter a consent decree where the agreement between parties is fair, reasonable, and in the public interest. *U.S. v. Lexington-Fayette,* 591 F.3d at 489 (citing *U.S. v. Cnty of Muskegon,* 298 F.3d 569, 580–81 (6th Cir. 2002) (quoting *U.S. v. Jones & Laughlin Steel Corp.,* 804 F.2d 348, 351 (6th Cir. 1986))).

To determine if an agreement is fair, the court will consider whether there was a good faith, arms-length negotiation, among other factors. *Lexington-Fayette*, 591 F.3d at 489 (finding that where "the parties negotiate the proposed consent decree in apparent good faith, fairness appears to weigh in favor of approving the consent decree" (internal citations omitted)). If the agreement implicates the rights of non-parties to the agreement, the court may also consider fairness to those parties. *See e.g., Pedreira v. Sunrise Children's Servs.*, Inc., 802 F.3d 865, 868 (6th Cir. 2015).

Here, Plaintiff TN NAACP and Defendant Harrell were represented by counsel who held telephone conferences and communicated via email to efficiently reach a proposed compromise that simply and fairly resolves the issue. *Douglass v. Berke*, 2020 WL 5624012, at *2 (E.D. Tenn. 2020) (approving a consent decree where both parties were represented, and the agreement was arrived upon through telephone conferences). The decree does not infringe on or impair the rights of any individuals who are not party to the agreement.

When assessing the reasonableness of an agreement, the court looks to whether the decree will remedy the harm. *Bd. of Educ. of Shelby Cty.,* 2011 WL 13130644 at *3 (citing *Lexington-Fayette*, 591 F.3d at 489-90). The agreement is reasonable because it narrowly resolves the issue of Count Seven as brought against Defendant Harrell. Plaintiff TN NAACP alleges that Defendant Harrell's office charges a $25 fee per COR to requestors and seeks to eliminate that barrier for their members and constituents. Without admitting to this practice, Defendant Harrell has agreed that her office will not charge any fee related to the COR process.

Where an agreement relates to enforcement of a legislative enactment, the public interest standard may be characterized as consistency with the goals of the statute. *Akzo Coatings*, 949 F.2d at 1426. Here, the governing statutes do not in their plain language contemplate a fee to be charged for processing a COR form. Tenn. Code Ann. § 40-29-201, et seq. Thus, the consent decree's prohibition on the charging of a fee for processing CORs in Rutherford County is entirely consistent with the statute and its goals.

For the above reasons, Plaintiff TN NAACP and Defendant Harrell respectfully ask the court to approve and enter the attached consent decree.1

---

1. Defendant Harrell previously filed a Motion to Dismiss (DE 47) to which Plaintiff TN NAACP has filed a Response (DE 51). Defendant Harrell has not yet filed a Reply due to the parties filing the instant Motion to Enter Consent Decree and Judgment. The parties submit that Defendant Harrell's Motion to Dismiss will be moot if the instant motion is granted and the Court enters the proposed Consent Decree and Judgment.

Date: March 12, 2021

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker**
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org

* Admitted pro hac vice
** Application for
admission *pro hac vice* forthcoming
^Licensed in CA only; supervision by Mark P. Gaber, a member of the D.C. Bar

Respectfully submitted,

*/s/ Charles K. Grant*

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

Danielle Lang*
Mark P. Gaber*
Blair Bowie*
Aseem Mulji*^
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
Dlang@campaignlegal.org
Mgaber@campaignlegal.org
Amulji@campaignlegal.org

*Counsel for Plaintiff NAACP*

By: **/s/ Nick C. Christiansen**
    NICK C. CHRISTIANSEN, #30103
    16 Public Square North
    P.O. Box 884
    Murfreesboro, TN 37133
    (615) 893-5522
    nchristiansen@mborolaw.com

    *Attorney for Defendant Melissa Harrell, in her official capacity as Rutherford County Clerk of Circuit Court*