IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, et al.<br><br>Defendant. | Civil No. 3:20-cv-01039<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>**CONSENT DECREE AND JUDGMENT REGARDING CLAIM AGAINST DEFENDANT MELISSA HARRELL** |

Plaintiff Tennessee Conference of the National Association for the Advancement of Colored People ("TN NAACP"), on behalf of itself and its members, and Defendant Melissa Harrell, in her official capacity as Rutherford County Circuit Court Clerk ("Defendant Harrell") (collectively, "the Parties"), have jointly moved the Court to enter the following Consent Decree to resolve Count Seven in Plaintiffs' Complaint against Defendant Harrell and dismiss Defendant Harrell as a Defendant in this lawsuit entirely with prejudice. The Court has reviewed the proposed Consent Decree, and for good cause shown GRANTS the Parties' motion. It is therefore ORDERED and ADJUDGED as follows:

**CONSENT DECREE AND JUDGMENT**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

2. Defendant Harrell and Rutherford County, Tennessee do not admit any liability to

1

Plaintiffs arising out of the transactions or occurrences alleged in the Complaint, and entry of this Consent Decree shall not constitute any admission of liability or wrongdoing by Defendant Harrell or Rutherford County, Tennessee.

3. The Rutherford County Circuit Court Clerk's Office shall not charge requestors any fees to evaluate eligibility for, to fill out any part or all of, to furnish another agency with the information necessary to fill out, or to otherwise process, a Certificate of Restoration of Voting Rights form (a copy of the current form is attached hereto as Exhibit "A").

4. Count Seven of Plaintiffs' Complaint against Defendant Harrell is accordingly DISMISSED WITH PREJUDICE, and Plaintiff TN NAACP waives any claims based on conduct occurring before this Consent Decree. Plaintiff TN NAACP retains the right to bring claims based on future conduct.

5. Because Count 7 is the only count against Defendant Harrell in Plaintiffs' Complaint, and because no other Plaintiffs in this suit, including the class action representatives, raise claims or allegations against Defendant Harrell, the Parties agree Defendant Harrell should be DISMISSED WITH PREJUDICE entirely as a Defendant in this action.

6. The Parties agree that Plaintiff TN NAACP and Defendant Harrell shall be responsible for their own attorneys' fees and costs related to the litigation as it pertains to Defendant Harrell. The Parties agree that neither will seek attorneys' fees or costs from the other and that entry of this Consent Decree does not make any of the Plaintiffs a "prevailing party" for any fee shifting statute. This waiver does not extend to any future litigation that may arise regarding the enforcement of this Consent Decree or any future controversy among the Parties. This waiver does not extend to any continued litigation of Count Seven against Defendant Goins.

7. This Court shall retain jurisdiction over this matter to enforce or modify the terms

2

Case 3:20-cv-01039  Document 58  Filed 03/12/21  Page 2 of 5 PageID #: 353

and conditions of, or resolve any disputes arising under, this Consent Decree.

8. This Consent Decree shall be effective immediately.

9. Nothing contained in this Consent Decree is intended to, nor shall be construed to, violate current state or federal law.

**SO ORDERED AND ENTERED**

**This \_\_\_\_ day of _____, 2021.**

_____
**United States District Judge William L. Campbell**

**Division of Elections**
**Secretary of State Tre Hargett**



**State of Tennessee**
312 Rosa L. Parks Avenue, 7th Floor
Nashville, Tennessee 37243
615-741-7956

# CERTIFICATE OF RESTORATION OF VOTING RIGHTS
## for Persons Convicted of a Felony on or after May 18, 1981
This includes any federal or state felony conviction both
within Tennessee or from another state.

*TO BE COMPLETED BY AN AGENT OF THE PARDONING AUTHORITY, AN AGENT OR OFFICER OF THE INCARCERATING AUTHORITY, OR A PROBATION/PAROLE OFFICER OR AGENT OF THE SUPERVISING AUTHORITY. A SEPARATE FORM MUST BE COMPLETED FOR EACH FELONY CONVICTION WITH A DIFFERENT DOCKET/CASE NUMBER. THE PERSON CONVICTED OF THE FELONY OFFENSE MAY NOT COMPLETE THIS FORM.*

1. I hereby certify that the following information is true and correct:
   a. Applicant's Name: _____ _____ _____
      (First)                    (Middle)                    (Last)
   b. Applicant's County of Residence: _____    c. Applicant's Phone Number: _____
   d. Felony Conviction: _____
   e. Month/Day/Year of Conviction: _____    f. TOMIS ID: (if applicable) _____
   g. Date of Birth: _____    h. Soc. Sec. No.: _____

2. On the _____ day of _____ , _____    **(check one)**
   ☐ The above individual received a pardon which contained no special conditions pertaining to the right of suffrage. A copy of said pardon is attached hereto; *or*
   ☐ The maximum sentence imposed for such infamous crime has been served by the above individual; *or*
   ☐ The maximum sentence imposed for such infamous crime has expired; *or*
   ☐ The above individual has been granted final release from incarceration or supervision from either the United States Probation/Parole, a state Board of Probation/Parole, the Department of Correction, or county correction authorities.

   Signature: _____    Date: _____
   Printed Name: _____    Title: _____
   Address: _____    Phone Number: _____

3. I hereby certify that the following is true and correct:    **(check one)**
   ☐ The court did not order the above individual to pay any restitution as part of his or her sentence; *or*
   ☐ All of the restitution ordered by the court as a part of the sentence for the above individual has been paid; *or*
   ☐ For Federal Convictions Only, 18 U.S.C. § 3613(b) applies in this case and therefore the liability to pay has expired; *or*
   ☐ Restitution ordered by the court is owed.

   Signature: _____    Date: _____
   Printed Name: _____    Title: _____
   Address: _____    Phone Number: _____

4. I hereby certify that the following is true and correct:    **(check one)**
   ☐ The court did not order the above individual to pay any court cost as part of his or her sentence; *or*
   ☐ All court cost assessed against the above individual has been paid; *or*
   ☐ The court has made a finding at an evidentiary hearing that the above individual is indigent at the time of application; *or*
   ☐ Court costs ordered by the court are owed.

   Signature: _____    Date: _____
   Printed Name: _____    Title: _____
   Address: _____    Phone Number: _____

Case 3:20-cv-01039   Document 58   Filed 03/12/21   Page 4 of 5 PageID #: 355

SS-3041 (Rev. 3/20)    SEE REVERSE FOR INSTRUCTIONS    RDA S836-1

# INSTRUCTIONS

Instructions to the Agent Completing the Certificate of Restoration:

> *In order to complete any section of this form, the agent must have access to the information being attested to on this form.*

1. In **BOX #1**, the proper authority/agent must provide the requested applicant information.

    NOTE: For 1d, list the crime(s) for which the person was convicted.
    For 1e, list the date the person was convicted for the crime listed in 1d.

2. In **BOX #2**, the proper authority/agent must provide the following information:
    a) Provide the date that corresponds to the box that is checked
    b) Check the appropriate box indicating how the applicant completed their sentence
    c) Provide your signature (print name below signature) and contact information

3. In **BOX #3**, the proper authority/agent must provide the following information:
    a) Check the appropriate box as it relates to any restitution that was or was not assessed to the applicant.
    b) Provide your signature (print name below signature) and contact information.

4. In **BOX #4**, the proper authority/agent must provide the following information:
    a) Check the appropriate box as it relates to any court fines that were assessed to the applicant.
    b) Provide your signature (print name below signature) and contact information.

**Persons convicted of any of the following, cannot have his or her voting rights restored:**

- Between July 1, 1986, and June 30, 1996 - first degree murder, aggravated rape, treason, or voter fraud

- Between July 1, 1996, and June 30, 2006 - murder, rape, treason, or voter fraud

- On or after July 1, 2006 – Any of the above, or any degree of murder or rape or any felony offense under TCA Title 39, Chapter 16, parts 1, 4, or 5; or any sexual offense under TCA § 40-39-202(20) or any violent sexual offense under TCA § 40-39-202(30) designated as a felony and where the victim of such offense was a minor

**Instructions to the Applicant Seeking to have His or Her Voting Rights Restored:**

- After completion, the original form must be filed with the local county election commission office in the county the applicant desires to register to vote.

> NOTICE
> A person is not eligible to apply for a voter registration card and have their voting rights restored unless the person is current in all child support obligations. Before restoring the voting rights of an applicant, the Coordinator of Elections will verify with the Department of Human Services that the applicant does not have any outstanding child support payments or arrearages.

SS-3041 **Certificate of Restoration of Voting Rights**