# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE <br> FRENSLEY <br><br> [Class Action] |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS GOINS AND HARGETT**

Pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure, Tennessee State Conference of the National Association for the Advancement of Colored People ("TN NAACP" or "Plaintiff") request that Defendants Mark Goins and Tre Hargett produce or permit Plaintiff to inspect and copy each of the following documents within thirty (30) days of service of this request at the offices of Baker, Donelson, Bearman, Caldwell and Berkowitz, PC, 1600 West End Ave., Suite 2000, Nashville, TN 37203.

**DEFINITIONS**

1. "You," "your," "Defendant," or "Defendants" means Defendants Mark Goins, in his official capacity as Coordinator of Elections, and Tre Hargett, in his official capacity as Secretary of State of Tennessee, and any of their past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendants or subject to Defendants' control.

2. "Document" is used in the broadest possible sense to mean anything which may be within the meaning of Rule 34 of the Federal Rules of Civil Procedure and the definitions "writing" and "recording" as defined in Federal Rule of Evidence 1001, and includes without limitation any handwritten, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether composed of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, including all non-identical copies, revisions, and drafts thereof, and all copies bearing any notation or mark not found on the original, whether produced or authored by a plaintiff or anyone else. The term "Document(s)" includes the term "Electronically Stored Information," which is defined below.

2

3. "Electronically Stored Information" or "ESI" shall include, but not be limited to, any and all electronic data or information stored on a computing device. Information and data are considered "electronic" if they exist in a medium that can only be read through the use of a computing device. This term includes but is not limited to databases, all text file and word processing documents (including metadata), presentation documents, spreadsheets, graphics, animations, and images (including but not limited to JPG, GIF, BMP, PDF, PPT, and TIFF files), email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files), email attachments, calendar and scheduling information, cache memory, Internet history files and preferences, audio, video, audiovisual recordings, voicemail stored on databases, networks, computers and computer systems, computer system activity logs, servers, archives, back-up or disaster recovery systems, hard drives, discs, CDs, diskettes, removable drives, tapes, cartridges and other storage media, printers, scanners, personal digital assistants, computer calendars, handheld wireless devices, cellular telephones, pagers, fax machines, and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

4. "Communication" is used in the broadest sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms or systems. This includes transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means, including later memorializing of such transmission in a document, including e-mail, memoranda of conversations, correspondence, data processing, pictures, or recordings.

3

5. "Relate to," "related to," "concerning," or "regarding" mean all information which directly or indirectly involves or concerns, treats, discusses, or alludes to the general subject matter identified in the request.

## INSTRUCTIONS

1. You are to produce all requested documents in a manner, with appropriate markings or other forms of identification, that enables identification of the source of the document produced, the file in which it is maintained, the individual or entity keeping custody of such file, and the specific request(s) herein to which it is responsive.

2. Please produce entire documents as they are kept in the usual course of business, including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Please produce all electronically stored documents in electronic, machine-readable form, together with sufficient documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

3. If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object.

4. If you claim that any requested document is subject to a privilege or immunity or should not be produced for any other reason, your response to these requests shall provide a detailed description of the document including its general subject matter, form, date of creation, the identity of the person who created the document and the identity of the person to whom it was directed, and explain the grounds for asserting the privilege or immunity or otherwise refusing to

produce the document including the nature and facts supporting said privilege, the location of the document, and the identity of all person whom you believe have or may have seen the document. Any attachment to an allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune from disclosure.

5. You are further requested to provide all portions of requested documents that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

6. Whenever necessary to bring within the scope of a request a response that might otherwise construed to be outside its scope, the following constructions should be applied:

    a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

    b. Construing the singular form of any word to include the plural and the plural form to include the singular;

    c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    d. Construing the masculine form to include the feminine form and vice versa;

    e. Construing negative terms to include the positive and vice versa;

    f. Construing "include" to mean include or including "without limitation."

7. If there are no documents responsive to a particular category, please so state in writing. If any documents or parts of documents called for by these requests have been lost, discarded, or destroyed, identify such documents as completely as possible on a list, including, without limitation, the following information: a description of the document (author, date, to whom it was communicated, subject(s) and format), date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8. If there is any question as to the meaning of any part of these requests, or an issue as to whether production of responsive documents would impose an undue burden on you, the undersigned counsel for Plaintiff TN NAACP should be contacted promptly.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce documents, records, lists, database information, or communications from January 1, 2018 to the present regarding: (1) All voter registration applicants whose applications were initially or ultimately rejected because of a disqualifying felony conviction; (2) All voters canceled, purged, or otherwise removed from the official list of eligible voters based on a felony conviction; (3) All voter registration applicants with previous felony convictions who were deemed eligible to vote and whose voter applications were ultimately accepted; and (4) All voters not included in the categories above who are currently on the official list of eligible voters where the voter has a felony conviction, but you have not removed or canceled their registration. The information requested includes but is not limited to:

A. Information or records reflecting individualized data on voter registration applicants with felony convictions, including but not limited to the following if available:

    a. First name

    b. Last name

    c. Middle Name

    d. Suffix

    e. Sex

    f. Race

    g. Residential Street Number and Address

    h. Apartment Number

i. City

j. County

k. State

l. Zip Code

m. Mailing address, if different

n. Email

o. Date of Birth

p. City and State of Birth

q. Phone

r. Felony conviction status

s. Felony conviction (including date, jurisdiction (including county), and statutory provision), if any

t. Proof of restoration of rights provided, if any

u. Date of registration, if any

v. Registration number

w. Voter registration form(s) used (distinguish state or federal, and between SS-3010 with 12 sections (the original form in use in 2020) and SS-3010 with 5 sections (the most recent revision of the form as of March 2020) or earlier versions of the registration form)

x. Information given on each registration form submitted about felony convictions. For example, if SS-3010 with 12 sections used, response given to question 11(2), or if SS-3010 with 5 sections used, all information provided in section 4.

y. Date each voter registration application was signed by prospective voter

z. Date voter registration application received

aa. Date voter registration application entered into database

bb. Disposition of registration: rejected, accepted, pending, etc.

7

CKG 4812-6037-6037
2860000-008970
Case 3:20-cv-01039 Document 75-1 Filed 08/06/21 Page 8 of 13 PageID #: 417

cc. Current status of applicant or voter (i.e., active, inactive, pending, rejected, suspended, etc.)

dd. Date status changed, if at all

ee. History of any changes in status, if any

ff. Letters or notices mailed, if any

gg. Dates of letters or notices mailed, if at all

hh. Status of letter or notice, i.e., whether it was delivered as addressed or returned; and

ii. Any response to a letter or notice, including any document(s) provided, if applicable

jj. Date voter was flagged for removal, if applicable

kk. Reason voter was flagged for removal, if applicable

ll. Date voter removed, if applicable

mm. Date of status change, if at all

B. Internal communications discussing questions of an applicants' eligibility because of a felony conviction, discussing additional proof of eligibility submitted by applicants, or how to otherwise respond to or process applications from voters with felony convictions.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, communications, and things from January 1, 2015 to the present related to policies and procedures—past, present, considered, or proposed—that dictate (or would dictate) how voter registration forms submitted by people with previous criminal convictions are processed, considered, approved, or denied. This includes but is not limited to:

8

A. Any documents, communications, and things regarding policies that govern how elections officials can or should determine whether a prospective voter has a disqualifying conviction or verify that a conviction is disqualifying;

B. Any documents, communications, and things regarding proposed changes to policies concerning what actions officials should take upon receipt of a voter registration form that indicates the applicant has a criminal conviction;

C. Any template, form communications, or voter education materials—including all draft materials regardless of whether they were adopted—created for the public or prospective voters who have a prior felony conviction discussing voter eligibility, voter registration, or rejection of voter applications.

D. Any training materials and/or communications sent to local or state officials about how to treat voter registrations from people with felony convictions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents, communications, and things from January 1, 2015 to the present related to the creation, modification, and approval of Tennessee voter registration forms, past, present, considered, and proposed, as well as Tennessee's instructions on the Federal Voter Registration Form. This includes but is not limited to:

A. Any documents, communications, and things regarding changes to the state voter registration form, including implementation dates;

B. Any internal review processes, documents, or communications related to compliance with the requirements embedded in 52 U.S.C. §§ 20505(a)(2); 20507(a)(1), (5); 20508(b)(2)(A), (3) of the National Voter Registration Act, *Arizona v. Inter Tribal Council of*

9

CKG 4812-6037-6037
2860000-008970
Case 3:20-cv-01039 Document 75-1 Filed 08/06/21 Page 10 of 13 PageID #: 419

*Arizona*, 570 U.S. 1, 9 (2013), and any other mandates that impact what eligibility information the State must provide and what information it can solicit from applicants seeking to register to vote;

C. Any complaints, public comments, communications or other feedback suggesting changes to Tennessee's voter registration forms;

D. Any accompanying instructions, trainings, or communications (or drafts of such documents) regarding use of a voter registration form, including instructions directed at the prospective voter, elections officials, or officials designated to assist with filling out registration forms under the National Voter Registration Act.

**RESPONSE:**

**DUTY OF RESPONDING PARTY**

Plaintiff's First Requests for Production of Documents to Defendants Goins and Hargett is a continuing request as provided in Rule 26(e) of the Federal Rules of Civil Procedure. If, after responding to these requests, Defendants become aware of any other documents responsive to these requests, Defendants are requested to supplement the responses to the foregoing requests.

Dated: April 12, 2021

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan

Respectfully submitted,

/s/ Charles K. Grant

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1600 West End Ave., Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com

10

Natasha Baker**
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org




\* Admitted pro hac vice
\*\* Application for admission *pro hac vice* submitted
^ Licensed in CA only; supervision by Mark P. Gaber, a member of the D.C. Bar
☐ Licensed in CA only; supervision by Danielle Lang, a member of the D.C. Bar

dgrant@bakerdonelson.com

Danielle Lang*
Mark P. Gaber*
Blair Bowie*
Aseem Mulji*^
Dana Paikowsky**☐
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
Dlang@campaignlegal.org
Mgaber@campaignlegal.org
Bbowie@campaignlegal.org
Amulji@campaignlegal.org
Dpaikowsky@campaignlegal.org


*Counsel for the Petitioners-Plaintiffs and the Putative Classes*

11

# CERTIFICATE OF SERVICE

      I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that on April 12, 2021, a true and exact copy of the foregoing *Plaintiff's First Requests for Production of Documents to Defendants Goins and Hargett* was served upon the following counsel of record by electronic mail:

> Janet M. Kleinfelter
> Andrew B. Campbell
> Matthew D. Cloutier
> Alexander S. Rieger
> Office of the Tennessee Attorney General
> Public Interest Division
> PO Box 20207
> Nashville, TN 37202

      */s/ Charles K. Grant*
      Attorney