# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) |
| Plaintiffs, | ) No. 3:20-cv-01039 |
| v. | ) ) Judge Campbell ) Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34(b)(2), Fed. R. Civ. P., Defendants Hargett and Goins hereby tender these Objections and Responses to Plaintiffs' First Requests for Production of Documents.

**RESPONSES**

**REQUEST No. 1:** Produce documents, records, lists, database information, or communications from January 1, 2018 to the present regarding: (1) All voter registration applicants whose applications were initially or ultimately rejected because of a disqualifying felony conviction; (2) All voters canceled, purged, or otherwise removed from the official list of eligible voters based on a felony conviction; (3) All voter registration applicants with previous felony convictions who were deemed eligible to vote and whose voter applications were ultimately accepted; and (4) All voters not included in the categories above who are currently on the official list of eligible voters where the voter has a felony conviction, but you have not removed or canceled their registration. The information requested includes but is not limited to:

A. Information or records reflecting individualized data on voter registration applicants with felony convictions, including but not limited to the following if available:

 a. First name

 b. Last name

 c. Middle name

 d. Suffix

 e. Sex

 f. Race

 g. Residential Street Number and Address

 h. Apartment Number

 i. City

 j. County

 k. State

 l. Zip Code

 m. Mailing address, if different

 n. Email

 o. Date of Birth

 p. City and State of Birth

 q. Phone

 r. Felony conviction status

 s. Felony conviction (including date, jurisdiction (including county), and statutory provision), if any

 t. Proof of restoration of rights provided, if any

 u. Date of registration, if any

2

Case 3:20-cv-01039   Document 75-2   Filed 08/06/21   Page 3 of 8 PageID #: 425

v. Registration number

w. Voter registration form(s) used (distinguish state or federal, and between SS-3010 with 12 sections (the original form in use in 2020) and SS-3010 with 5 sections (the most recent revision of the form as of March 2020) or earlier versions of the registration form)

x. Information given on each registration form submitted about felony convictions. For example, if SS-3010 with 12 sections used, response given to question 11(2), or if SS-3010 with 5 sections used, all information provided in section 4.

y. Date each voter registration application was signed by prospective voter

z. Date voter registration application received

aa. Date voter registration application received

bb. Disposition of registration: rejected, accepted, pending, etc.

cc. Current status of applicant or voter (i.e., active, inactive, pending, rejected, suspended, etc.)

dd. Date status changed, if at all

ee. History of any changes in status, if any

ff. Letters or notices mailed, if any

gg. Dates of letters or notices mailed, if at all

hh. Status of letter or notice, i.e., whether it was delivered as addressed or returned; and

ii. Any response to a letter or notice, including any document(s) provided, if applicable

jj. Date voter was flagged for removal, if applicable

kk. Reason voter was flagged for removal, if applicable

ll. Date voter removed, if applicable

mm. Date of status change, if at all

B. Internal communications discussing questions of an applicants' eligibility because

3

of a felony conviction, discussing additional proof of eligibility submitted by applicants, or how to otherwise respond to or process applications from voters with felony convictions.

**Response:** OBJECTION. The Request as a whole is improper in that it seeks disclosure of information on topics currently stayed by Order of the Court. *See* DE 60 (entered 3/15/21). Further, certain terms within the Request are ambiguous and subject to multiple meanings/interpretations, rendering the Request incapable of a comprehensive response. Finally, to the extent the phrase "[i]nternal communications" is intended to encompass communications between Defendants and counsel, the Request seeks the production of documents (to the extent that such may exist) protected by the attorney-client privilege.

**REQUEST No. 2:** Produce all documents, communications, and things from January 1, 2015 to the present related to policies and procedures—past, present, considered, or proposed—that dictate (or would dictate) how voter registration forms submitted by people with previous criminal convictions are processed, considered, approved, or denied. This includes but is not limited to:

A. Any documents, communications, and things regarding policies that govern how elections officials can or should determine whether a prospective voter has a disqualifying conviction or verify that a conviction is disqualifying;

B. Any documents, communications, and things regarding proposed changes to policies concerning what actions officials should take upon receipt of a voter registration form that indicates the applicant has a criminal conviction;

C. Any template, form communications, or voter education materials—including all draft materials regardless of whether they were adopted—created for the public or prospective voters who have a prior felony conviction discussing voter eligibility, voter registration, or rejection of voter applications.

D. Any training materials and/or communications sent to local or state officials about

4

how to treat voter registrations from people with felony convictions.

**Response:** OBJECTION. In seeking documentation pertaining to policies or procedures "considered" or "proposed," the Request seeks the production of documents (to the extent that such may exist) protected by the attorney-client, attorney work-product, and deliberative process privileges. Further, the Request is improper to the extent that it seeks disclosure of information on topics currently stayed by Order of the Court. *See* DE 60 (entered 3/15/21).

Without waiving these Objections, non-privileged documents responsive to this Request, as they pertain to Counts 4 and 5 of the Complaint, shall be produced.

**REQUEST No. 3:** Produce all documents, communications, and things from January 1, 2015 to the present related to the creation, modification, and approval of Tennessee voter registration forms, past, present, considered, and proposed, as well as Tennessee's instructions on the Federal Voter Registration Form. This includes but is not limited to:

A. Any documents, communications, and things regarding changes to the state voter registration form, including implementation dates;

B. Any internal review processes, documents, or communications related to compliance with the requirements embedded in 52 U.S.C. §§ 20505(a)(2); 20507(a)(1), (5); 20508(b)(2)(A), (3) of the National Voter Registration Act, *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 9 (2013), and any other mandates that impact what eligibility information the State must provide and what information it can solicit from applicants seeking to register to vote;

C. Any complaints, public comments, communications or other feedback suggesting changes to Tennessee's voter registration forms;

D. Any accompanying instructions, trainings, or communications (or drafts of such documents) regarding use of a voter registration form, including instructions directed at the prospective voter, elections officials, or officials designated to assist with filling out registration forms under the National Voter Registration Act.

5

**Response:** OBJECTION. In seeking documentation (including "draft" documentation) pertaining to modification(s) "considered" or "proposed" to the Tennessee voter registration forms, the Request seeks the production of documents (to the extent that such may exist) protected by the attorney-client, attorney work-product, and deliberative process privileges.

Without waiving these Objections, non-privileged documents responsive to this Request, as they pertain to Counts 4 and 5 of the Complaint, shall be produced.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Andrew B. Campbell
JANET M. KLEINFELTER (BPR #13889)
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov

ANDREW B. CAMPBELL (BPR #14258)
Senior Assistant Attorney General
Andrew.campbell@ag.tn.gov

ALEXANDER S. RIEGER (BPR #29362)
Assistant Attorney General
Alex.rieger@ag.tn.gov

MATTHEW D. CLOUTIER (BPR #36710)
Assistant Attorney General
Matt.cloutier@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
*Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically and/or by U.S. Mail, postage prepaid to.

| | |
|---|---|
| Danielle Lang<br>Mark Graber<br>Aseem Mulji<br>Blair Bowie<br>Dana M. Paikowsky<br>Campaign Legal Center<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005 | Charles K. Grant<br>Denmark J. Grant<br>Baker, Donelson, Bearman<br>Caldwell & Berkowitz, P.C.<br>1600 West End Avenue, Suite 2000<br>Nashville, TN 37203 |
| Phil Telfeyan<br>Natasha Baker<br>Equal Justice Under Law<br>400 7th St. NW, Suite 602<br>Washington, DC 20004 | Keeda Haynes<br>Free Hearts<br>2013 25th Ave. N.<br>Nashville, TN 37208 |

Date: May 12, 2021

                                            /s/ Andrew B. Campbell
                                            ANDREW B. CAMPBELL