# EXHIBIT C



June 17, 2021

*Via Email*

Andrew B. Campbell
Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Andrew.Campbell@ag.tn.gov

      Re:    *TN NAACP v. Lee* - Defendants' Responses to Plaintiffs' First Request for Production

Dear Counsel,

Pursuant to Local Rule 37.01(a), Plaintiffs write to request a meet and confer between the parties to address what we understand to be serious deficiencies in Defendant's response to Plaintiffs' First Requests for Production ("RFPs"). To ensure this conference is productive, Plaintiffs have detailed their concerns below.

We believe that the issues we raise can be resolved through good faith negotiations, and we look forward to working with you to that end.

    **I.**    **Defendants' Objections to Plaintiffs' First RFPs**

Plaintiffs believe that several of Defendants' objections to Plaintiffs' RFPs are improper. Each is addressed in turn below.

**RFP 1:** Defendants produced nothing in response to RFP 1 and instead raise three improper objections.

*First*, Defendants improperly object to the scope and relevance of RFP 1, arguing "[t]he Request as a whole is improper in that it seeks disclosure of information on topics currently stayed by Order of the Court." While the Court has stayed discovery on some claims, RFP 1 seeks information that directly relates to Plaintiffs' NVRA claims (4 and 5), which the Court explicitly held should proceed to discovery.

In support of their NVRA claims, Plaintiffs allege that Defendants provide voters with inaccurate information about Tennessee's eligibility criteria, improperly reject voter registration forms submitted by eligible voters with past convictions, impose additional proof of eligibility requirements on eligible voters with past convictions, and purge eligible voters with past convictions from the rolls. ECF No. 1 at 39-41. The information sought in RFP 1—individualized information about rejections of voter registration forms and documents revealing the outcome of registration attempts made by individuals with convictions—squarely relates to those allegations.

Because this information is crucial for any oversight efforts to ensure compliance with the NVRA's mandates, it is specifically designated as public information under the statute and is therefore discoverable and related to Plaintiffs' NVRA claims. *See* 52 U.S.C. § 20507(i)(l) (mandating that each state maintain and make available to the public "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters"). Courts have recognized that individualized records of voter registration applications and denials as well as voter registration lists are all subject to disclosure under Section 8 of the NVRA. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (holding that Section 8's mandate "unmistakably encompasses completed voter registration applications"); *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1342-43 (N.D. Ga. 2016) (requiring the State to disclose data regarding changes in individual voter registration status, letters to applicants regarding those changes in status, the "specific reason why applicants" were rejected, and other individualized data); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 723 (S.D. Miss. 2014) (holding that the voter roll is a record subject to disclosure under the NVRA). This includes lists of people removed for the removal of persons by "reason of criminal conviction" if required by state law. *See* 52 U.S.C. § 20507(a)(3), (c), (g).

Because Defendants must maintain these records under the NVRA, it is clear the documents Plaintiffs request in RFP 1 are in Defendants' possession. However, Defendants have neither produced a single document in response to RFP 1, nor stated whether any responsive documents "are being withheld on the basis of th[is] objection." FRCP 34(b)(2)(C). Plaintiffs therefore request that Defendants promptly produce any and all responsive documents withheld on the basis of this invalid objection.

*Second*, Defendants improperly object to RFP 1 on the grounds that "certain terms within the Request are ambiguous and subject to multiple meanings/interpretations, rendering the Request incapable of a comprehensive response." This objection lacks specificity. Please identify which specific terms Defendants believe are ambiguous and explain how this ambiguity renders Defendants unable to proffer any response. *Delta Air Lines, Inc. Influence Direct, LLC Delta Air Lines, Inc. v. Riddle*, No. 3:14-0926, 2015 WL 12731565, at *1 (M.D. Tenn. June 19, 2015) (noting "blanket objections stating that a discovery request is 'vague, overly broad, or unduly burdensome' are wholly conclusory and, in the absence of further explanation, are not valid objections"). To the extent this objection applies only to part of RFP 1, please promptly produce documents responsive to the rest of the request. FRCP 34(b)(2)(C) (stating "[a]n objection to part of a request must specify the part and permit inspection of the rest").

*Third*, Defendants object to producing "internal communications" on the basis of attorney-client privilege to the extent the terms encompass communications between Defendants and

2

counsel. However, Defendants may not rest on such "a blanket claim of the privilege" and must instead "raise the privilege as to each record sought." *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974). Please produce any responsive nonprivileged internal communications withheld on the basis of this objection and identify each document responsive to RFP 1 withheld on the basis of privilege in a privilege log that contains sufficient detail to assess each claim of privilege, as outlined in Part II below.

**RFP 2:** Defendants raise two improper objections to RFP 2.

*First*, Defendants' objection that RFP 2 "seeks disclosure of information on topics currently stayed by Order of the Court" is invalid for the same reasons discussed above. Like RFP 1, RFP 2 seeks information and documents showing how the voter registration process works for people with past convictions, including documents describing how voter registration applications are reviewed, how they were reviewed in the past, and how information about eligibility is conveyed to voters. This information, again, is directly relevant to Plaintiffs' NVRA claims, ECF No. 1 at 39-41, which the Court has allowed to proceed to discovery, ECF No. 60. To the extent that any responsive documents were withheld on the basis of this objection, Plaintiffs request that Defendants produce them promptly.

*Second*, Defendants raise an improper blanket objection to RFP 2 on the basis of attorney-client privilege, deliberative privilege, and work product privilege. Plaintiffs re-assert the concerns they articulated with respect to Defendants' privilege objection to RFP 1. Please produce any responsive nonprivileged documents withheld on the basis of this objection and identify each document responsive to RFP 2 withheld on the basis of privilege in a privilege log that contains sufficient detail to assess each claim of privilege, as outlined in Part II below.

**RFP 3:** Defendants raise one improper objection to RFP 3.

Defendants once again raise an improper blanket objection to RFP 3 on the basis of attorney-client privilege, deliberative privilege, and work product privilege. Plaintiffs re-assert the concerns they articulated with respect to Defendants' privilege objections to RFPs 1 and 2. Please produce any responsive nonprivileged documents withheld on the basis of this objection and identify each document responsive to RFP 3 withheld on the basis of privilege in a privilege log that contains sufficient detail to assess each claim of privilege, as outlined in Part II below.

## II. Privilege Log

"The claim of privilege cannot be a blanket claim, but must generally be established on a document-by-document basis." *Auto-Owners Ins. Co. v. A.G.O. Contracting, Inc. ("Auto-Owners")*, No. 3:14-1353, 2015 WL 13845881, at *2 (M.D. Tenn. Sept. 10, 2015) (Brown, Mag. J.). Thus, in order to invoke privilege and withhold responsive documents, Defendants must produce a privilege log that identifies the specific privilege(s) asserted for each withheld document and provides Plaintiffs with sufficient information about the document "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26 (b)(5)(II); *John B. v. Goetz*, 879 F. Supp. 2d 787, 889 (M.D. Tenn. 2010) (Haynes, J.).

Defendants' existing privilege log does not meet this standard. As it stands, Defendants' privilege log provides four fields: date, document type, parties (providing only titles but withholding names), and subject matter. Courts in this district have regularly found more detailed privilege logs to be insufficient. *Auto-Owners*, 2015 WL 13845881 at *2 (holding that a privilege log "listing each document's (1) author, (2) recipient, (3) date, (4) type of communication, (5) participants in the communication, (6) bates numbers, and (7) the type of privilege asserted . . . insufficient to determine whether a claim of privilege is appropriate."); *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-CV-00463, 2018 WL 3342931, at *2 (M.D. Tenn. Mar. 29, 2018) (Newbern, Mag. J.), *aff'd sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-CV-00463, 2018 WL 3322305 (M.D. Tenn. May 14, 2018) (Crenshaw, C.J.) (rejecting as insufficient a privilege log that failed to "identify the attorneys and employees involved in the communications" and where "the explanations provided for withholding portions of the [documents] are too vague to meaningfully assess each claim of privilege").

To correct this deficiency, Defendants must for each withheld document provide additional descriptive information, including the names of authors, recipients, and participants; identify the privilege(s) asserted; and provide an explanation as to why each invoked privilege applies. *In re Search Warrant Executed at L. Offs. of Stephen Garea*, 173 F.3d 429 (6th Cir. 1999) (finding "a person seeking to assert the attorney-client privilege must make a minimal showing that the communication" between attorney and client was of kind that would be covered by the privilege); *Auto-Owners*, 2015 WL 13845881 at *2 (finding a party invoking privilege "must include an explanation as to why attorney-client privilege or work product protection applies . . . [and] any documents claimed to be attorney-client communications must identify each party as counsel or client"); *EPAC Techs., Inc.*, 2018 WL 3342931, at *2 (finding a privilege log insufficient where "the basis for asserting privilege in the instant log is unclear . . . [and] the descriptions provided in the log contain conclusory recitations of elements of the attorney-client privilege and work-product doctrine").

### III. Conclusion

Plaintiffs believe these issues can be resolved with good faith collaboration between the parties. Consistent with Local Rule 37.01(a), every effort will be made to do so. To that end, please provide us with times that you are available to schedule a meet and confer over the next week to discuss these issues further. We look forward to speaking with you soon.

Sincerely,

/s/ Blair Bowie
Campaign Legal Center

4