IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its Members, and LAMAR PERRY, CURTIS GRAY JR., JOHN WEARE, BENJAMIN TOURNIER, and AMANDA LEE MARTIN, for themselves and those similarly situated,<br>  Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, TONY C. PARKER, in his official capacity as Commissioner of the Department of Correction of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, TRE HARGETT, in his official capacity as Secretary of State of Tennessee, and MELISSA HARRELL in her official capacity as Rutherford County Clerk of Circuit Court,<br>  Defendants. | Civil Action No. 3:20-cv-1039<br>Judge Campbell/Frensley<br>[Class Action] |

## SECOND PROPOSED CASE MANAGEMENT ORDER

The parties have begun to conduct discovery on Plaintiffs' claims arising under the National Voter Registration Act (NVRA) (Counts 4 and 5), pursuant to this Court's order staying discovery as to Plaintiffs' constitutional claims but permitting discovery to proceed on their NVRA claims pending resolution of Defendants' Motion to Dismiss, ECF No. 60. The parties now submit this Second Proposed Case Management Order to assist the Court in setting a case schedule for the full set of Plaintiffs' claims in light of the Court's order granting in part and denying in part Defendants' Motion to Dismiss. ECF No. 84.

  A.  JURISDICTION: Plaintiffs submit that the court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and as found by this Court, *see* ECF No. 83.

B.     BRIEF THEORIES OF THE PARTIES:

*For Plaintiffs:* Plaintiffs Lamar Perry, Curtis Gray, Jr., John Weare, Benjamin Tournier, and Amanda Lee Martin ("Individual Plaintiffs") and Tennessee State Conference of the NAACP ("TN NAACP") challenge Tennessee's implementation of its voting rights restoration laws and its voter registration forms and policies under various provisions of the U.S. Constitution and the National Voter Registration Act (NVRA), 52 U.S.C. § 20501, *et seq*.

<u>Challenges to Voting Rights Restoration Process (Counts 1-3)</u>: TN NAACP and Individual Plaintiffs, on behalf of themselves and those similarly situated, allege that Defendants' application of Tennessee's voting rights restoration statutes violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Under Tennessee law, a person who has lost their voting rights because of a felony conviction can restore their right to vote by requesting and being issued a Certificate of Voting Rights Restoration ("COR") from the state's pardoning, incarcerating, or supervising authority upon meeting certain eligibility criteria. Tenn. Code Ann. §§ 40-29-202, 40- 29-203(a), 40-29-203(c)-(d). Plaintiffs allege that Defendants' application of the COR statutes deprives potentially eligible Tennesseans of their right to procedural due process because it lacks minimum safeguards required by the Due Process Clause, including uniform procedures about where to initiate a COR request with an impartial decisionmaker, notice of decisions granting or denying those requests, reasons for denials, guidance to ensure uniform interpretation of the law, and an opportunity to appeal (Counts 1 and 2). Defendants' failure to administer a standardized, accurate, and navigable process for requesting CORs also results in inconsistent election administration across counties and subjects citizens to arbitrary and disparate treatment in violation of the Equal Protection Clause (Count 3). The Court denied Defendants' motion to dismiss these claims. ECF No. 83. <u>Challenges to Voter Registration Form</u>

and Policies (Counts 4-6): Plaintiff TN NAACP alleges that Tennessee's voter registration forms fail to inform voters with felony convictions of the relevant voter eligibility criteria, including the fact that not all felony convictions result in the loss of the right to vote under state law, in violation of Section 20507(a)(5) of the NVRA (Count 4). Plaintiff TN NAACP further alleges that the state's policy of rejecting registration forms submitted by voters with felony convictions who are eligible to vote violates the NVRA's mandate in Section 20507(a)(1) to "ensure that any eligible applicant is registered to vote" if they timely submit a "valid voter registration form" (Count 5). Plaintiff also alleges that this policy burdens eligible voters' fundamental right to vote in violation of the First and Fourteenth Amendments (Count 6).

In its ruling on Defendants' Motion to Dismiss, the Court dismissed Plaintiff TN NAACP's second NVRA claim (Count 5) under Section 20507(a)(1) because it found Plaintiff's pre-suit notice deficient. The parties began discovery on Plaintiffs' NVRA claims in March 2021 pursuant to this Court's order staying discovery as to constitutional claims but not as to the NVRA claims pending resolution of Defendants' Motion to Dismiss, ECF No. 60.

Poll Tax Claim (Count 7): Plaintiff TN NAACP further alleges that Defendants Goins has administered the COR statutes in a manner that imposes an unconstitutional poll tax in violation of the Twenty-Fourth Amendment, which provides that the right to vote "shall not be denied or abridged . . . by reason of failure to pay any poll tax or other tax." U.S. Const. amend. XXIV, § 1. Plaintiff charges that Defendant Goins has failed to specify in written COR instructions that no fee may be charged for issuing or filling out a COR. Plaintiff also brought a poll tax claim against Melissa Harrell, the Rutherford County Clerk of Circuit Court, for charging COR-seekers a $25 fee per COR form her office filled out, which has been resolved by consent decree, ECF No. 61.

The Court denied Defendants' motion to dismiss Plaintiffs' poll tax claim against

Defendant Goins.

*For Defendants:*

Plaintiffs' complaint brings a total of seven claims: they allege deprivations of procedural due process, infringement on the fundamental right to vote, violations of the NVRA, and imposition of a poll tax in violation of the Twenty-Fourth Amendment. The Court dismissed Plaintiff TN NAACP's second NVRA claim (Count 5) under Section 20507(a)(1) because it found Plaintiff's pre-suit notice deficient. Defendants contend that Plaintiffs' remaining claims should be dismissed for two reasons: first, because this Court lacks subject-matter jurisdiction; and second, because Plaintiffs have failed to state a claim upon which relief can be granted.

Defendants contend that this Court lacks subject-matter jurisdiction because all Plaintiffs lack standing and because several of their claims are barred by the State's Eleventh Amendment immunity. To establish standing, Plaintiffs must allege "an invasion of a legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). But the interest they assert—their desire to obtain CORs—is not "legally protected." *See Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (recognizing that once someone is disenfranchised, they no longer have "any fundamental interest to assert"). And even if Plaintiffs could show the invasion of a legally protected interest, they could not fairly trace that invasion to the State Defendants' conduct. Plaintiffs do not allege that any State Defendant has denied their requested CORs. Instead, they allege that various county officials or officials in other States have prevented them from regaining the right to vote. These failures deprive the individual Plaintiffs of standing. The NAACP fares no better. Its standing is premised solely in a resource-diversion theory. But the NAACP has not alleged that it has diverted resources away from its mission—it has alleged only that the State could reduce the amount it expends in furtherance of its mission. This is not enough for Article III. Finally, several of

Plaintiffs' claims are barred for another, independent reason: the Eleventh Amendment prohibits federal courts from compelling States to comply with state law. And here, Plaintiffs do not challenge the State's rights-restoration statutes, they instead ask this Court to compel the State to apply those statutes in a different way. This is not the role of a federal court.

And while this Court denied Defendants' standing arguments raised in the motion to dismiss, it did so pursuant to the motion-to-dismiss standard, i.e., by assuming that the facts alleged in the complaint are true. Defendants submit that discovery will illuminate the facts underpinning Plaintiffs lack of standing, and that, when viewed outside of the stringent motion-to-dismiss standard, this lack of standing will deprive the Court of jurisdiction to consider Plaintiffs' remaining claims.

Defendants further contend that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' due-process claims (counts 1 and 2) fail because they cannot show the deprivation of a protected liberty interest. Plaintiffs' equal-protection claim (count 3) similarly fails because they have not shown discrimination between similarly situated individuals or discrimination implicating a fundamental right. Nor can Plaintiffs state claims under the NVRA (count 4). While that Act grants a cause of action to aggrieved individuals, Plaintiffs' NVRA claims are brought by the NAACP alone which has not identified a single aggrieved member. Plaintiffs are likewise unable to state a claim for deprivation of the fundamental right to vote (count 6) since they lost that right when they were disenfranchised. And finally, Plaintiffs' poll-tax claim (count 7) fails because they can point to no authority requiring any State Defendant to affirmatively issue instructions prohibiting the collection of fees for the completion of COR forms.

    C.    ISSUES RESOLVED: Venue.

D. ISSUES STILL IN DISPUTE: Jurisdiction, Class Certification, Counts 1-4, 6, 7.

E. INITIAL DISCLOSURES:

The parties shall exchange initial disclosures on or before **May 9, 2022**. This date is consistent with Fed. R. Civ. P. 26(a)(1)(C), which holds that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C).

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. By **April 14, 2023**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY:

The parties shall complete all written fact discovery and depose all fact witnesses on or before **March 31, 2023**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **March 1, 2023**. All discovery motions shall be filed by no later than **April 7, 2023**. Discovery is not stayed during dispositive or other motions, including class certification, unless ordered by the Court. There shall be no bifurcation of class allegations discovery and other discovery on the merits.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person, telephonic, or electronic video meeting and made a good

faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR ADD PARTIES:

Any motions to amend or to add parties shall be filed by **July 15, 2022.**

Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. CLASS CERTIFICATION:

Plaintiffs shall file a motion for class certification by **September 1, 2022**. Any responses to class certification shall be filed no later than fourteen (21) days after filing of Plaintiffs' motion for class certification. Plaintiffs' reply in support of a motion for class certification shall be filed seven (14) days after Defendants' response.

J.      DISCLOSURE AND DEPOSITIONS OF EXPERTS:

Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **January 16, 2023**. Defendants shall identify and disclose all expert witnesses and reports on or before **February 13, 2023**. Plaintiffs shall file a rebuttal report by **March 6, 2023**. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C). Expert depositions shall be completed by **April 3, 2023**.

K.      SUBSEQUENT CASE MANAGEMENT CONFERENCE.

A subsequent case management conference shall be held telephonically on **August 1, 2022 at 9:00 a.m.** to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

L.      DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **May 1, 2023**. Responses to dispositive motions shall be filed within 21 days after the filing of the motion.

M.      ELECTRONIC DISCOVERY. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply. Any agreement between the parties to

address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

N. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must

specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The Bench trial of this action is expected to last approximately 7 days. A trial date no earlier than **October 9, 2023,** is respectfully requested.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**