# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY <br><br> [Class Action] |

## AGREED PROTECTIVE ORDER

The parties, by their counsel, stipulate to this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. They agree that certain categories of information produced by Defendants should be treated as confidential, protected from disclosure outside this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit disclosure, dissemination, and use of that confidential information.

For good cause shown under Federal Rule of Civil Procedure 26(c), this Court grants the parties' joint request and hereby enters the following Protective Order:

1. This Protective Order applies to all documents produced and information disclosed by the Parties in the course of discovery in this case—including, for example, all initial disclosures, responses to discovery requests, and deposition testimony and exhibits—that include Confidential Information.

2. Confidential Information, as used in this Protective Order, is defined as an individual's social security number (beyond the last four digits) or date of birth (beyond the year) which is obtained through this litigation.

3. Any Confidential Information contained in any document filed with the Court shall be redacted pursuant to Federal Rule of Civil Procedure 5.2.

4. Dissemination of documents containing unredacted Confidential Information to third parties for non-litigation purposes is prohibited.

5. Use of Confidential Information for purposes unrelated to this litigation is prohibited.

6. Any experts permitted access to documents containing unredacted Confidential Information shall not be permitted to retain such documents after the litigation.

7. All documents containing unredacted Confidential Information in the possession of the Parties, experts, and third parties involved in the litigation shall be destroyed after the litigation and any appeals conclude.

8. Nothing in this protective order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this order prevent any party or entity from seeking further protection for Confidential Information or documents containing Confidential Information.

9. The termination of this litigation shall not relieve any person or party that has received Confidential Information of their obligations under this order.

10. Nothing in this protective order shall be construed to waive attorney-client privilege or the attorney work product doctrine should any document containing Confidential Information that is covered by privilege or the work product doctrine be inadvertently produced.

IT IS SO ORDERED.

Dated this 5th day of July, 2022.

                                                _____
                                                U.S. Magistrate Judge Chip Frensley