| | |
|---|---|
| **TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,** | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **WILLIAM LEE, et al.,** | ) ) ) |
| Defendants | ) |

No. 3:20-cv-01039

Judge Campbell
Magistrate Judge Frensley

## ANSWER OF STATE DEFENDANTS

State Defendants Lisa Helton, Mark Goins, and Tre Hargett, in their official capacities only, file their Answer to the Complaint in the above-captioned claim as follows:

### INTRODUCTION

1. State Defendants admit the allegations of this paragraph to the extent that they state the Plaintiffs' offered reasons for bringing suit. State Defendants deny that Plaintiffs' characterizations are accurate and further deny that Plaintiffs' claims are meritorious.

2. State Defendants submit that the allegations of the first two sentences of this paragraph are based in Tennessee law, which speaks for itself and for which no response is required. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the third sentence. State Defendants aver regarding the allegations of the fourth sentence that the legislature speaks only through its enactments and that those enactments speak for themselves. State Defendants deny the allegations of the fifth and sixth sentences of this paragraph.

1

3. State Defendants submit the quoted portion of statute speaks for itself and deny Plaintiffs' characterization. The second sentence in this paragraph is denied.

4. State Defendants are without knowledge or information sufficient to form a belief regarding the speculative/hypothetical allegations in this paragraph.

5. Denied.

6. Denied.

7. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

8. Denied.

9. Denied.

10. Denied.

11. The implication that State Defendants are not presently acting in a constitutional manner is denied.

## JURISDICTION AND VENUE

12. Admitted that Plaintiffs bring their claim under the statutes and rules stated in this paragraph. Denied that Plaintiffs state a valid claim in this case.

13. Denied that this Court has jurisdiction over Plaintiffs' claims.

14. Admitted to the extent that the allegations of this paragraph provide that if this Court has subject-matter jurisdiction over this case, then venue would be proper in the Middle District.

## FACTUAL BACKGROUND

15. State Defendants submit that the quoted constitutional provision and case citation speak for themselves and deny Plaintiffs' characterizations.

16. State Defendants submit that the referenced act speaks for itself and deny Plaintiffs' characterizations.

17. State Defendants submit that the referenced act and the cited case speak for themselves and deny Plaintiffs' characterizations.

18. State Defendants submit that the cited statutes speak for themselves and deny Plaintiffs' characterizations.

19. State Defendants submit that the cited statutory provisions speak for themselves and deny Plaintiffs' characterizations.

20. Defendants submit that the cited statutes and their history speak for themselves and deny Plaintiffs' characterizations.

21. State Defendants submit that the cited enactment speaks for itself and deny Plaintiffs' characterizations.

22. State Defendants submit that the cited statutes speak for themselves and deny Plaintiffs' characterizations.

23. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

24. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

25. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations. State Defendants admit the allegations of the third sentence of this paragraph.

26. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

27. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

28. State Defendants are without information or knowledge sufficient to answer the allegations of the first sentence of this paragraph. State Defendants submit that the "state law" referenced in the second sentence of this paragraph speaks for itself and deny Plaintiffs' characterizations. State Defendants admit the allegations of the last sentence of this paragraph only to the extend that it states Plaintiffs' intent in bringing this action. The remaining allegations of this paragraph are denied.

## **PARTIES**

I. **Plaintiffs**

   A. Organizational Plaintiffs

29. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

30. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

31. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

32. The allegations of the first sentence in this paragraph are denied. State Defendants submit that the cited article and the 1870 Tennessee Constitution speak for themselves and deny Plaintiffs' characterizations.

33. The allegations of the first sentence in this paragraph are denied. State Defendants submit that the cited articles speak for themselves and deny Plaintiffs' characterizations.

34. State Defendants submit that the article cited in the first sentence speaks for itself and deny Plaintiffs' characterizations. The allegations of the second sentence of this paragraph are denied. State Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

35. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

36. Denied.

37. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. However, it is denied that there is a "lack of procedural due process."

38. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the first, third, fourth, and fifth sentences of this paragraph. The allegations of the second sentence of this paragraph are denied.

39. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

      **B.    Individual Plaintiffs**

40. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph and further submit that the referenced Tennessee law speaks for itself and deny Plaintiffs' characterizations.

41. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph and further submit that the referenced Tennessee law speaks for itself and deny Plaintiffs' characterizations.

42. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph and further submit that the referenced Tennessee law speaks for itself and deny Plaintiffs' characterizations.

43. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph and further submit that the referenced Tennessee law speaks for itself and deny Plaintiffs' characterizations.

44. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

45. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

**II. Defendants**

46. Admitted

47. State Defendants submit that Defendant Parker is no longer the Commissioner of the Department of Correction and that his successor-in-office is Lisa Helton. The allegations of this paragraph (substituting Commissioner Helton for Defendant Parker) are admitted.

48. Admitted

49. Admitted.

50. Admitted.

**FACTS**

**I. Defendants' Failure to Properly Administer the Rights Restoration Process Arbitrarily and Erroneously Deprives Thousands of Eligible Voters Access to the Franchise.**

51. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations in the first sentence of this paragraph. The remaining allegations of this paragraph are denied.

52. Denied.

53. Denied.

   *i. Initiating a COR Request*

54. Denied.

55. The first sentence in this paragraph is admitted. The remaining allegations in this paragraph and Plaintiff's characterizations are denied.

56. State Defendants submit that the referenced COR form and its instructions speak for themselves and deny Plaintiffs' characterizations.

57. State Defendants submit that the referenced COR form and its instructions speak for themselves and deny Plaintiffs' characterizations. The remaining allegations in this paragraph are denied.

58. The first sentence is admitted. State Defendants submit that the referenced TDOC Policy speaks for itself and deny Plaintiffs' characterizations of it. The remaining allegations in this paragraph are denied.

59. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

60. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

61. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

62. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the first two sentences of this paragraph. The remaining allegations in this paragraph are denied.

63. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

   *ii. Refusals to Issue CORs*

64. The allegations of this paragraph are denied as stated.

65. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

66. The allegations in this paragraph are denied as stated.

*iii. No Written Decisions*

67. State Defendants submit that the requirements of Tennessee law speak for themselves and deny Plaintiffs' characterizations. The allegations of the last sentence of this paragraph is denied.

68. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

69. Denied.

70. State Defendants submit that the referenced statutes and case citation speak for themselves and deny Plaintiffs' characterizations.

71. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

72. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the first and second sentences of this paragraph. The allegations of the last sentence of this paragraph are denied.

73. Denied.

*iv. No Interpretation Guidelines*

74. The allegations in this paragraph are denied as stated.

75. The allegations of this first sentence of this paragraph are denied. With regard to the second and third sentences of this paragraph, State Defendants submit that the referenced TDOC policy, COR, and the Secretary of State's website speak for themselves and deny Plaintiffs' characterizations.

76. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

77. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

8

78. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the first two sentences of this paragraph. State Defendants submit that the cited statute and court decision speak for themselves and deny Plaintiffs' characterizations.

79. The allegations of the first sentence of this paragraph are denied. State Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

80. The allegations of the first and last sentences of this paragraph are denied. State Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

81. State Defendants are without knowledge or information sufficient to form a belief regarding the first sentence of this paragraph. The remaining allegations in this paragraph are denied as stated.

82. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

83. The allegations in this paragraph are denied as stated.

   *v. No Appeals*

84. Denied.

85. The allegations of the first sentence of this paragraph are denied. Regarding the second, fifth, and sixth sentences, State Defendants submit that the cited articles speak for themselves and deny Plaintiffs' characterizations. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the third and fourth sentences of this paragraph.

**II. Defendants' Voter Registration Form Does Not Inform Applicants with Felony Convictions of Relevant Voter Eligibility Requirements.**

9

86. State Defendants submit that the NVRA speaks for itself and deny Plaintiffs' characterizations.

87. State Defendants submit that the NVRA speaks for itself and deny Plaintiffs' characterizations.

88. Denied.

89. State Defendants submit that the cited cases speak for themselves and deny Plaintiffs' characterizations.

90. State Defendants submit that the referenced forms speak for themselves and deny Plaintiffs' characterizations.

91. State Defendants submit that the state form speaks for itself and deny Plaintiffs' characterizations.

92. State Defendants submit that the state-specific instructions for the federal form and the cited statutes speak for themselves and deny Plaintiffs' characterizations.

93. Denied

### III. Defendants' Processing of Voter Registration Applications Denied Eligible Tennesseans with Felony Convictions their Right to Vote.

94. Denied.

95. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied. The remainder of the allegations in the paragraph is denied as stated.

96. The allegations in this paragraph are denied as stated.

97. Denied.

98. Denied.

99. NVRA speaks for itself deny characterization

100. NVRA speaks for itself, case cited speaks for itself, VR form speaks for itself, remainder denied.

**IV. Defendant Harrell Charges Eligible Citizens a Poll Tax to Complete Each COR.**

101. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

102. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

## CLASS ALLEGATIONS

103. Admitted to the extent that the allegations of this paragraph state Plaintiffs' desire to seek class certification.

104. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph and deny that Plaintiffs are entitled to class certification.

105. The allegations of the first two sentences of this paragraph are admitted to the extent that they state Plaintiffs' desired relief. The allegations of the last sentence are denied.

106. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Denied that Plaintiffs are entitled to class certification.

107. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Denied that Plaintiffs are entitled to class certification.

108. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Denied that Plaintiffs are entitled to class certification.

109. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Denied that Plaintiffs are entitled to class certification.

110. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Denied that Plaintiffs' are entitled to class certification.

## CAUSES OF ACTION

### COUNT ONE

111. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

112. Denied.

113. State Defendants submit that the quoted United States Supreme Court decision speaks for itself and deny Plaintiffs' characterizations.

114. State Defendants submit that the quoted Sixth Circuit decision speaks for itself and deny Plaintiffs' characterizations.

115. State Defendants submit that the cited Tennessee statute and federal court decisions speak for themselves and deny Plaintiffs' characterizations. The remainder of the paragraph consists of legal conclusions to which no response is required.

116. State Defendants submit that the cited Eleventh Circuit decision speaks for itself and deny Plaintiffs' characterizations. The remainder of the paragraph consists of legal conclusions to which no response is required.

117. State Defendants aver regarding the allegations of the first sentence that the legislature speaks only through its enactments and that those enactments speak for themselves. The remaining allegations of this paragraph are denied.

118. Denied.

119. Denied.

120. Denied.

121. The allegations of this paragraph consist entirely of legal conclusions to which no response is required.

122. Denied.

123. The allegations of the first, second, and fourth sentences of this paragraph are denied. For the remaining allegations, State Defendants submit that Tennessee law speaks for itself and denies Plaintiffs' characterizations of it.

## COUNT TWO

124. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

125. Denied.

126. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

127. State Defendants submit that the cited federal decisions speak for themselves and deny Plaintiffs' characterizations. The remaining allegations of this paragraph state legal conclusions to which no response is required.

128. Denied.

## COUNT THREE

129. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

130. Denied

131. Denied.

132. State Defendants submit that the cited federal decisions speak for themselves and deny Plaintiffs' characterizations. The remaining allegations of this paragraph state legal conclusions to which no response is required.

133. Denied.

134. Denied.

135. Denied.

## COUNT FOUR

136. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

137. Denied.

138. Denied.

139. Denied.

140. Admitted that a letter was sent, but denied that it adequately informed State Defendants of the assertion underpinning the claim described in Count Four of the Complaint.

## COUNT FIVE

141. Dismissed

142. Dismissed

143. Dismissed

## COUNT SIX

144. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

145. State Defendants submit that the cited constitutional provisions speak for themselves and deny Plaintiffs' characterizations. The remaining allegations of this paragraph state legal conclusions for which no response is required.

14

146. Denied.

147. Denied.

## COUNT SEVEN

148. State Defendants incorporate their answers to the forgoing paragraphs by reference as if restated herein.

149. State Defendants submit that the quoted amendment speaks for itself and deny Plaintiffs' characterization.

150. State Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

151. Denied.

152. State Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations.

153. The allegations of this paragraph states legal conclusions for which no response is required.

154. The allegations of this paragraph state legal conclusions for which no response is required.

155. **Any allegations not specifically referenced herein are hereby denied.**

## PRAYER FOR RELIEF

156. [Plaintiffs' "Prayer for Relief" Paragraph A] Denied that Plaintiffs are entitled to any relief in this case.

157. [Plaintiffs' "Prayer for Relief" Paragraph B] Denied that Plaintiffs are entitled to any relief in this case.

158. [Plaintiffs' "Prayer for Relief" Paragraph C] Denied that Plaintiffs are entitled to any relief in this case.

159. [Plaintiffs' "Prayer for Relief" Paragraph D] Denied that Plaintiffs are entitled to any relief in this case.

160. [Plaintiffs' "Prayer for Relief" Paragraph E] Denied that Plaintiffs are entitled to any relief in this case.

161. [Plaintiffs' "Prayer for Relief" Paragraph F] Denied that Plaintiffs are entitled to any relief in this case.

## AFFIRMATIVE AND OTHER DEFENSES:

1. The Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' Complaint.

2. Plaintiffs fail to state a claim for the alleged violation of the guarantees of equal protection and due process.

3. Sovereign Immunity bars suit against Governor Lee.

4. Plaintiffs lack standing to maintain the claims raised in their Complaint.

5. No act, omission, or law, policy, practice, or custom of State Defendants has deprived Plaintiffs of rights secured by the United States Constitution.

6. Plaintiffs' claims are non-justiciable.

7. State Defendants are entitled to and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

8. State Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER
Deputy Attorney General

Alex S. Rieger
Senior Assistant Attorney General

Pablo A. Varela
Assistant Attorney General

Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov
Alex.rieger@ag.tn.gov
Pablo.varela@ag.tn.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Danielle Lang<br>Mark Graber<br>Aseem Mulji<br>Campaign Legal Center<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005 | Charles K. Grant<br>Denmark J. Grant<br>Baker, Donelson, Bearman<br>Caldwell & Berkowitz, P.C.<br>1600 West End Avenue, Suite 2000<br>Nashville, TN 37203 |
| Phil Telfeyan<br>Natasha Baker<br>Equal Justice Under Law<br>400 7th St. NW, Suite 602<br>Washington, DC 20004 | Keeda Haynes<br>Free Hearts<br>2013 25th Ave. N.<br>Nashville, TN 37208 |

Date: August 2, 2022

                                                  s/ *Janet M. Kleinfelter*
                                                  JANET M. KLEINFELTER