IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, and LAMAR PERRY, CURTIS GRAY Jr., JOHN WEARE, BENJAMIN TOURNIER, and AMANDA LEE MARTIN, for themselves and those similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, TONY C. PARKER, in his official capacity as Commissioner of the Department of Correction of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, and TRE HARGETT, in his official capacity as Secretary of State of Tennessee<br><br>         Defendants. | Civil No. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE<br>JUDGE FRENSLEY<br><br>[Class Action] |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND TO ADD PARTIES

  Pursuant to Federal Rules of Civil Procedure 15 and 21 and Local Rule 15.01, Plaintiffs respectfully move the Court to grant leave to file a First Amended Complaint and to add parties. The proposed Amended Complaint, appended here as Exhibit A, restates the entirety of the pleading with proposed amendments incorporated, as required by Local Rule 15.01(b). Also as required under Local Rule 15.01(a)(2), Plaintiffs have conferred with Defendants regarding the proposed Amended Complaint. Defendants neither consent to nor oppose the Amended Complaint, stating that they will reply in due course. This motion follows the Court's scheduling order in this case.

1

CKG 4889-3529-5030
2860000-008970
Case 3:20-cv-01039   Document 99   Filed 10/03/22   Page 1 of 5 PageID #: 548

Plaintiffs' Amended Complaint adds or corrects facts that occurred or were discovered after the filing of the initial complaint. It also reintroduces dismissed Count 5 as a new Count 6 based on additional facts that occurred after filing the initial complaint. It dismisses Defendant Harrell in alignment with a settlement entered into regarding Count 7 and drops the remainder that count against Defendant Goins. It also drops one individual plaintiff and adds two individual plaintiffs. The amended complaint names as a Defendant the Interim Commissioner of Tennessee Department of Correction in substitution for the former commissioner. Finally, the amended complaint clarifies the description of the putative class.

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave when justice so requires," provided that the opposing party consents in writing or the court grants leave. Such leave should be granted unless circumstances demonstrate "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Rule's liberality "reinforces the principle that cases should be tried on their merits rather than on the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Additionally, Federal Rule of Civil Procedure 21 provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party."

Each of the Plaintiffs' proposed amendments to the original complaint serve the interest of justice. Under Federal Rule of Civil Procedure 41(d), on motion and reasonable notice, the court may allow a party to supplement the original pleading with facts that occurred or came to light after the filing of the original complaint. For the sake of expediency, Plaintiffs have included those facts in this proposed Amended Complaint. Count 5 was dismissed by the Court because of deficient notice prior to the filing of the original complaint. That deficiency has since been corrected, so reintroducing that claim as a new Count 6 serves the interest of justice in ensuring that the claim is heard on the merits. Dismissal of the settled claim streamlines the court's consideration of the active issues in this case. The addition of two new plaintiffs and the dropping of one ensures that the putative class representatives have a meaningful stake in the relief

CKG 4889-3529-5030
2860000-008970

CKG 4889-3529-5030
2860000-008970

requested and that their individual situations are representative of the common problems in the voting rights restoration process. Lastly, the clarification on the putative class definition ensures that the Court and all parties are provided with information pertinent to the scope and nature of the class. The amendments would not result in any undue delay or undue prejudice to the opposing party. *See Foman*, 371 U.S. at 182. The amendment does not substantively change any of the existing claims and thus does not invite a renewed motion to dismiss. Nor are the amendments motivated by any "bad faith or dilatory motive" on the part of the Plaintiffs. *See id.*

Therefore, Plaintiffs respectfully request that this Court grant its Motion for Leave to File a First Amended Complaint for Declaratory and Injunctive Relief and to Add Parties in the interest of justice and in accordance with Federal Rules of Civil Procedure 15 and 21 and Local Rule 15.01.

Dated: October 3, 2022

Respectfully submitted,

/s/ Charles K. Grant

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker*
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org

Danielle Lang* BPR No. 86523
Blair Bowie*
Alice Huling*
Aseem Mulji*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
Dlang@campaignlegal.org
Mgaber@campaignlegal.org
Bbowie@campaignlegal.org

* Admitted pro hac vice

3

Amulji@campaignlegal.org

*Counsel for the Petitioners-Plaintiffs and the Putative Classes*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on October 3, 2022 by operation of the Court's electronic filing system on the following:

JANET M. KLEINFELTER (BPR #13889)
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov

ALEXANDER S. RIEGER (BPR #29362)
Assistant Attorney General
Alex.rieger@ag.tn.gov

MATTHEW D. CLOUTIER (BPR #36710)
Assistant Attorney General
Matt.cloutier@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

                                                /s/ *Charles K. Grant*
                                                Charles K. Grant

CKG 4889-3529-5030
2860000-008970