# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al.,** </br></br> Plaintiffs, </br></br> v. </br></br> **WILLIAM LEE, et al.,** </br></br> Defendants. | NO. 3:20-cv-01039 </br></br> **JUDGE CAMPBELL** </br> **MAGISTRATE JUDGE FRENSLEY** |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Class Certification. (Doc. No. 104). The Attorney General filed a response in opposition on behalf of the official-capacity state defendants in this matter (collectively the "State Defendants") (Doc. No. 108), and Plaintiffs filed a reply (Doc. No. 109). For the reasons set forth more fully below, Plaintiffs' Motion will be **GRANTED**.

## I. BACKGROUND

The allegations underlying this litigation are set forth in detail in this Court's prior Memorandum concerning the State Defendants' motion to dismiss. *See Tennessee Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Lee*, No. 3:20-CV-01039, 2022 WL 982667 (M.D. Tenn. Mar. 30, 2022). Through the pending motion, Named Plaintiffs Lamar Perry, Curtis Gray, John Weare, Benjamin Tournier, Leola Scott, and Reginald Hendrix seek to represent a class pursuant to Counts One, Two, and Three of Plaintiffs' First Amended Complaint, which alleges that Tennessee's administration of the rights restoration process lacks the basic guardrails required to ensure procedural due process and denies Plaintiffs equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution.

Plaintiffs seek to certify a class of Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a Certification of Restoration ("COR") from the pardoning, incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights. Plaintiffs also move to be appointed class representatives and for their lawyers to be appointed as class counsel.

## II. STANDARDS GOVERNING CLASS CERTIFICATION

To certify a class, the Court must be satisfied that the requirements of Federal Rule of Civil Procedure 23(a) and at least one of Rule 23(b)'s provisions are met. *See Comcast v. Behrend*, 569 U.S. 27, 33-34 (2013).[1] Plaintiffs here seek certification under Rule 23(b)(2). The decision whether to certify a class is committed to the sound discretion of the district judge and turns on the particular facts and circumstances of each individual case. *See In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(2) allows certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Plaintiffs bear the burden of showing that the requirements for class certification are met. *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016).

---

[1] The Court has already found Plaintiffs have constitutional standing. (*See* Doc. No. 83 at 6-7).

### III. ANALYSIS

A. Rule 23(a)

   1. Numerosity

To satisfy the numerosity requirement, Plaintiffs must show that the numerosity of injured persons makes joinder of all class members impracticable. Fed. R. Civ. P. 23(a)(1). "Generally, the number of members of the proposed class, if more than several hundred, easily satisfies the requirements of Rule 23(a)(1)." *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 403 (M.D. Tenn. 2019) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 n. 1 (6th Cir. 1997) (joinder of parties impracticable for class with over 1,100 members and "[t]o reach this conclusion is to state the obvious")). Here, Plaintiffs produce evidence that, at a minimum, there are 1,774 disenfranchised Tennesseans who have requested or attempted to request CORs and not received one sufficient to restore voting rights. (*See* Doc. No. 105-1 ¶¶ 12-13). Given that the number of members of the proposed class will be more than several hundred, joinder is impracticable and the requirements of Rule 23(a)(1) are met.

The State Defendants do not dispute that there are at least 1,774 disenfranchised Tennesseans who have requested or attempted to request CORs and not received one sufficient to restore voting rights. Instead, they submit that the individual circumstances of the 1,774 individuals may render some of them outside of the ambit of the proposed class. (*See* Doc. No. 108 at 7 ("Plaintiffs are forcing the Court to guess whether these individuals might fall within the ambit of the First Amended Complaint and the putative class definition.")). As Plaintiffs note in their reply, the State Defendants' argument "seems to be against a class of Tennesseans who have *erroneously* been denied CORs, but Plaintiffs have not asked to certify such a class." (Doc. No.

109 at 3) (emphasis in original). Because Plaintiffs seek to certify a class defined by the individuals subject to the challenged procedures, not the individuals ultimately entitled to the substantive benefit regulated by the procedures, the State Defendants' argument challenging numerosity misses the mark.

   2. Commonality

The second requirement for class certification is that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, Plaintiffs must show that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). More specifically, Plaintiffs' "claims must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350. "[T]here need be only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013); *see also Dukes*, 564 U.S. at 359 ("We quite agree that for purposes of Rule 23(a)(2) '[e]ven a single [common] question will do.").

Plaintiffs submit that the question of whether there are protected interests in CORs and restoration of the right to vote is common to the class, and that the answer is a matter of law and will be the same for all class members. (Doc. No. 105 at 6; Doc. No. 109 at 4).[2] Plaintiffs also

---

[2] Plaintiffs also submit that the question of what minimum procedures and protections are constitutionally required for a legally sufficient COR process is common to the class, and that the answer is also a matter of law requiring a uniform answer, regardless of Plaintiffs' individual records, circumstances, prior efforts to restore their voting rights, or ultimate eligibility for a COR. (Doc. No. 105 at 6-7; Doc. No. 109 at 4). Plaintiffs identify a third question common to the class of whether Defendants must provide additional procedures to ensure due process including but not limited to, a mechanism to formally request a COR, a final decision on that request, a written statement of reasons for denial, decisions based on uniform standards for interpreting the eligibility requirements, procedures to prevent denials based on improper reasons, and an appeals process. (Doc. No. 105 at 7). Plaintiffs submit that the answer to this question is also answerable on a class wide basis because proposed improvements and their potential value

4

argue Tennessee's alleged failure to administer a standardized, accurate, and navigable restoration process for eligible citizens affects all class members in the same manner by creating a high risk of erroneous deprivation of a statutory and constitutionally protected right. (Doc. No. 105 at 7).

Plaintiffs submit that their equal protection claim in Count Three presents the common question of whether the class is subject to arbitrarily different rules and procedures for regaining the right to vote based only on the county of a person's felony conviction. (Doc. No. 105 at 7). The answer to this common question will not change for each class member. *See Doster v. Kendall*, 54 F.4th 398, 431 (6th Cir. 2022). Additionally, Plaintiffs submit that injunctive and declaratory relief as to the lawfulness of the state's administration of the rights restoration process will resolve all class members' claims "in one stroke" because their injuries stem from the same "common mode." (Doc. No. 109 at 7-8).

The State Defendants argue there is no commonality because the Court will have to "weigh the risk of erroneous deprivation" on an individual basis. (*See* Doc. No. 108 at 7-10). In response, Plaintiffs correctly note that "the *risk* of erroneous deprivation created by the lack of safeguards is a systematic inquiry with a common answer for all COR applicants." (Doc. No. 109 at 5) (emphasis in original). Indeed, "any time a citizen is deprived of 'notice of the factual basis' for a governmental determination and 'a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker,' the risk of error is too high." *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 800 (6th Cir. 2018) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004)). Thus, Plaintiffs have met the commonality prerequisite of Rule 23(a)(2). *See Gilkey v. Central Clearing Co.*, 202 F.R.D. 515, 521 (E.D. Mich. 2001) ("When the legality of the defendant's standardized conduct is at issue, the commonality factor is normally met.") (citation omitted).

---

and costs are balanced regarding the system as a whole, not individual plaintiffs. (Doc. No. 109 at 5 (citing *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 800 (6th Cir. 2018))).

5

Case 3:20-cv-01039   Document 122   Filed 04/13/23   Page 5 of 9 PageID #: 826

3. Typicality

"Rule 23(a)(3) requires proof that plaintiffs' claims are typical of the class members' claims." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "Typicality is met if the class member's claims are 'fairly encompassed by the named plaintiffs' claims.'" *In re Whirlpool*, 722 F.3d at 852 (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998)). "Conversely, the typicality requirement 'is not satisfied when a plaintiff can prove his own claim but not necessarily have proved anyone else's claim.'" *Zelaya v. Hammer*, 342 F.R.D. 426, 435–36 (E.D. Tenn. 2022) (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)). A plaintiff's claims generally will be "typical" of the class's when all of them arise from the same "course of conduct" and assert the "same legal theory." *Doster v. Kendall*, 54 F.4th 398, 438 (6th Cir. 2022).

Counts One, Two, and Three for "all Plaintiffs, named and unnamed, arise from the same decentralized, inaccurate, and inaccessible COR system that fails to meet the basic demands of due process" and "seek relief under the same statutory and constitutional theories: violation of due process regarding the deprivation of the statutory right to a COR and the constitutional right to vote, and violation of the equal protection clause for arbitrary and unequal disenfranchisement." (Doc. No. 105 at 8-9). Plaintiffs argue that neither the circumstances around the denials of the named Plaintiff's CORs nor any potential variations in the facts of the named Plaintiffs' convictions undercut their satisfaction of the typicality requirement because the injury to the named Plaintiffs and the class are all caused by the same allegedly constitutionally inadequate COR system administered by the State Defendants. (*Id.* at 9). The Court agrees and finds that Plaintiffs have met the typicality prerequisite of Rule 23(a)(3).

4. Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Plaintiffs submit that the class representatives are well-positioned to represent the interests of the class because they do not have any conflict with the other members of the class, they share with unnamed Plaintiffs common interests in a constitutionally valid system for voting rights restoration, and the injunctive and declaratory relief they seek will benefit the entire class in the same manner. (Doc. No. 105 at 10). The State Defendants do not argue otherwise. The Court finds that Plaintiffs are adequate representatives in this case. Accordingly, Plaintiffs Lamar Perry, Curtis Gray, John Weare, Benjamin Tournier, Leola Scott, and Reginald Hendrix will be appointed class representatives in this action.

In addition, Plaintiffs' counsel, Campaign Legal Center, Baker Donelson, Free Hearts, and Equal Justice Under Law, are qualified and experienced in complex and voting rights class action cases and will be appointed as class counsel. (*See* Doc. Nos. 105-3, 105-4, 105-5, 105-6).

B. **Rule 23(b)(2)**

To certify a class for injunctive and declaratory relief under Rule 23(b)(2), Plaintiffs must show "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23. "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564

U.S. at 360. "These requirements are tailor-made for civil-rights cases seeking to stop a general policy or practice." *Doster*, 54 F.4th at 439.

Plaintiffs argue that they satisfy this requirement because the State Defendants have failed to implement constitutionally mandated procedures to administer Tennessee's system of restoring the voting rights of eligible persons previously convicted of certain felonies, thereby depriving them of the right to vote without due process. (Doc. No. 105 at 12). Plaintiffs submit that the injunctive or declaratory relief requested – the implementation of an accessible, fair, and standardized COR process that provides an accurate assessment of their eligibility and a means of appealing wrongful denials – is appropriate as to the proposed class as a whole because the harm is common to all class members and a single order of the court enjoining Tennessee's unlawful administration of its COR system and requiring the State Defendants to implement a centralized process for rights restoration that incorporates the key elements of due process would remedy the harm as to all class members. (*Id*. at 13).

The State Defendants argue that certification is not appropriate under Rule 23(b)(2) because the requested relief – a process with adequate safeguards to limit the risk of erroneous deprivation – would be overbroad because some members of the class will not be eligible for CORs. As Plaintiffs point out in their reply, "*all* COR seekers are entitled to a constitutionally adequate *process* and equal treatment, not just those who will ultimately be deemed eligible through the challenged process." (Doc. No. 109 at 6) (emphasis in original). For class certification on the ground that the defendant has acted or refused to act on grounds that apply generally to the class, it is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. *See Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012). Such is the case in the present matter, and the State Defendants do not argue otherwise.

With that, Plaintiffs have carried their burden in establishing that their proposed class should be certified under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Class Certification (Doc. No. 104) will be granted. The Court will certify a class of Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a COR from the pardoning, incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE