IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE CONFERENCE OF** ) <br> **THE NATIONAL ASSOCIATION** ) <br> **FOR THE ADVANCEMENT OF** ) <br> **COLORED PEOPLE, et al.,** ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> **WILLIAM LEE, et al.,** ) <br>   ) <br>   Defendants ) | No. 3:20-cv-01039 <br><br> Judge Campbell <br> Magistrate Judge Frensley |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL

Defendants, William Lee, Lisa Helton, Mark Goins, and Tre Hargett, have filed in the Sixth Circuit Court of Appeals a Petition for Permission to Appeal Under Federal Rule of Civil Procedure 23(f) from this Court's April 13, 2023 class-certification order and have moved to stay this Court's proceedings pending final resolution of that interlocutory appeal. Specifically, Defendants move this Court for an order (1) staying the proceedings in this Court until the Sixth Circuit decides whether to grant Defendants' Rule 23(f) Petition for Permission to Appeal this Court's class-certification order, and—if Defendants' Petition for Permission to Appeal is granted—then (2) continuing the stay in this Court until final resolution of that appeal. In support of their motion to stay, Defendants submit this memorandum of law and ask this Court to grant their motion to stay the proceedings for the reasons stated below.

### BACKGROUND

On April 13, 2023, this Court entered its memorandum opinion (the "Order") certifying Plaintiff's proposed class of "Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a COR from the pardoning,

incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights." (First Am. Compl., ECF No. 122.) But the order raises several issues of significant practical importance regarding class certification arising under Fed. R. Civ. P. 23(a) and (b)(2). Accordingly, on April 27, 2023, Defendants filed with the Sixth Circuit a Rule 23(f) petition for permission to appeal this Court's certification order (the "Petition"). That Petition is currently pending.

Until the Sixth Circuit finally resolves that petition, a stay of the proceedings in this Court is warranted because the Sixth Circuit's decision will significantly affect the parties' remaining discovery and the scope of trial. Defendants have appealed the class certification order because it was entered without the requisite "rigorous analysis" having been conducted to determine whether Plaintiffs had satisfied the Rule 23(a)(2) and (3) and Rule 23(b)(2) requirements for class certification. Additionally, the Order raises legal issues of significant practical importance to class certification, which necessarily will impact the scope and nature of the remaining proceedings in this case going forward so that proceeding without a stay would cause Defendants irreparable harm and would waste both this Court's and the parties' resources.

## LEGAL STANDARD

Under Fed. R. Civ. P. 23(f), "[a] court of appeals may permit an appeal from an order granting or denying class-action certification." While seeking an appeal does not necessarily stay the district court's proceedings, Defendants may request a stay either from the district court or the appellate court. *Id*. Generally, a stay should first be sought from the district court. *See* 1998 comments to Fed. R. Civ. P. 23.

When determining whether to grant a stay, this Court should consider: (1) the likelihood that Defendants will prevail on the merits of the appeal; (2) the likelihood that Defendants will be irreparably harmed absent a stay; (3) the prospect that Plaintiffs will be harmed by a stay; and (4)

2

the public interest in granting the stay. *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020). These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together. *Id.*

To justify granting a stay, the movant is not always required to establish a high probability of success on the merits. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Additionally, when the State is the moving party, "its own potential harm and the public's interest merge into a single factor." *SawariMedia, LLC*, 963 F.3d at 596.

## **ARGUMENT**

A stay is appropriate because Defendants are likely to succeed on the merits, the balance of harms to Plaintiff and Defendant regarding class certification heavily favors granting a stay, and the public interest is best served by having a definitive class-certification ruling before moving forward with the district-court proceedings.

### I.     The Sixth Circuit Is Likely to Grant Permission to Appeal.

Some courts have concluded that in the context of staying proceedings under Rule 23(f), the likelihood-of-success factor includes consideration of whether the Sixth Circuit will grant the Rule 23(f) petition. *See, e.g., Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, No. 1:19-cv-133, 2023 WL 3004148, at *1 (S.D. Ohio Apr. 18, 2023). The answer to that question here is yes. The Sixth Circuit has "unfettered discretion" to permit an appeal under Rule 23(f), *In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir. 2002) (per curiam), and one factor it will consider is "the likelihood of the petitioner's success on the merits," *In re Tivity Health, Inc.*, 2022 WL 17243323, at *1 (6th Cir. Nov. 21, 2022). For the reasons discussed in Section II below, Defendants are likely to succeed on the merits of their challenge to the class-certification order. The Sixth Circuit will also consider whether "the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered," *Tivity Health*, 2022 WL 17243323, at *1,

and this Court's class-certification order would force the Defendants to expend substantial taxpayer resources on discovery involving potentially hundreds of thousands of improperly certified class members. (Order, ECF No. 109, PageID# 773.)

## II. The Sixth Circuit Is Likely to Find Class Certification Improper.

When evaluating the likelihood of success on the merits of a class-certification ruling, "the standard of review is whether the district court committed an abuse of discretion." *In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002). "A district court abuses its discretion 'when [it] relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007).

Federal Rule of Civil Procedure 23 imposes "demanding standards" for class certification, *In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 671 (6th Cir. 2020), and the Sixth Circuit is likely to find that those standards are not met in this case.

To begin, "[a]ny class certification must satisfy Rule 23(a)'s requirement of numerosity, commonality, typicality, and adequate representation." *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F.3d 254, 278 (6th Cir. 2018). "[B]oth the Supreme Court and this Circuit require that a district court conduct a 'rigorous analysis' of [those] requirements before certifying a class." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011); accord *Fox v. Saginaw County*, --- F.4th ---, Nos. 22-1265/1272, 2023 WL 3143922, at *11 (6th Cir. Apr. 28, 2023). Next, the class must "fit under at least one of the categories identified in Rule 23(b). *Clemons*, 890 F.3d at 278. The Rule 23(b) category upon which the Plaintiffs rely is (b)(2), which permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R.

Civ. P. 23(b)(2); *see* R. 104, PageID 665 (relying only on (b)(2)). Under the requisite "rigorous analysis," Plaintiffs failed to make sufficient showings under Rule 23(a)(2) and (3) and Rule 23(b)(2).

    **A.    Plaintiffs failed to satisfy the commonality requirement.**

Plaintiffs failed to make a sufficient showing of commonality. To make such a showing, Plaintiffs must demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). In other words, Plaintiffs must present the "right" type of question that requires the "right" type of answer for all class members. *Doster v. Kendall*, 54 F4th 398, 430-31 (6th Cir. 2022). The "right" type of question is central to the class's claims. *Id.* (citing *Walmart*, 564 U.S. at 350). The "right" type of answer allows a court to reach a yes-or-no answer for the class in one stroke. *Id.* (citing *Walmart*, 564 U.S. at 350).

Like all of Rule 23(a)'s requirements, commonality must be considered "on a claim-by-claim basis." *In re Rodriguez*, 695 F.3d 360, 369 n.13 (5th Cir. 2012); *see Rosen v. Tenn. Comm'r of Finance & Admin.*, 288 F. 3d 918, 928 (6th Cir. 2002) (quoting *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), for the proposition that both standing and class certification must be addressed on a claim-by-claim basis). Each claim must be treated individually, and a district court should certify a class with respect to "only those claims for which certification is appropriate." *Rodriguez*, 695 F.3d at 369 n.13; *see*, *e.g.*, *Santiago v. City of Chicago*, 19 F.4th 1010 (7th Cir. 2021) (vacating a class certification order when the district court did not conduct a claim-by-claim analysis). This claim-by-claim analysis is necessary "to preserve the efficiencies of the class action device without sacrificing the procedural protections it affords to unnamed class members." *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir. 2000).

### 1. There is no commonality for the equal-protection claim.

A rigorous analysis of Plaintiffs' equal-protection claim reveals that Plaintiffs did not show commonality, because Plaintiffs' alleged injuries do not stem from a uniform policy or practice. Plaintiffs themselves complain of *disparate, county-level policies*, practices, and decisions. In their words, "[w]hether or not an eligible individual is able to request and be issued a COR and thereby regain their right to vote depends entirely on the willingness of local and county-level officials to entertain COR requests, their varying interpretations of state law . . ., and their processes for keeping and maintaining records." (First Am. Compl., ECF No. 102, PageID# 652-53.) Thus, a court cannot reach a yes-or-no answer to Plaintiffs' claim in one stroke but must determine, on a county-by-county basis. Whether convicted felons were unfairly denied restoration of their voting rights due to their particular county's policies, procedures, and interpretation of state law. By Plaintiffs' own lights, each felon's story is different depending on that felon's county of residence. Consequently, the class fails the commonality requirement of Fed. R. Civ. P. 23(a).

Notably, when faced with similar circumstances, the United States Court of Appeals for the District of Columbia Circuit decided against class certification. In *DL v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013), the plaintiffs alleged that the District of Columbia's educational policies and practices "resulted in a systemic failure" to offer disabled preschool-age children the services required by the Individuals with Disabilities Education Act ("IDEA"). *Id.* at 122. On appeal, the circuit court determined that the "harms alleged to have been suffered" "involve different policies and practices at different stages" of the IDEA process. *Id.* at 127. Critically, "the district court identified no single or uniform policy or practice that bridges all their claims." *Id.* Instead, the claims were "based on multiple, disparate failures to comply with the [District's] statutory child obligations, rather than a truly systemic policy or practice which affects them all."

6

*Id.* at 128. For that reason, the plaintiffs did not satisfy the commonality requirement. *See id.* at 128-29.

So too here. Plaintiffs complain about "disparate failures" with respect to felon re-enfranchisement on a county-by-county basis, and Plaintiffs admit that there is no "truly systemic policy or practice" imposed by the state Defendants. *See DL*, 713 F.3d at 128. They repeatedly allege the *absence* of "a uniform process and standard," (First Am. Compl., ECF No. 102, PageID# 654), and they describe the re-enfranchisement framework as a "scattershot system across Tennessee's ninety-five counties" that creates "disparate results." (*Id.* at PageID# 613); *see also* (*id.* at PageID# 612) ("there are no uniform procedures for determining if [a] person meets the eligibility criteria" for a COR); (*id.* at PageID# 613) ("This lack of guardrails and uniform policies creates a high risk of erroneous deprivation of the statutory right to a COR."); (*id.*) (decrying the "decentralized process"). And a claim of an equal-protection injury, by itself, is insufficient to show commonality. *See DL*, 713 F.3d at 126 (citing *Wal-Mart*, 564 U.S. at 350). Like the alleged harms in *DL*, the harms that the Plaintiffs allege here result from "different policies and practices" and decisions carried out by different actors in different jurisdictions. Thus, there is no common contention that binds the class together.

**2. There is no commonality for the procedural-due-process claims.**

A rigorous analysis of Plaintiffs' procedural-due-process claims likewise reveals that they do not involve a common question, because the amount of process received and the amount of any additional process potentially needed may vary from applicant to applicant. "[T]he Due Process Clause is flexible and calls for such procedural protections as the particular situation demands." *Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015). An analysis of whether a COR applicant has received due process must consider the policies that counties and localities have in place, as well as protections afforded under the statutory scheme. Analyzing this issue

7

would therefore involve an individualized inquiry, which may produce different results for applicants from one county to another. The need for an individualized inquiry—and the attendant differing results—defeat commonality. *See, e.g., Secreti v. PTS of Am., LLC*, 2015 WL 3505146, at *3–4 (M.D. Tenn. June 3, 2015) (finding no commonality among class of inmates because their claims would require individualized balancing based on each inmates' circumstances*); see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 553–54 (7th Cir. 2016) (finding no commonality because the class action against the jail for inadequate dental care would depend on the facts of each individual and could not be resolved for the class as a whole).

There is no commonality here because each COR applicant's individual situation and particular circumstances affect any risk of erroneous deprivation for that applicant. A determination of the merits of Plaintiffs' claims would require looking at each applicant, determining what process that applicant had been afforded based on that applicant's county of conviction, weighing the risk of erroneous deprivation for each distinct circumstance, and then considering whether the existing remedies satisfy constitutional requirements. *Cf. Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d at 741. The analysis for each applicant necessarily varies because, as Plaintiffs allege, there is no uniform policy affecting all COR applicants, and the process varies from locality to locality. (First Am. Compl., ECF No. 102, PageID# 654.) Furthermore, some of the named individual Plaintiffs have out-of-state convictions, and their COR applications required action by out-of-state officials. (*Id.* at PageID# 622-23.) Any fault in connection with those Plaintiffs might lie with out-of-state officials over whom Tennessee county officials have no authority, as opposed to other Plaintiffs' situations that allegedly involve error by a Tennessee county official. Because individualized consideration is required in this due-process inquiry, Plaintiffs cannot satisfy the commonality requirement for class certification on these claims either. *See, e.g., Secreti*, 2015 WL 3505146, at *3–4; *Phillips*, 828 F.3d at 553–58.

8

Case 3:20-cv-01039   Document 131   Filed 05/03/23   Page 8 of 14 PageID #: 863

In sum, Defendants are likely to succeed in showing that Plaintiffs have not met the commonality requirement under Rule 23(a)(2) as to Plaintiffs' equal-protection and procedural-due-process claims.

### B. Plaintiffs failed to satisfy the typicality requirement.

Nor have Plaintiffs shown that their claims are typical of the putative class. Class certification can only be granted when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie*, 511 F.3d at 561 (citation omitted). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc). Accordingly, typicality does not exist "when a plaintiff can prove his own claim but not 'necessarily have proved anybody else's claim.'" *Id.* (citation omitted).

Plaintiffs' three claims cannot be combined for purposes of assessing typicality. *See Rosen*, 288 F.3d at 928. The Sixth Circuit has explained that "where there are defenses unique to the individual claims of the class members, the typicality premise is lacking, for—under those circumstances—it cannot be said that a class member who proves his own claim would necessarily prove the claims of other class members." *Romberio v. UnumProvident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009). As discussed above, Plaintiffs' equal-protection and procedural-due-process claims require individualized consideration of county-level policies and each COR applicant's particular circum-stances. The defenses available to the Defendants could vary depending on the procedures used by certain local jurisdictions and the procedures available to each individual COR applicant. Consequently, it simply cannot be said that, as go the claims of the named Plaintiffs,

9

"so go the claims of the class." *Sprague*, 133 F.3d at 399. Plaintiffs failed to meet the typicality requirement under Fed. R. Civ. P. 23(a)(3).

### C. Defendants' actions or refusal to act do not apply generally to the class.

Plaintiffs also failed to meet the requirements of Fed. R. Civ. P. 23(b). Under Rule 23(b)(2), "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or to none of them.'" *Wal–Mart*, 564 U.S. at 360. The (b)(2) requirement is met if "class members complain of a pattern or practice that is generally applicable to the class as a whole." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012).

Plaintiffs have not satisfied the requirements of Rule 23(b)(2) because they cannot show that Defendants engaged in a generally applicable pattern or practice. Indeed, Plaintiffs allege exactly the opposite—i.e., that the relevant policies, procedures, and decisions governing re-enfranchisement are scattered among and applied variously by different jurisdictions. (First Am. Compl., ECF No. 102 PageID# 612-13). Inherent in Plaintiffs contention is that there is *no* generally applicable policy. Moreover, and as discussed above, each COR applicant faces different risks of erroneous deprivation based on their individual circumstances and the procedures available to them.

Plaintiffs failed to show that Defendants "[have] acted or refused to act on grounds that apply generally to the class" under Rule 23(b)(2). Because individual inquiries and analyses are

10

necessary to determine any eligibility for relief—and the proper scope of any injunctive relief—class certification is improper.

### III. The Balance of Harms Weighs in Favor of Granting the Stay.

The balance of harms favors a stay in this instance. Class certification materially changes the nature of this litigation, and as a result, this litigation will consume substantial judicial and party resources if the proceedings are not stayed until the appeal is resolved. Indeed, the scope of both the discovery and the trial in this case will depend significantly on resolution of the question whether class certification is appropriate. Plaintiffs' estimate that the class "consists of somewhere between 1,774 and roughly *290,000* people." (Reply, ECF No. 109, PageID# 773) (emphasis added). Since this case raises many questions about the individualized circumstances of COR applicants, proceeding with discovery under the current class-certification order will compel Defendants to expend substantial taxpayer resources on discovery into potentially hundreds of thousands of improperly certified class members. *See Willcox v. Lloyds TSB Bank, PLC*, No. 13-00508 ACK-RLP, 2016 WL 917893, at *6 (D. Haw Mar. 7, 2016) ("In the Rule 23(f) context, courts have found irreparable injury where failure to issue a stay pending interlocutory appeal would result in substantial time and resources being spent on litigation); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12–2353, 2014 WL 5817323, at *4 (D.Kan. Nov.10, 2014) (holding that litigation costs are irreparable because a decertification or alteration to the class might result in duplicative or wasteful litigation).[1] That outcome not only seriously burdens Defendants, but it will also lengthen the district-court proceedings for all parties involved. On the other hand, if this case were no longer a class action, Defendants would need to inquire only into the circumstances

---

[1] Even though many courts have held that litigation costs are irreparable harm in the Rule 23(f) context, the United States District Court for the Middle District of Tennessee has previously held otherwise. *Hosp. Authority of Metropolitan Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, No. 3:15-CV-01100, 2019 WL 5305506 (M.D. Tenn. Oct. 21, 2019),

11

of *six* individual Plaintiffs and *one* organization. (First Amended Complaint, ECF No. 102.) Thus, the difference in investigation (and proof at trial) may be 290,000 versus seven.

Plaintiffs would not be harmed if a stay is granted pending interlocutory appeal. A delay in the proceedings due to a stay is not inherently prejudicial. Any argument by Plaintiffs that a stay might delay the Plaintiffs regaining their voting rights presumes that Plaintiffs will succeed on the merits of this case. Such a presumption is purely speculative. *See Beacon Navigation GMBH v. FCA US LLC,* No. 13-11380, 2018 WL 11350623, at *1 (E.D. Mich. Dec. 3, 2016) ("speculative prejudice . . . does not outweigh the judicial efficiency considerations associated with . . . [a] stay"). Moreover, an argument to that effect also presumes that it is impossible for Plaintiffs to regain their voting rights under the process currently in place. This is an assumption, not a showing, that Plaintiffs have made.

The public has an interest in judicial economy. *JTG of Nashville, Inc. v. Rhythm Band, Inc.,* 693 F. Supp. 623, 626 (M.D. Tenn. 1988). Here, discovery remains ongoing with depositions to be taken by Plaintiffs and Defendants. (*See* Joint Motion, ECF No. 125, PageID# 837.) The Court granted the parties motion to extend the scheduling order and set a trial date of November 28, 2023. (Order, ECF No. 129, PageID# 849). As noted above, proceeding with discovery as to the currently certified class adds to the issues being investigated through discovery and, therefore, would unnecessarily expend taxpayer-funded resources. The public interest is best served if trial-court proceedings are paused to prevent further expense and to promote judicial economy. Resolution of the interlocutory appeal will provide clarity and finality on the issue. The public interest weighs in favor of a stay until the appellate issue is resolved.

12

Case 3:20-cv-01039   Document 131   Filed 05/03/23   Page 12 of 14 PageID #: 867

## **CONCLUSION**

For the reasons stated, Defendants Motion to Stay Proceedings Pending Interlocutory Appeal should be granted.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BPR 035933)
Assistant Attorney General

Public Interest Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Danielle Lang | Charles K. Grant |
| Mark Graber | Denmark J. Grant |
| Aseem Mulji | Baker, Donelson, Bearman |
| Campaign Legal Center | Caldwell & Berkowitz, P.C. |
| 1101 14th Street NW, Suite 400 | 1600 West End Avenue, Suite 2000 |
| Washington, DC 20005 | Nashville, TN 37203 |
| | |
| Phil Telfeyan | Keeda Haynes |
| Natasha Baker | Free Hearts |
| Equal Justice Under Law | 2013 25th Ave. N. |
| 400 7th St. NW, Suite 602 | Nashville, TN 37208 |
| Washington, DC 20004 | |

Date: May 3, 2023

                                                                   /s/ *Zachary L. Barker*
                                                                    ZACHARY L. BARKER
                                                                    Assistant Attorney General