IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the ) <br> NATIONAL ASSOCIATION for the ) <br> ADVANCEMENT of COLORED ) <br> PEOPLE, et al., ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM LEE, et al., ) <br> ) <br>    Defendants. ) | NO. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

**MEMORANDUM**

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal (Doc. No. 130), which is ripe for review. (*See* Doc. Nos. 134, 136). For the reasons discussed below, the motion will be **DENIED**.

### I. BACKGROUND

The allegations underlying this litigation are set forth in detail in this Court's prior Memorandum concerning Defendants' motion to dismiss. *See Tennessee Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Lee*, No. 3:20-CV-01039, 2022 WL 982667 (M.D. Tenn. Mar. 30, 2022). On April 13, 2023, the Court granted Plaintiff's Motion for Class Certification as to their procedural due process and equal protection claims, appointed Lamar Perry, Curtis Gray, John Weare, Benjamin Tournier, Leola Scott, and Reginald Hendrixas as class representatives, and appointed Campaign Legal Center, Baker Donelson, Free Hearts, and Equal Justice Under Law as class counsel. (Doc. Nos. 123, 124).

On April 27, 2023, Defendants petitioned the United States Court of Appeals for the Sixth Circuit for permission to file an interlocutory appeal under Federal Rule of Civil Procedure 23(f).

On May 3, 2023, Defendants filed the pending motion seeking an order staying the proceedings in this Court pending the Sixth Circuit's resolution of their petition and resolution of that appeal if their petition is granted. (Doc. No. 130).

## II. STANDARD OF REVIEW

"[A] stay is not a matter of right, but is rather an exercise of judicial discretion." *Ohio State Conf. of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433(2009)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. In considering a motion to stay pending appeal, courts must balance four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016) (citation omitted). Although these four factors are "interrelated considerations that must be balanced together," *Serv. Emp. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (citation and internal quotation marks omitted), "[t]he first two factors of the traditional standard are the most critical." *Nken*, 556 U.S at 434.

## III. ANALYSIS

### A. Likelihood of Success on the Merits

Defendants' burden with respect to showing a likelihood of success on the merits is two-fold: they must show a likelihood that the Sixth Circuit will grant their Rule 26(f) petition, and that the Sixth Circuit will reverse this Court's class certification decision. *See Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 3004148, at *1 (S.D. Ohio Apr. 18, 2023).

As for the first prong, there is no "hard-and-fast test" that the Sixth Circuit uses to determine whether to grant a Rule 23(f) petition, but the Sixth Circuit has explained that it may allow an appeal when the class certification decision is essentially a "death-knell" for the litigation, when the case raises "a novel or unsettled question," or when a petitioner has a likelihood of success on the merits under the deferential abuse-of-discretion standard, among other bases. *See In re Delta Air Lines*, 310 F.3d 953, 959-60 (6th Cir. 2002). As for the second prong, the Sixth Circuit has described its review of district courts' class certification decisions as "narrow," *Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013), and "very limited," *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004). The Sixth Circuit will reverse a class certification decision "only if [the petitioner] makes a strong showing that the district court's decision amounted to a clear abuse of discretion." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

In discussing the first prong, Defendants claim continuing litigation would force them "to expend substantial taxpayer resources on discovery involving potentially hundreds of thousands of improperly certified class members" as well as put undue pressure on them "to consider settlement[.]" (Doc. No. 131 at 4; Doc. No. 136 at 4). However, the Sixth Circuit has explained that a defendant who contends that the costs of continuing litigation would present such a barrier that later review would be hampered "must go beyond a general assertion," and "provide the court insight into potential expenses and liabilities." *In re Delta Air Lines*, 310 F.3d at 959-960. Here, Defendants provide no such insight. (*See* Doc. No. 136 ("the costs of continuing litigation in this matter cannot be easily quantified in dollars and cents")). Accordingly, Defendants have not shown a likelihood of success on their Rule 26(f) petition on the theory that this Court's decision would be a "death-knell" for the litigation.

3

The Court also finds it unlikely that the Sixth Circuit would reverse this Court's class certification decision on appeal. Contrary to Defendants' arguments, the Court properly undertook a "rigorous analysis" to ensure Rule 23's requirements were satisfied in this case. The Court carefully considered the arguments raised by Defendants in connection with the motion for class certification, and Defendants have offered no new substantive arguments that would lead this Court to reconsider its conclusions. Because Defendants have not shown a likelihood of success on their Rule 26(f) petition or on the merits of their appeal, this factor weighs against a stay.

**B. Irreparable Harm Absent a Stay**

Next, the Court considers Defendants' potential irreparable injury absent a stay. Defendants argue they will suffer irreparable harm without a stay because they will incur considerable costs proceeding through the remaining stages of litigation, including trial. (Doc. No. 131 at 11; Doc. No. 136 at 6-7). The Court is unpersuaded that litigation costs constitute irreparable harm given the Supreme Court's guidance that "irreparable harm" is something more than "[m]ere injuries in terms of money, time and energy necessarily expended in the absence of a stay[.]" *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Accordingly, this factor weighs against a stay.

**C. Harm to Others**

Third, the Court considers whether a stay would cause substantial harm to others. Defendants attempt to meet their burden as to this factor by asserting that a delay in the proceedings is not inherently prejudicial. (Doc. No. 131 at 12). However, "a party has a right to a determination of its rights and liabilities without undue delay," *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977), and the trial in this matter is set to begin in less than six months. (*See* Doc. No. 129). Even if the Sixth Circuit were to promptly resolve Defendants' petition for interlocutory appeal, a stay at this juncture would inevitably postpone the

4

trial by several months or possibly over a year. *See ProCraft Cabinetry, Inc. v. Sweet Home Kitchen & Bath, Inc.*, 343 F. Supp. 3d 734, 741 (M.D. Tenn. 2018) ("It is impossible to predict how long the Court of Appeals may take to resolve this [Rule 23(f) petition]."); *see also Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2774446, at *3 (N.D. Ohio July 12, 2010) ("Delaying...the start of a trial can harm the non-moving party, especially when it is unclear if and when appellate review will be granted."). Accordingly, the Court finds that Defendants have failed to show that a stay would not cause substantial harm to others. This factor weighs against a stay.

**D. Public Interest**

Finally, in regard to the public interest, the Court looks to how the stay will affect the people of Tennessee. Defendants assert that a stay would serve the public interest by preventing taxpayer-funded resources on completing discovery. This argument is unpersuasive given that fact discovery closed on May 28, 2023. (*See* Doc. No. 128). Accordingly, the Court finds that Defendants have failed to show that the public interest factor weighs in favor of a stay.

On balance, and giving more weight to the "critical" first two factors, *Nken*, 556 U.S. at 434, the Court finds that Defendants failed to meet their burden of showing that these circumstances justify a stay of proceedings pending Defendants' Rule 23(f) petition and appeal.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal (Doc. No. 130) will be denied. The Clerk of Court will be directed to forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit in connection with Court of Appeals Case Number 23-0502.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE