IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE ) | | |
| NATIONAL ASSOCIATION FOR THE ) | | |
| ADVANCEMENT OF COLORED ) | | |
| PEOPLE, on behalf of itself and its members, ) | | |
| and LAMAR PERRY, CURTIS GRAY JR., ) | | |
| JOHN WEARE, BENJAMIN TOURNIER, ) | | |
| LEOLA SCOTT, and REGINALD HENDRIX, ) | | |
| For themselves and those similarly situated, ) | | |
| ) | | |
| Plaintiffs, ) | No. 3:20-cv-01039 | |
| ) | | |
| v. ) | Judge Campbell | |
| ) | Magistrate Judge Frensley | |
| WILLIAM LEE, in his official capacity as ) | | |
| Governor of the State of Tennessee; FRANK ) | | |
| STRADA, in his official capacity as ) | | |
| Commissioner of the Department of Correction ) | | |
| of the State of Tennessee; MARK GOINS, in ) | | |
| his official capacity as Coordinator of Elections ) | | |
| for the State of Tennessee; and ) | | |
| TRE HARGETT, in his official capacity as ) | | |
| Secretary of State of Tennessee. ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO LATE-FILE THEIR ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b) and LR 6.01(a), Defendants, William Lee, Frank Strada,[1] Mark Goins and Tre Hargett in their official capacities, move for leave to late-file their answer to Plaintiffs' Amended Complaint. In seeking leave to late-file their answer, Defendants have acted

---

[1] Lisa Helton is no longer interim Commissioner of the Department of Correction; Frank Strada now holds the position as Commissioner. *See Commissioner Frank Strada (tn.gov)*, https://www.tn.gov/correction/about-us/commissioner-frank-strada.html (last visited July 21, 2023). "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

in good faith, the impact of the late-filed answer in these proceedings is minimal, and Plaintiffs would suffer no prejudice should the Court grant Defendants leave. Therefore, the Court should grant Defendants' motion for leave to late-file their answer to Plaintiffs' First Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action for declaratory and injunctive relief against Defendants on December 3, 2020. D.E. 1 at 1.[2] According to Plaintiffs—a non-profit membership organization and five individuals convicted of infamous crimes under Tennessee law—Tennessee's process governing the restoration of voting rights for those convicted of disqualifying felonies violated various constitutional protections and the National Voter Registration Act, 52 U.S.C. §§ 20501, *et seq. Id.* at 5–16, 33–43. Defendants timely moved to dismiss the Complaint on December 30, 2020, arguing that Plaintiffs lacked standing and otherwise failed to state a claim. D.E. 24 at 108. While Defendants' motion remained pending, the Court allowed the parties to conduct discovery as to some of Plaintiffs' claims and held a discovery-dispute conference. D.E. 60 at 365–66; D.E. 70 at 437. On March 30, 2022, the Court entered an order granting in part and denying in part Defendants' motion to dismiss. D.E. 84 at 471.

Thereafter, the Court entered the Second Proposed Case Management Order on April 28, 2022, to establish deadlines for the parties to further conduct discovery, file dispositive motions and a motion regarding class certification, and set a target date for trial. D.E. 90 at 496–505. The Court also granted the parties' joint motion to amend the scheduling order on July 11, 2022. D.E. 95 at 523–25. Defendants filed an answer to Plaintiffs' complaint on August 3, 2022. D.E. 97 at 529.

---

[2] References to the record cite "Page ID" numbers in the D.E. file stamps.

On October 20, 2022, Plaintiffs filed their First Amended Complaint. D.E. 102 at 610. Plaintiffs thereafter filed a motion for class certification on November 1, 2022. D.E. 104 at 665. Defendants timely filed their opposition to class certification on November 22, 2022. D.E. 108 at 758. The Court also granted the parties' joint motion to amend the scheduling order on January 18, 2023, which extended the discovery and dispositive motions deadlines. D.E. 111 at 785–87. The Court further granted Plaintiffs' motion for class certification on April 13, 2023. D.E. 123 at 830-31.[3] The parties again jointly moved to amend the scheduling order on April 25, 2023, noting that Defendants had "unforeseen issues in that several of the attorneys who had been working on the case have since left the Attorney General's Office," requiring "new attorneys . . . need[ing] additional time to come up to speed on the issues and the case in general." D.E. 125 at 837–39. The Court granted the joint motion on May 1, 2023. D.E. 128 at 847–48; D.E. 129 at 849. Meanwhile, Defendants sought review of the class-certification decision in the Sixth Circuit Court of Appeals. (Case No. 23-0502 (6th Cir.), Doc. 1-1.) The appeal remains pending.

The Court also granted the parties' additional joint motion to amend the scheduling order on June 13, 2023, to allow the parties "to focus on negotiating" resolutions to Plaintiffs' claims. D.E. 140 at 990. And the Court recently extended the dispositive motions deadline after the parties reported that their settlement negotiations have paused. D.E. 145 at 1003–05.

After being assigned to this matter, and upon reviewing the filings, David M. Rudolph, counsel for Defendants (D.E. 143), discovered that Defendants have not yet filed an answer to the First Amended Complaint. Defendants now move for leave to late-file their Answer to Plaintiffs'

---

[3] Defendants have also appealed the Court's class certification ruling, *In re William Lee*, Docket No. 23-0502 (6th Cir.), and have requested the Sixth Circuit to stay the proceedings pending the appeal following this Court's denial of their motion for stay. D.E. 142 at 996.

3

First Amended Complaint.[4]

# ARGUMENT

**The Court Should Grant Defendants Leave to Late-File Their Answer to Plaintiffs' First Amended Complaint.**

Good cause exists to allow Defendants leave to late-file their answer to Plaintiffs' First Amended Complaint. Defendants' oversight in timely filing their answer is excusable. Defendants have actively litigated this matter, engaged in discovery, and sought to progress this case to resolution—all the while experiencing counsel turnover from attorneys leaving the Office of the Tennessee Attorney General. Further, Defendants have acted in good faith in seeking to promptly correct their oversight; allowing Defendants to file their answer would have little, if any, impact on the proceedings before the Court; and Plaintiffs would suffer no prejudice. As explained below, the Court should conclude that Defendants' oversight in timely filing their answer was because of excusable neglect and grant them leave to file their answer.

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the [district] court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* LR 6.01(a). The "excusable neglect" standard under Rule 6(b) "is a somewhat elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Burnswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotations omitted). In determining whether excusable neglect exists, a court considers: the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reasons for the delay; whether the delay was

---

[4] A copy of Defendants' proposed Answer to Plaintiffs' First Amended Complaint is attached as Exhibit A.

within the moving party's control; and whether the moving party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. In addition to the *Nafziger* factors, courts consider whether a defendant has a "facially meritorious defense" that could defeat a plaintiff's request for a default judgment. *See Mann v. Mohr*, 802 F. App'x 871, 877 (6th Cir. 2020); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006). Whether to grant a party's request for leave to late-file an answer is entrusted to the district court's discretion. *See Morgan*, 165 F. App'x at 428.

Here, the equities favor granting Defendants leave to late-file their answer. *First*, Plaintiffs will suffer no prejudice from the late filing. Since Plaintiffs filed their First Amended Complaint, Defendants have actively litigated this matter by engaging in discovery, opposing Plaintiffs' request for class certification, agreeing to extend deadlines in the scheduling order, and participating in settlement negotiations. Thus, "it should come as no surprise" to Plaintiffs that Defendants "wish to answer and contest" the claims raised in the First Amended Complaint. *See Elliott v. Ill. Cent. R.R. Co.*, No. 2:19-cv-02807-TLP-cgc, 2021 WL 6752208, at *1–2 (W.D. Tenn. June 9, 2021) (concluding "that it would be inequitable to deny" a party the opportunity to late-file an answer "given that the parties have actively litigated th[e] case").

*Second*, Plaintiffs cannot demonstrate the late-filing of an answer can or will cause them prejudice. Plaintiffs have not raised any issues regarding Defendants' oversight, and "there is no indication that this case would have proceeded any differently if the answer had been timely filed." *Mosholder v. Lowe's Home Ctrs., LLC*, No. 5:18-cv-1325, 2020 WL 1171549, at *2 (N.D. Ohio Mar. 11, 2020); *see also McCall v. Houston Cnty.*, No. 1:11-cv-559-MHT, 2014 WL 2949291, at *1 (M.D. Ala. June 30, 2014) (declining a request to strike portions of a late-filed answer because the parties were "actively engaged in discovery and litigation" and the plaintiff "did not bring the

5

defendants' failure to answer to the attention of either th[e] court or . . . the defendants"). Indeed, Defendants' Proposed Answer largely tracks its original answer to the complaint, with the addition of an affirmative defense that an individual plaintiff's claims are now moot. Ex. A at 18-19; D.E. 97 at 544. Because Plaintiffs would suffer no prejudice from Defendants late-filing their answer, this *Nafziger* factor favors Defendants.

*Third*, Defendants' reasons for the delay are also not due to mere inadvertence. *Cf. Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (noting that inadvertence "do[es] not usually constitute 'excusable' neglect"). Similar to the Sixth Circuit's decision in *Mann* affirming the district court's grant of leave to late-file an answer, "turnover in the [Tennessee] Attorney General's Office resulted in multiple different attorneys being assigned to" represent Defendants, and counsel have "promptly" sought to correct the oversight "upon discovering the missed deadline." *See* 802 F. App'x at 877. These facts, along with Defendants acting in good faith and the lack of prejudice to Plaintiffs, "weigh[] in favor of finding excusable neglect." *Id.*

And *fourth*, Defendants have acted in good faith to correct their oversight. Since Plaintiffs filed their First Amended Complaint, Defendants have encountered unforeseen turnover in their counsel to represent them in this matter. And despite the turnover, Defendants have actively defended this matter. Allowing Defendants to correct their oversight would have little, if any, impact on this case. *See Elliott*, 2021 WL 6752208, at *2. This factor too weighs in favor of granting Defendants leave.

The remaining *Nafziger* factors are not dispositive in this case. To be sure, Defendants seek to correct their oversight nearly nine months after the deadline. *See* Fed. R. Civ. P. 15(a)(3) (stating in relevant part that a response to an amended pleading should be filed within 14 days after service of the amended pleading). But the delay has not caused any impact on the proceedings before the Court. Even without Defendants filing a timely answer, "[t]he parties have thoroughly

6

litigated this case in good faith" with "virtually no delay in [its] progression." *See Mosholder*, 2020 WL 1171549, at *2 (granting the defendant leave to late-file its answer to the complaint after it "was due almost one year ago"); *see also Morgan*, 165 F. App'x at 428–30 (affirming the district court's determination that excusable neglect existed to allow a defendant to file its answer "almost eight months after it was due").

And while Defendants had control over when to file their answer, Rule 6(b) requires the Court to make an equitable determination by considering "all relevant circumstances." *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Given Defendants' good faith in promptly correcting their oversight, the minimal impact the late-filed answer will have on these proceedings, and the lack of prejudice to Plaintiffs, the *Nafziger* factors favor finding excusable neglect here.

But even if the Court concludes that the factors break otherwise, the Court should still grant Defendants' request for leave. In addition to federal courts' "strong policy favoring adjudication on the merits," Defendants' "facially meritorious defense" to Plaintiffs' claims would certainly entitle them to set aside any entry of default. *See Morgan*, 165 F. App'x at 430. Throughout this litigation, Defendants have advanced meritorious defenses that Plaintiffs lack standing and otherwise fail to show that Tennessee's voting restoration process for felony offenders violates either the United States Constitution or federal statutes. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (stating that, in the default judgment context, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced"). In sum, the Court should find that excusable neglect exists here and grant Defendants' request for leave.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant Defendants' motion for leave to late-file their answer to Plaintiffs' First Amended Complaint.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter


/s/ *Dawn Jordan*
Dawn Jordan
Special Counsel

Zachary Barker
Assistant Attorney General

David Rudolph
Assistant Attorney General

Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-6440
Dawn.Jordan@ag.tn.gov
Zachary.Barker@ag.tn.gov
David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Danielle Lang | Charles K. Grant |
| Mark Graber | Denmark J. Grant |
| Aseem Mulji | Baker, Donelson, Bearman |
| Campaign Legal Center | Caldwell & Berkowitz, P.C. |
| 1101 14th Street NW, Suite 400 | 1600 West End Avenue, Suite 2000 |
| Washington, DC 20005 | Nashville, TN 37203 |
| | |
| Phil Telfeyan | Keeda Haynes |
| Natasha Baker | Free Hearts |
| Equal Justice Under Law | 2013 25th Ave. N. |
| 400 7th St. NW, Suite 602 | Nashville, TN 37208 |
| Washington, DC 20004 | |

Date: July 26, 2023

                                                                       s/ *Dawn Jordan*
                                                                       DAWN JORDAN