IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) No. 3:20-cv-01039 |
| v. | )<br>) Judge Campbell<br>) Magistrate Judge Frensley<br>) |
| WILLIAM LEE, et al. | )<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, William Lee, Frank Strada, Mark Goins, and Tre Hargett, move for summary judgment on all counts of the First Amended Complaint.[1] Plaintiffs lack standing to assert Counts 1 through 3, which involve Tennessee's process for obtaining a Certificate of Restoration of voting right ("COR"). On the undisputed facts, Defendants are entitled to summary judgment because Plaintiffs have not been injury in any legally cognizable way. Thus, they have no standing to assert a violation of due process. Additionally, Defendants are entitled to summary judgment on Count 1 because Plaintiffs have no liberty interest in receiving restoration certificates and because Plaintiffs have not shown that they satisfied the criteria for restoration of the right to vote. Moreover, as a matter of law, Plaintiffs cannot show that Tennessee's procedures provide inadequate protection under due process principles.

---

[1] Frank Strada is the current Commissioner of Tennessee Department of Correction.

On Count 2 regarding alleged deprivation of the right to vote, Defendants are entitled to summary judgment because disenfranchised felons have no fundamental right to vote. Defendants are also entitled to summary judgment on Count 3 because Defendants' implementation of Tennessee's re-enfranchisement statute is rationally related to the legitimate state interests of reducing administrative costs and reducing administrative burdens on statewide officials.

Defendants are also entitled to summary judgment on Counts 4 and 6 involving the National Voter Registration Act of 1993 ("NVRA"), because the Tennessee Conference of the NAACP ("NAACP") lacks standing. The NAACP has not demonstrated any injury in fact, nor has it shown that any of its members have suffered injury under the alleged violations of the act. As a matter of law, there are no violations of the NVRA. The voter-registration forms sufficiently inform applicants of voter-eligibility requirements. Also, Tennessee ensures that eligible applicants are registered to vote, and Tennessee's practice does not violate the accept-and-use mandate included on the Federal Form.

Defendants are entitled to summary judgment on Count 5 because, as a matter of law, there is no constitutional violation of the right to vote. Tennessee does not reject all voter registration forms on which the applicant affirmed that they have a felony conviction. Moreover, Tennessee's practice is rationally related to its legitimate interest in combatting voter fraud, safeguarding voter confidence, and ensuring accurate record keeping.

Under Federal Rule of Civil Procedure 56(a) a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. For each of count in the amended complaint, Plaintiffs have failed to create a genuine issue of material fact, and Defendants are entitled to summary judgment on all counts. The case should be dismissed in its entirety.

In support of this Motion, Defendants rely on the contemporaneously filed Statement of Undisputed Material Facts, Memorandum of Law in Support of the Motion, and the exhibits attached to the Memorandum.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

Sincerely,

/s/ *Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Assistant Attorney General

DAWN JORDAN
Senior Counsel

DAVID RUDOLPH
Senior Assistant Attorney General

Public Interest Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Danielle Lang<br>Mark Graber<br>Aseem Mulji<br>Campaign Legal Center<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005 | Charles K. Grant<br>Denmark J. Grant<br>Baker, Donelson, Bearman<br>Caldwell & Berkowitz, P.C.<br>1600 West End Avenue, Suite 2000<br>Nashville, TN 37203 |
| Phil Telfeyan<br>Natasha Baker<br>Equal Justice Under Law<br>400 7th St. NW, Suite 602<br>Washington, DC 20004 | Keeda Haynes<br>Free Hearts<br>2013 25th Ave. N.<br>Nashville, TN 37208 |

Date: August 2, 2023

                                                                                */s/ Zachary L. Barker*
                                                                                Assistant Attorney General