IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF MARK GOINS, COORDINATOR OF ELECTIONS, TENNESSEE SECRETARY OF STATE, DIVISION OF ELECTIONS**

I, Mark Goins, declare the following:

1. I am the Coordinator of Elections for the State of Tennessee. I am over the age of eighteen years, and I am competent to testify on the matters set forth herein.

2. On June 29, 2023, the Tennessee Supreme Court issued a decision interpreting the statutory restoration process of the right to vote for certain individuals with felony convictions in the State of Tennessee. *Falls v. Goins*, No. M2020-01510-SC-R11-CV, 2023 WL 4243961 (Tenn. June 29, 2023) (Exhibit 1). In that decision, the Court clarified that for an individual with a felony conviction to regain the right to vote in Tennessee, that individual must comply with *both* Tenn Code Ann. § 2-19-143 and the additional requirements set forth in Tenn. Code Ann. § 40-29-202. *Falls*, 2023 WL 4243961, at *7. The statutes read together create "a two -step

1

statutory process that is necessary to complete in its entirety before the right of suffrage is restored." *Id.*

3. Based on this decision, the Division of Elections determined that it was necessary to revise its policies and procedures for the restoration of voting rights for individuals with felony convictions and used the logic and analysis from *Falls v. Goins* to inform these revised policies and procedures. On July 21, 2023, the Division of Elections issued revised guidance on the COR process to require:

> A person convicted of a felony in a Tennessee court, an out-of-state court, or a federal court must:
>
> 1. Have been pardoned by a Governor, U.S. President, or other appropriate authority of a state *or* have had full rights of citizenship restored as prescribed by law, **and**
>
> 2. Have paid all restitution to the victim or victims of the offense order by the court as part of the sentence, if any; **and**
>
> 3. Have paid all court costs assessed, if any, unless the court made a finding of indigency; **and**
>
> 4. Is current in all child support obligations, if any.

(*See* Ex. 3, Memo to County Elections Commissions.) This revised guidance was issued in a memorandum sent to the 95 County Election Administrators, the Clerks of the Circuit and/or Criminal Courts, the Tennessee Department of Correction, the U.S. Probation and Parole district offices, along with a new certificate of voting rights restoration form. (*See* Ex. 2, COR Form; Ex. 3, Memo to County Elections Commissions; Ex. 4, Memo to Tenn. Government Officials; Ex. 5, Memo to Federal Gov. Officials; Ex. 6, Memo to Clerks of Court.) These documents were issued in compliance with my statutory duties under Tenn. Code Ann § 40-29-205.

4. On July 21, 2023, the Division of Elections also announced policy revisions for the processing of voter registration applications for individuals with felony convictions prior to January 15, 1973, and for individuals with felony convictions between January 15, 1973, and May 17, 1981. These policy revisions were done to provide greater clarity to the process and to avoid the unnecessary rejection of voter registration applications of individuals who had not lost their voting rights due to a felony conviction. Under the prior policy, a voter registration application indicating that the applicant had been convicted of a felony was rejected unless the application was accompanied with a document demonstrating that the individual's voting rights had been restored (e.g., a Certificate of Restoration). The revised policy, set forth in a memorandum issued to the 95 County Election Administrators, instructs the Administrators to process voter registration applications for individuals in two categories: (1) individuals with pre-January 15, 1973, convictions that did not commit an infamous crime and (2) individuals with convictions between January 15, 1973, and May 17, 1981, if the person indicates on the face of the form that the person has a felony conviction in either of those categories. (Ex. 7, Memo on Older Felonies.) The revised policy further instructs that such persons do not have to provide any additional documentation to prove that they are eligible. In addition, the memo provides a list of the infamous crimes for the County Election Administrator to reference when reviewing a voter registration application listing a pre-January 15, 1973, felony conviction. (*Id.* at 2.)

5. If a County Election Administrator receives a voter registration application from an individual with a felony conviction, but it is not apparent from the face of the form that the individual's conviction(s) fall(s) within either of these two categories, the application will still be rejected unless the applicant provides supplemental documentation eligibility. However, that individual has a statutory right to appeal the rejection of their application. Specifically, Tenn.

Code Ann. § 2-2-125 requires the County Election Administrator to provide the reason for the rejection of an application, to inform the applicant of the right to appeal and to provide an appeal form. This form, the Voter Registration Rejection Appeal Form, has been updated to include as a ground for appeal that the rejected applicant did not lose their right to vote because they fall in one of the aforementioned categories. (*Id.* at 2; Ex.8, Rejection Appeal Form.)

6. As previously stated, these revised policies were issued and became effective on July 21, 2023.

Pursuant to U.S.C. § 1746, I declare under penalty of perjury the foregoing to be true and correct.

MARK GOINS

Executed on: 26 July 2023