IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY <br><br> **[Class Action]** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit this reply in support of their motion for extension of time to file their response to Defendants' motion for summary judgment. In their response to the instant motion, Defendants misstate the holding in *Falls v. Goins* and mischaracterize Plaintiffs' position on their requested extension of time. Plaintiffs offer the following clarifications.

First, the Tennessee Supreme Court's holding in *Falls v. Goins* is limited in scope. The issue before the court was whether a Tennessean with a Virginia state conviction who was granted clemency by the Virginia governor restoring his right to vote is still required to meet the criteria for a Certificate of Restoration (COR), including payment of court costs and restitution, to vote in Tennessee. *Falls v. Goins*, No. M202001510SCR11CV, 2023 WL 4243961, at *1 (Tenn. June 29, 2023). The state supreme court held that, yes, an individual with an out-of-state conviction in Mr. Falls' factual circumstance "is subject to the additional preconditions to re-enfranchisement" in T.C.A. § 40-29-202(b) and (c) requiring payment of court costs and restitution. *Id.* at *3.

1

In so ruling, the Tennessee Supreme Court unambiguously cabined its holding to the specific facts of Mr. Falls' case, noting that:

> under the facts of this case, Mr. Falls' citizenship and voting rights were not restored in Virginia until after he had established residency in Tennessee. *We limit the scope of our analysis to these facts and these facts only.* We express no opinion as to the outcome of a hypothetical case in which a person convicted of an infamous crime in another state regains citizenship and voting rights in that person's state of prosecution before establishing residency and attempting to vote in Tennessee.

*Id.* (emphasis added). Thus, the "two-step statutory process" Defendants cite in their account of the case refers to what is required of citizens in Mr. Falls' position who were convicted of an infamous crime in another state and secured clemency in that state after establishing residency in Tennessee but must now take the second step of obtaining a COR before having the right to vote in Tennessee. *Id.* at *7. The state court was neither presented with nor did it consider any question as to the requirements for obtaining a COR for a person with a Tennessee or federal conviction. Indeed, the court expressly declined to consider any such "hypothetical." *Id.* at *3.

In other words, *Falls* is not the "landmark decision" Defendants make it out to be. The case offers no basis for Defendants' attempt to overwrite Tennessee's voting rights restoration laws through a policy memorandum, which Plaintiffs now seek necessary time to evaluate.

<u>Second</u>, to clarify their position regarding the requested extension, Plaintiffs do seek a 30-day extension of the briefing schedule as to Defendants' motion for summary judgment on the COR claims (Counts 1-3), and a continuance of trial as to the COR claims to accommodate the extension. This additional time is needed to evaluate whether Defendants' eleventh-hour changes to their rights restoration policies have any practical or legal effect on the rights of class representatives and other members of the certified class, or their COR claims. *See* ECF No. 158 at 4-5.

However, Plaintiffs do not oppose a commensurate extension of time to brief TN NAACP's claims challenging Defendant Goins's and Hargett's voter registration forms and procedures (Counts 4-6). Plaintiffs simply maintain that such an extension is not necessary because those claims stand in a different posture. No additional time is needed to evaluate Defendants' new voter registration procedures. Unlike the new COR policies, the updated voter registration procedures have no possible bearing on the rights of certified class members. And they plainly move the State closer (though not all the way) to compliance with the NVRA. *See* Pls.' Mot. for Summ. J., ECF No. 154 at 29-33. Thus, the cross-motions on TN NAACP's NVRA claims (Counts 4 and 6) and Defendants' motion as to TN NAACP's constitutional right to vote claim (Count 5) can be briefed under the current schedule. However, if the Court prefers that the briefing of the COR and voter registration claims proceed on the same schedule, then Plaintiffs would not oppose an extension that applies to all claims and all parties as proposed by Defendants.

Dated: August 11, 2023

Respectfully submitted,

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker*
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org

Blair Bowie*
Danielle Lang*
Alice C. Huling*
Valencia Richardson*
Aseem Mulji*
Ellen Boettcher*
Kate Uyeda, BPR No. 040531
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
Bbowie@campaignlegal.org
Dlang@campaignlegal.org
Ahuling@campaignlegal.org
VRichardson@campaignlegal.org
Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org

\* Admitted pro hac vice

/s/ Charles K. Grant
Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Petitioners-Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, a copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
Special Counsel
dawn.jordan@ag.tn.gov

ALEXANDER S. RIEGER (BPR #29362)
Assistant Attorney General
Alex.rieger@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Assistant Attorney General
Zachary.barker@ag.tn.gov

PABLO A. VARELA (BPR #29436)
Assistant Attorney General
Pablo.varela@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
Senior Assistant Attorney General
david.rudolph@ag.tn.gov


Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

                                                /s/ Charles K. Grant
                                                Charles K. Grant