IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TENNESSEE CONFERENCE of the NATIONAL
ASSOCIATION for the ADVANCEMENT of
COLORED PEOPLE, et al.,

        Plaintiffs,

  v.

WILLIAM LEE, in his official capacity as Governor of
the State of Tennessee, et al.,

        Defendants.

Civil No. 3:20-cv-01039

JUDGE CAMPBELL
MAGISTRATE JUDGE
FRENSLEY

(Class Action)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF UNDER
RULE 56(d); MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiffs respectfully move this Court to reopen discovery for an additional three months and deny as untimely Defendants' Motion for Summary Judgment as to Counts 1-3 regarding the Certificate of Voting Rights Restoration (COR) process. ECF Nos. 150, 151, 152.[1] In the alternative, Plaintiffs respectfully move this Court to reopen discovery for an additional three months and defer responsive briefing and consideration of Defendants' Motion for Summary Judgment as to Counts 1-3, *id.*, until after the close of the requested additional discovery. In addition, Plaintiffs respectfully request an extension of time to

---

[1] Plaintiffs' motion for summary judgment as to Counts 4 and 6 under the National Voter Registration Act (NVRA) can be decided on the undisputed factual record. *See* ECF No. 154. And Plaintiffs do not require relief under Rule 56(d) in order to respond to Defendants' Motion for Summary Judgment as to Counts 4, 5, and 6.

1

file their opposition to Defendants' Motion for Summary Judgment pending the Court's consideration of Plaintiffs' Rule 56(d) motion, until 14 days after that motion is resolved.

Plaintiffs seek to reopen discovery to further develop the factual record in light of Defendants' recent substantial changes to their procedures related to voting rights restoration, including the issuance of CORs, all of which occurred after the close of discovery. Although the parties' Motions for Summary Judgment are presently before the Court and briefing on the same is ongoing, Plaintiffs do not have adequate information related to the implementation of Defendants' recently issued voting rights restoration guidance, which is relevant to Plaintiffs' opposition of Defendants' Motion for Summary Judgment as to Counts 1-3. The belated and significant changes to Defendants' procedures, which are directly at issue in this case, demonstrate that material issues of fact remain, and the COR-related claims are not suitable to resolution on a motion for summary judgment. Plaintiffs therefore urge the Court to deny without prejudice Defendants' Motion for Summary Judgment as to Counts 1-3 and reopen discovery for three months for the limited purposes outlined below and detailed in the attached Declaration of Blair Bowie.

## BACKGROUND

Plaintiffs filed their original Complaint against Defendants in this case on December 3, 2020. *See* ECF No. 1. On December 30, 2020, Defendants filed a Motion to Dismiss this action. ECF Nos. 24, 25-1. Discovery relating to the constitutional claims was stayed pending the Court's decision on that motion, ECF No. 60, but Plaintiffs began conducting discovery relating to their statutory claims under the National Voter Registration Act (NVRA). On March 30, 2022, this Court denied Defendants' Motion to Dismiss as to all claims except for Count 5. ECF Nos. 83, 84.

Discovery opened thereafter on all claims and was ordered by this Court to close on April 3, 2023. ECF No. 90 at 8.

Plaintiffs diligently conducted discovery, including depositions, for more than two years. Plaintiffs made requests for production concerning Defendants' longstanding procedures for administering voting rights restoration and voter registration, including data and information relating to the state's administration and assessment of each of the statutory eligibility criteria for issuing CORs under Tenn. Code Ann. §§ 40-29-202, 204. Bowie Decl. at ¶ 4. Plaintiffs also commissioned two expert analyses of those procedures and eligibility criteria and deposed 18 fact witnesses, including Defendants and third-party officials involved in administering the rights restoration and voter registration process. *Id.* Defendants delayed in responding to Plaintiffs' requests and neglected to notice any depositions until the very end of the discovery period, resulting in multiple modifications to the scheduling order, including two delays of the close of discovery. *Id.* at ¶ 5; s*ee* ECF Nos. 95, 110, 125, 128. Fact discovery ultimately closed on May 28, 2023. Bowie Decl. at ¶ 6; ECF Nos. 125, 128.

Following the close of discovery, the parties immediately entered settlement negotiations. As of June 12, 2023, the parties represented to the Court that they had made "significant progress towards a resolution" of Claims 1-3 regarding the COR process and that neither party anticipated filing motions for summary judgment on Claims 1-3. ECF No. 139. Settlement discussions continued well into July, reaching near agreement on all of Plaintiffs' claims. Bowie Decl. at ¶ 8. Those discussions ended abruptly on July 18, at which time Defendants withdrew their settlement offers and informed Plaintiffs for the first time that they intended to file a summary judgment motion not only on Claims 4-6 but also on Claims 1-3 regarding the COR process. *Id.* On July 19, one day after Plaintiffs learned Defendants intended to file a motion for summary judgment on all

of Plaintiffs' claims, the parties filed a joint motion to move the dispositive motion deadline back by one week to prepare their motions.[2] ECF No. 144. At that time, little more than one week before the dispositive motion deadline, Defendants made no indication that new COR and voter registration procedures were being developed, nor that any supplemental disclosures were forthcoming. Bowie Decl. at ¶ 8.

On Friday, July 21, Plaintiffs learned from *public reporting* that Defendant Goins had that day issued guidance to county election officials changing his interpretation of the State's requirements for individuals with felony convictions to restore their voting rights, purportedly based on his reading of the Tennessee Supreme Court's June 29 decision in *Falls v. Goins*, ___ S.W.3d ___, 2023 WL 4243961 (Tenn. June 29, 2023). Bowie Decl. at ¶ 10. Defendant Goins's memorandum also announced changes to the procedure for issuing CORs and to the COR form itself. *See* ECF No. 151-5. Under the new procedures, Defendants refuse to issue CORs to otherwise eligible applicants unless they also "have been pardoned by a Governor, U.S. President, or other appropriate authority of a state *or* have had their full rights of citizenship restored as prescribed by law." ECF No. 151-5 at 1. COR applicants must now submit with their COR form "evidence of either a Pardon by the appropriate authority, or evidence of the person's full rights of citizenship having been restored, such as by a court," including if applicable a "certified copy of the court order." *Id.* at 2. In effect, Defendants have added an entirely new administrative COR eligibility requirement not found in Tennessee law. *See* Tenn. Code Ann. § 40-29-201, *et seq.*[3]

---

[2] The Court granted the parties joint motion on July 21. ECF No. 145.
[3] As Plaintiffs have explained, *see* ECF No. 162, Defendants' claim in their summary judgment motion that the new eligibility criterion is somehow required by Tenn. Code Ann. § 2-19-143 as construed in *Falls* rests on an incorrect reading of that opinion. *See* ECF No. 151 at 15.

Defendants did not disclose this new rights restoration procedure to Plaintiffs until Tuesday, July 25. *See* ECF No. 158-1. That day, Defendants also disclosed that Mr. Goins had issued a separate memorandum on July 21 outlining a new policy for processing voter registration forms from individuals with pre-1981 felony convictions, relevant to Plaintiff TN NAACP's claims under the NVRA and the Fourteenth Amendment (Counts 4-6). *See* ECF No. 151-2; Bowie Decl. at ¶ 12.

At no time did Defendants suggest to Plaintiffs or the Court that their newly issued procedures would significantly change the factual circumstances of this case or that they could warrant additional relevant discovery. Instead, on August 2, Defendants moved for summary judgment on all of Plaintiffs' claims, including Plaintiffs' COR-related claims, based upon new facts that Plaintiffs had no opportunity to probe in discovery. ECF No. 150, 151, 152. In their summary judgment motion, Defendants reference their new procedures and administrative eligibility criterion numerous times and argue the new procedures negate any claim members of the certified class may have to due process and equal protection in seeking a COR. *See, e.g.*, ECF No. 151 at 15, 17, 25, 30; *see also* Bowie Decl. at ¶¶ 17-21.

On August 8, Plaintiffs requested an extension of time to respond to Defendants' motion for summary judgment in order to better understand and investigate Defendants' new COR-related procedures.[4] Plaintiffs have since diligently investigated the practical effect of Defendants' new procedures on individual plaintiffs as well as numerous individuals who wish to restore their voting rights through the COR process and will soon join the certified class of COR seekers. Bowie Decl. at ¶ 15.

---

[4] The Court granted Plaintiffs' requested extension and the deadline for Plaintiffs' response to Defendants' Motion for Summary Judgment is set for September 22, 2023. ECF No. 164.

On August 3, Plaintiffs met and conferred with Defendants about their continuing obligations to supplement discovery responses with documents and communications relating to the practical administration of their new policies, which Plaintiffs' counsel had requested from Defendants by email on July 26. *Id.* at ¶ 16. During the August 3 conference, Plaintiffs requested that Defendants provide supplemental disclosures by August 14 to provide sufficient time to review documents before the summary judgment response deadline. *Id.* Defendants provided a small, incomplete portion of those supplements on August 3, and Defendants only just recently provided the next batch recently on September 6, with a privilege log. *Id.* While Plaintiffs' review of Defendants' September 6 disclosure is ongoing, initial review suggests the disclosure remains substantially incomplete. *Id.*

Plaintiffs require not only additional time to continue their ongoing investigation as to the impact of the new policy on members of the certified class and respond to Defendants' limited supplemental disclosures, but also, as described in detail in the attached Declaration of Blair Bowie, Plaintiffs have determined that additional discovery pertaining to Defendants' July 21, 2023 procedures is required in order to fully respond to Defendants' Motion for Summary Judgment as to Counts 1-3. Bowie Decl. at ¶¶ 17-26.

## ARGUMENT

**I. Under Rule 56(d), the Court Should Reopen Discovery and Deny Defendants' Motion for Summary Judgment as to Counts 1-3 as Untimely or Defer Consideration of the Motion Until After Further Discovery is Completed.**

Federal Rule of Civil Procedure 56(d) recognizes that when a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may "deny" or defer consideration of the pending summary judgment motion, "allow time to obtain . . . or take discovery," or "issue any other

6

appropriate order." Fed. R. Civ. P. 56(d). The Sixth Circuit has observed that Rule 56(d) motions "should be granted almost as a matter of course unless the [party opposing summary judgment] has not diligently pursued discovery of the evidence." *See Doe v. City of Memphis*, 928 F.3d 481, 490-91 (6th Cir. 2019) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 n.7 (6th Cir. 2014) (citing with approval out-of-circuit cases stating that motions to invoke Rule 56(d) should be construed generously)).

A Rule 56(d) motion is generally appropriate "when parties have no opportunity for discovery." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). While Plaintiffs conducted discovery on Defendants' longstanding rights restoration and COR-related procedures, *see* Bowie Decl. at ¶¶ 4-6, that discovery was concluded prior to Defendants' announcement of significant alterations of those same procedures. Moreover, Defendants rely precisely on those alterations to support their motion for summary judgment on Counts 1-3. Thus, Plaintiffs have effectively been foreclosed from an "opportunity for discovery" of the *current* procedures the constitutionality of which Plaintiffs are challenging, thereby warranting denial of Defendants' summary judgment motion as to Plaintiffs' COR-related claims and additional discovery regarding Defendants' guidance issued on July 21. *See CenTra, Inc.*, 538 F.3d at 420.

Rule 56(d) motions are also appropriate in cases with some discovery, but where "Plaintiffs did not receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.'" *See Doe*, 928 F.3d at 496 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). Relevant considerations for such motions include: "(1) when the [movant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would [change a summary judgment ruling]; (3) how long the discovery period [] lasted; (4) whether the [movant] was dilatory in its discovery efforts; and (5) whether the [opposing party]

was responsive to discovery requests." *See*, *e.g.*, *Doe*, 928 F.3d at 491 (citing *CenTra Inc.*, 538 F.3d at 420).

Here, Defendants issued and informed Plaintiffs of their significant alterations to the procedures challenged in this lawsuit almost two months after the close of discovery in this case, and just over one week before dispositive motions were then due. *See* ECF No. 158-1. Plaintiffs now seek discovery concerning the implementation of these new procedures, which is directly relevant to Counts 1-3 and whether summary judgment on those claims is warranted. *See* Bowie Decl. at ¶¶ 17-21. And while Plaintiffs have diligently conducted fulsome discovery in this case[5]—and that discovery related to the implementation of the prior procedures is still relevant and informative—it has belatedly been rendered incomplete as it does not speak to the how the newly announced procedures are being implemented and how they affect class members.

For instance, Plaintiffs have had no opportunity (or reason) to discover how the state defines restoration of a person's "full rights of citizenship;" what avenues exist for members of the certified class, including those with out-of-state and federal convictions, to satisfy Defendants' new administrative eligibility criterion; the procedures for members of the protected class to obtain "full rights of citizenship" for Tennessee, federal, and out-of-state convictions; what counts as sufficient proof of having satisfied the new criterion; how the existing statutory eligibility criteria for a COR in Tenn. Code Ann. § 40-29-201, *et seq.*, interact with the new criterion; what training and guidance has or will be provided to officials responsible for assessing this new criterion; and how the new procedures are being administered in regional and county offices. Bowie Decl. at ¶ 17-22. This evidence is relevant to assessing Defendants' nonsensical argument that their new

---

[5] The Sixth Circuit has observed that in considering Rule 56(d) motions, "our main inquiry is whether the moving party was diligent in pursuing discovery." *Doe*, 928 F.3d at 491.

administrative criterion renders members of the plaintiff class—that is, all COR seekers—without any right to due process and equal protection in requesting a COR. *See* ECF No. 151 at 8-9, 17-18. The first four considerations plainly favor Plaintiffs' requested 56(d) relief as to Counts 1-3.

The fifth factor similarly weighs in Plaintiffs' favor given Defendants' dilatory responses to Plaintiffs' discovery requests throughout this case. *See Doe*, 928 F.3d at 495-96 ("Defendant was not responsive to Plaintiffs' discovery requests, and this factor weighs for Plaintiffs."). Defendants' delays have necessitated multiple changes to the scheduling order, *see* ECF Nos. 95, 110, 125, 128, and Defendants have not made necessary supplemental disclosures without repeated prompting from Plaintiffs. *See* Bowie Decl. at ¶¶ 5, 16. Defendants' belated supplemental disclosures include some documents regarding their new procedures, but the disclosures appear incomplete and were produced on September 6—months late and well after Defendants moved for summary judgment—leaving little time to conduct any meaningful review to inform Plaintiffs' summary judgment response. *Id.* at ¶ 16. Additional time is needed to review these late-disclosed documents and to conduct necessary affirmative discovery and follow-up in the form of targeted document requests, interrogatories, and depositions regarding the genesis and administration of Defendants' new procedures.

For these reasons, Plaintiffs respectfully request that the Court reopen discovery for three months to allow Plaintiffs time to probe Defendants' new policies and guidance released on July 21 regarding the procedures and requirements for individuals with felony convictions to restore their voting rights and register to vote. During such discovery period, in the interest of conducting such discovery with minimal delay, Plaintiffs further request the Court to shorten Defendants' time to respond to Plaintiffs' limited additional requests for production and interrogatories to 14 days pursuant to Rules 33(b)(2) and 34(b)(2)(A). In addition, Plaintiffs request the Court deny

Defendants' Motion as to Counts 1-3 as untimely or defer responsive briefing and consideration of Defendants' Motion for Summary Judgment as to those claims until after the close of the requested additional discovery.

**II. Under Rule 6(b), Good Cause Exists to Extend the Time for Plaintiffs to File Their Opposition to Defendants' Motion for Summary Judgment Pending the Court's Consideration of the 56(d) Motion, until 14 Days After the Resolution of that Motion**

In addition to the above relief, pursuant to Rule 6(b) and LR 6.01, Plaintiffs respectfully request an extension of time to respond to Defendants' Motion for Summary Judgment, pending the Court's consideration of the instant 56(d) Motion, resetting the deadline to 14 days after the resolution of that Motion.

Good cause exists for further extension of the response deadline pending a decision on the broader relief requested under Rule 56(d). In the time since Plaintiffs' last requested extension, Plaintiffs' counsel has worked diligently to assess the practical effect of Defendants' procedures on individual Plaintiffs and members of the protected class, as well as several individuals who wish to restore their voting rights through the COR process and will soon join the certified class of COR seekers. Bowie Decl. at ¶ 15. That investigation is ongoing. And, as explained above, the assessment and Plaintiffs' response to various claims in Defendants' summary judgment motion will depend upon additional discovery regarding Defendants administration of their new guidance. *Id.* at ¶ 17-26. Furthermore, Plaintiffs also received from Defendants a belated supplemental disclosure on September 5, as well as a privilege log, which appear inadequate on initial review but will demand additional time for review, assessment, and follow up before the current response deadline. *Id.* at ¶ 16.

Thus, pending the Court's consideration of the requested relief under Rule 56(d), Plaintiffs respectfully request additional time to file their response to Defendant's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reopen discovery as to Defendants' new policies and guidance released on July 21 and deny as untimely Defendants' Motion for Summary Judgment as to Counts 1-3 or defer responsive briefing and consideration of such motion until after the requested discovery period concludes, pursuant to Rule 56(d). Plaintiffs further request that the Court shorten Defendants' time to respond to Plaintiffs' discovery requests to ensure timely completion of additional discovery, pursuant to Rules 33(b)(2) and 34(b)(2)(A). Finally, Plaintiffs request the Court extend the current deadline for Plaintiffs to respond to Defendants' Motion for Summary Judgment pending the Court's consideration of Plaintiffs Rule 56(d) Motion, until 14 days after the resolution of that Motion, pursuant to Rule 6(b) and LR 6.01.

Dated: September 12, 2023

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker*
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org


* Admitted pro hac vice

Respectfully submitted,

Blair Bowie*
Danielle Lang*
Alice C. Huling*
Valencia Richardson*
Aseem Mulji*
Ellen Boettcher*
Kate Uyeda, BPR No. 040531
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
Bbowie@campaignlegal.org
Dlang@campaignlegal.org
Ahuling@campaignlegal.org
VRichardson@campaignlegal.org
Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org

/s/ Charles K. Grant
Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Petitioners-Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, a copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 56(d)/MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
dawn.jordan@ag.tn.gov

ALEXANDER S. RIEGER (BPR #29362)
Alex.rieger@ag.tn.gov

ANDREW CRAIG COULAM
Andrew.Coulam@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Zachary.barker@ag.tn.gov

PABLO A. VARELA (BPR #29436)
Pablo.varela@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
david.rudolph@ag.tn.gov

ROBERT WADE WILSON
Robert.Wilson@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

/s/ Charles K. Grant
Charles K. Grant