IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al.,<br><br>Defendants. | Civil No. 3:20-cv-01039<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY**<br><br>[Class Action] |

**PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS
FOR WHICH THERE IS NO GENUINE DISPUTE[1]**

**I.     Additional Facts Related to the July 2023 Memo**

1.     Under the new guidance promulgated by Defendants on July 21, 2023 ("July 2023 Memo"), applications from certain groups of eligible voters with felony convictions are still to be rejected absent additional documentation proving the individual's eligibility. Pl. MSJ Ex. 11, ECF No. 156-20.

**Response:**

2.     For example, the July 2023 Memo only allows applications with pre-1973 convictions to be processed if the applicant indicates on the face of a voter registration form that

---

[1] Plaintiffs incorporate by reference their Statement of Undisputed Material Facts in support of their Motion for Summary Judgment, ECF No. 155, as if stated herein.

1

their pre-1973 convictions were for crimes that could not render them infamous. Pl. MSJ Ex. 11, ECF No. 156-20 at 1.

**Response:**

3. Accordingly, an application from an individual with a pre-1973 conviction for a potentially infamous felony, but who was not actually rendered infamous—and who therefore was never rendered ineligible—will nevertheless be rejected absent documentary proof pursuant to the July 2023 Memo. *See* Pl. MSJ Ex. 11, ECF No. 156-20 at 1.

**Response:**

4. The July 2023 Memo also retains a blanket rejection policy for applicants with felony convictions who submit a version of the state registration form that does not provide a space for them to disclose their date and crime of conviction. *See* Pl. MSJ Ex. 11, ECF No. 156-20 at 1-2.

**Response:**

5. The July 2023 Memo includes no explicit guidance about whether eligible voters with grace-period convictions or non-disqualifying pre-January 15, 1973 convictions are still required to produce documentary proof of eligibility before their registration forms will be accepted. Indeed, the Memo makes no reference whatsoever to the State's longstanding policy requiring such voters to produce documentation. Pl. MSJ Ex. 11, ECF No. 156-20 at 2 (July 2023 Memo).

**Response:**

6. Defendants' new guidance includes an update to the Voter Registration Appeal Request. Ex. 13 at DEF001097 (2023 Voter Registration Appeal Request); Pl. MSJ Ex. 11, ECF No. 156-20 at 2 (July 2023 Memo).

**Response:**

7. The updated Voter Registration Appeal Request does not include the list of potentially disqualifying, pre-January 15, 1973 convictions. Ex. 13 at DEF001097 (2023 Voter Registration Appeal Request).

**Response:**

8. Likewise, the revised Voter Registration Appeal Form only states that an individual is eligible if the "felony conviction was before January 15, 1973, and the judgement did not declare [the applicant] infamous. ([The applicant] did not lose [their] voting rights."), without mentioning that only some felony convictions may be deemed infamous. Ex. 13 at DEF001097 (2023 Voter Registration Appeal Request).

**Response:**

9. There is no evidence that Defendants have trained counties to no longer implement the blanket-rejection policy of pre-January 15, 1973 or grace period convictions in light of the July 2023 Memo. *Cf., e.g.,* ECF No. 151-1 ¶ 3 (Goins Decl.) (stating that the guidance was sent to all county election officials, circuit courts, and federal and state probation and parole officials, but not stating that any further training or education has been undertaken).

**Response:**

10. Some election officials have expressed misunderstanding about when and how to apply the new guidance in the July 2023 Memo. *See e.g.*, Ex. 11 at DEF002428-31 (July 27 and 21, 2023 Warren Cty. Emails); Ex. 12 at DEF002327-28 (July 28, 2023 Sumner Cty. Email).

**Response:**

11. Some eligible individuals with grace-period convictions and non-disqualifying convictions before January 15, 1973 have faced difficulties registering to vote, even after the release of the July 2023 Memo. *See* Ex. 4 at DEF001927-28 (July 27, 2023 Election Div. Email).

**Response:**

II. **Additional Facts Related to TN NAACP[2]**

12. The new guidance will require additional education to navigate how voters with past felony convictions may now register to vote. *See* ECF No. 156-02, Sweet-Love Decl. ¶ 8.

**Response:**

13. Tennessee NAACP assists voters in counties that are still using prior versions of the state voter registration form even after the issuance of the July 2023 Memo. *Compare Branches*, NAACP Tenn. State Conf., http://www.tnnaacp.org/services (last visited Sept. 29, 2023) (listing TN NAACP branches in Knoxville and Hamilton County) *with* ECF No. 155 ¶ 32 (noting continued use of old registration form in at least Knox, Hamilton, and DeKalb Counties) *and* Ex. 10 at DEF002344 (June 29, 2023 Submission of Old Form in Humphreys County).

**Response:**

III. **Additional Facts Related to the State Voter Registration Form.**

14. The July 21, 2023 guidance does not instruct officials not to use older versions of the state voter registration form. *See* Pl. MSJ Ex. 11, ECF No. 156-20.

**Response:**

---

[2] The facts relevant to TN NAACP stated in Part II of Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Summary Judgement, ECF No. 155 ¶¶ 5-15, are relevant not only to the NVRA claims (Counts 4 and 6) but also the right to vote claim (Count 5).

15. The content of the latest version of the state voter registration form was not changed as a result of the July 2023 Memo. *See* Pl. MSJ Ex. 11, ECF No. 156-20.

**Response:**

**IV. Additional Facts Related to the Burdens Imposed by Additional Documentation.**

16. The Elections Division has encountered instances where voters have faced difficulties obtaining the necessary documentation to prove their eligibility to register to vote upon rejection of a voter registration application. *See* ECF No. 156-5, Hall Dep. at 118:13-16, 194:18-25; Ex. 4 at DEF001927-28 (July 27, 2023 Election Div. Email).

**Response:**

17. Some voters face difficulties obtaining the correct documentation because the records no longer exist. Ex. 6 (Report of Dr. Traci Burch) at 35-36; ECF No. 156-4, Lim Dep. at 158:6-11; Pl. MSJ Ex. 21, ECF No. 156-30 (Sept. 2020 email); Ex. 5 at DEF002687 (June 5, 2023 Montgomery Cty. Email) ("She called probation and was told that they no longer have those records because of it being 50+ years ago.").

**Response:**

18. Some records only exist in paper form. *See* ECF No. 156-2, Sweet-Love Decl. ¶ 16.

**Response:**

19. Sometimes it costs money for a voter to obtain the records necessary to prove their non-disqualifying felony conviction. See ECF No. 156-5, Hall Dep. at 195:12-197:15, 197:21-25; Pl. MSJ Ex. 20, ECF No. 156-29 (Sept. Shelby Cty. Email, Hall Dep. Ex. 21); Ex. 6 (Report of Dr. Traci Burch) at 35-36.

**Response:**

20. A voter's quest to obtain documentary proof to the satisfaction of the election officials can hold up registration for weeks, months, and even years. *See* Ex. 6 (Report of Dr. Traci Burch) at 35-36; Ex. 7 ("I have been working with [applicant] for about a month and know they have tried unsuccessfully to get the documentation."); Ex. 8 at 1, 4 (eligibility of applicant with grace-period conviction not recognized for at least three months after rejection); Ex. 9 at 1, 12 (applicant with grace-period conviction rejected on December 2015 and not recognized as eligible until April 2018).

**Response:**

21. Eligible Tennesseans often submit legally unnecessary Certificates of Voting Rights Restoration (CORs), despite never having lost their right to vote, in order to register to vote. *See, e.g.*, Ex. 1 (confirming eligibility in response to COR submitted for a grace period conviction); Ex. 2 (same); Ex. 3 (same).

**Response:**

V. **Additional Facts Regarding Notice of Violation Under the NVRA.**

22. After Plaintiffs TN NAACP sent their First Notice Letter on August 22, 2018, Plaintiffs had a phone conversation with Defendants in December 2019 discussing these deficiencies, during which the Election Division confirmed its policy of rejecting all voter registration applicants who indicate on the application that they have been convicted of a felony. See ECF No. 156-16 (Second Notice Letter).

**Response:**

Dated: October 10, 2023

Keeda Haynes, BPR No. 031518 Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Natasha Baker*
Equal Justice Under Law 400
7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
nbaker@equaljusticeunderlaw.org

Respectfully submitted,

/s/ Charles K. Grant
Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

Blair Bowie*
Danielle Lang*
Alice C. Huling*
Valencia Richardson*
Aseem Mulji*
Ellen Boettcher*
Kate Uyeda, BPR No. 040531
Campaign Legal Center 1101 14th St. NW, Suite 400
Washington, DC 20005
(202)-736-2200
BBowie@campaignlegal.org
DLang@campaignlegal.org
AHuling@campaignlegal.org
VRichardson@campaignlegal.org
AMulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org

*Counsel for the Petitioners-Plaintiffs and the Class*

* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 10, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
Special Counsel
dawn.jordan@ag.tn.gov

ANDREW C. COULAM (BPR #030731)
Deputy Attorney General
andrew.coulam@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
Senior Assistant Attorney General
david.rudolph@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Assistant Attorney General
zachary.barker@ag.tn.gov

PABLO A. VARELA (BPR #29436)
Assistant Attorney General
pablo.varela@ag.tn.gov

ROBERT W. WILSON (BPR #034492)
Assistant Attorney General
robert.wilson@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

                                              /s/ Charles K. Grant
                                              Charles K. Grant

8

Case 3:20-cv-01039   Document 184   Filed 10/10/23   Page 8 of 8 PageID #: 2990