# EXHIBIT 15

**In the Matter of:**

TENNESSEE CONFERENCE OF NATIONAL ADVANCEMENT OF COLORED PEOPLE

vs

WILLIAM LEE

TENNESSEE OF

*March 21, 2023*



www.beresandassociates.com
615.742.2550 | info@beresandassociates.com

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION


                                          )
TENNESSEE CONFERENCE OF THE               )
NATIONAL ASSOCIATION OF THE               )
ADVANCEMENT OF COLORED PEOPLE,            )
On behalf of itself                       )
and its members, et al.                   )
                                          )
     Plaintiffs,                          )
                                          )
vs.                                       )CASE NO.
                                          )3:20-cv-01039
                                          )
WILLIAM LEE, in his official              )
Capacity as Governor of the               )
State of Tennessee, et al.,               )
                                          )
     Defendants.                          )
                                          )
_____


        30b(6) VIDEOCONFERENCED DEPOSITION OF

          TENNESSEE DEPARTMENT OF CORRECTIONS

                    REBECCA HARVEY

           Taken on Behalf of the Plaintiffs

           MARCH 21st, 2023 at 9:33 A.M. CST




    Kasie B. Hardy, Court Reporter, RPR, CRR, CRC
         BERES & ASSOCIATES COURT REPORTERS
         Licensed Stenographic Court Reporters
                  P.O. Box 190461
           Nashville, Tennessee  37219-0461
                   (615)742-2550
             kasie@beresandassociates.com
```

```
 1                A P P E A R A N C E S

 2                   (via videoconference)

 3   For the Plaintiffs:

 4           ALICE HULING
             VALENCIA RICHARDSON
 5           KATE UYEDA
             BLAIR BOWIE
 6           Attorneys at Law
             Campaign Legal Center.
 7           1101 14th St. NW
             Suite 400.
 8           Washington, DC 20005.
             (202)-736-2200.
 9           ahuling@campaignlegal.org
             vrichardson@campaignlegal.org
10           kuyeda@campaignlegal.org
             bbowie@campaignlegal.org
11

12   For the Defendants:

13           ZACHARY BARKER
             MATTHEW JONES
14           Attorneys at Law.
             Office of the Tennessee Attorney General
15           Public Interest Division
             P.O. Box 20207
16           Nashville, Tennessee 37202
             zachary.barker@ag.tn.gov
17           matthew.jones@ag.tn.gov.

18

19

20

21

22

23

24

25
```

1          The 30(b)6 videoconferenced deposition of
2    TENNESSEE DEPARTMENT OF CORRECTIONS, REBECCA HARVEY,
3    was taken on behalf of the Plaintiffs on Tuesday,
4    March 21st, 2023, at 9:33 a.m., for all purposes
5    under the Federal Rules of Civil Procedure.
6          The formalities as to notice, caption,
7    certificate, et cetera, are expressly waived.  All
8    objections, except as to the form of the questions,
9    are reserved to the hearing.
10         It is agreed that Kasie B. Hardy, being a
11   Licensed Court Reporter and Notary Public for the
12   State of Tennessee, may swear the witness, and that
13   the reading and signing of the completed deposition
14   by the witness was reserved.
15
16
17                  *  *  *    *  *  *    *  *  *
18
19
20
21
22
23
24
25

1                    * * *
2              MR. BARKER:  The defense has three
3    objections that we would like to make on the record
4    at this time.  First, defendants object to the
5    30(b)(6) notices as overbroad and unduly burdensome
6    to the extent that they require the deponent to
7    review individual case files for individual
8    circumstances contained in those case files.
9              Second, the defendant further objects
10   to anything in the notices that require the deponent
11   to go outside of their district, in this deposition
12   being District 30, to obtain information about the
13   topics contained in the notice.
14             And, finally, defendants object to the
15   time frame of June 5th, 2006 to present as overbroad
16   and not reasonably calculated to lead to discovery
17   of relevant information for this case.  But to the
18   extent that the deponent knows, or his or her
19   district has information available, that they have
20   instructed to do the best that they can concerning
21   the time frame provided.
22             MS. HULING:  Okay.  Plaintiff's counsel
23   would like to note those objections and also note
24   for the record that this deposition was noticed on
25   February 28th.  Those objections had not been raised

1  before today despite the fact that parties have had
2  a meet-and-confer in that time and could have had
3  multiple meet-and-confers to discuss those
4  objections and come to agreement with regard to them
5  before this deposition.  So they're improperly
6  raised now.
7           And further note that while similar
8  objections were made in a deposition last Friday,
9  the plaintiffs similarly noted the impropriety of
10 those objections.  No meet-and-confer was requested
11 since then to discuss those objections in
12 preparation for this deposition.  But with that
13 said, I am happy to move forward.
14           MR. BARKER:  The defendants are ready
15 to proceed.
16           MS. HULING:  Thanks.  All right, great.
17              REBECCA HARVEY,
18 was called as a witness, and after having been first
19 duly sworn, testified as follows:
20              E X A M I N A T I O N
21 BY MS. HULING:
22 Q    Good morning, Ms. Harvey.  My name is Alice
23 Huling.  I'm senior legal counsel with Campaign
24 Legal Center.  And here with me today are my
25 colleagues, Kate Uyeda and Blair Bowie.  And we are

1  all representing the plaintiffs in this case.  Thank
2  you so much for joining us today.
3         Would you please state your full name for
4  the record.
5  A      Rebecca Lynn Harvey.
6  Q      Thank you, Ms. Harvey.  And though we're not
7  in a courtroom today, do you understand that you are
8  under oath to tell the truth in all of your answers
9  today?
10 A      Yes, ma'am.
11 Q      Terrific.  Have you ever been deposed
12 before?
13 A      No, ma'am.
14 Q      Okay, great.  Well, hopefully this will be a
15 comfortable and pleasant introduction to the
16 process.  But I do want to start by clarifying that
17 this deposition is fundamentally an opportunity for
18 me to ask questions and learn more about your office
19 and its operations and the work that you do there.
20        And before we dive into all that, I'm going
21 to go over a few ground rules for depositions
22 generally just to make sure it goes as smoothly as
23 possible today.
24        First and foremost, we have Ms. Hardy, our
25 court reporter, who is transcribing everything that

1  Q       Okay.  Is there a period of time during
2  which no conviction is disqualified?
3  A       I can't recall.
4  Q       And then just to round out some of the
5  discussion we've been having on this part, we talked
6  about when folks might have multiple convictions
7  maybe related to their current term of supervision
8  and maybe unrelated.
9          Are officers trained to sort of proactively
10 ask about whether or not an individual has unrelated
11 prior convictions as a part of their closing-out
12 supervision process?
13 A       Yes, ma'am.
14 Q       So that's a standard question that should be
15 asked when supervision is being wrapped up?
16 A       Not asked, reviewed in the documentation.
17 Q       Okay.  But I think I understood you to say
18 they wouldn't -- the officer wouldn't necessarily
19 have access to documentation for prior convictions
20 that are unrelated to their current term of
21 supervision; is that right?
22 A       Correct.
23 Q       So if they don't have access to that, would
24 the officer do anything to -- are officers trained
25 to ask the individual if there is unrelated prior

```
 1  mark that as Exhibit 14.
 2              (Marked Exhibit No. 14.)
 3              MR. BARKER:  Defense again notes their
 4  objection to beyond the scope for this letter.
 5  BY MS. HULING:
 6  Q      Ms. Harvey, do you see another restoration
 7  denial letter dated October 14, 2020?
 8  A      Yes, ma'am.
 9  Q      And this is in Hamilton County.  Is that
10  within District 30?
11  A      Yes, ma'am.
12  Q      And the reason for denial of restoration
13  listed here is unpaid child support obligation.
14         Do you see that?
15  A      Yes, ma'am.
16  Q      Did you have any awareness that unpaid child
17  support obligations could result in denial of one's
18  restoration of voting rights?
19  A      I did not.
20  Q      So that's not something that's included in
21  sort of training of the rights restoration process?
22  A      We do not review child support obligations.
23  Q      Okay.  And it's not something folks in your
24  office would have awareness of to tell someone when
25  they're closing out their supervision, that in order
```