# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al.,

Plaintiffs,

vs. Case No. 3:20-CV-01039

WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al.,

Defendants.

---

30(b)(6) Deposition of:

CHRISTOPHER M. HILL

Taken on behalf of the Plaintiffs
March 27, 2023
Commencing at 9:31 a.m.

---

Reported by: Georgette K. Arena, RPR, LCR
BERES & ASSOCIATES
Licensed Stenographic Court Reporters
Post Office Box 190461
Nashville, Tennessee 37219-0461
(615)742-2550

A P P E A R A N C E S

For the Plaintiffs:

MS. BLAIR BOWIE
MR. ASEEM MULJI
Attorneys at Law
Campaign Legal Center
1101 14th St. NW
Suite 400
Washington, DC 20005
(202)736-2200
BBowie@campaignlegal.org
AMulji@campaignlegal.org

and

MS. KEEDA HAYNES
Attorney at Law
Free Hearts
2013 25th Ave. N
Nashville, TN 37208
(615)479-5530
Keeda@FreeHeartsorg.com

For the Defendants:

MR. PABLO A. VARELA
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615)741-3491
Pablo.Varela@ag.tn.gov


Case 3:20-cv-01039 Document 185-17 Filed 10/10/23 Page 3 of 6 PageID #: 3178

S T I P U L A T I O N S

The 30(b)(6) deposition of CHRISTOPHER M. HILL was taken by counsel for the Plaintiffs, by Notice, at the offices of Baker Donelson, 1600 West End Avenue, Suite 2000, Nashville, Tennessee, on March 27, 2023, for all purposes under the Federal Rules of Civil Procedure.

The formalities as to notice, caption, certificate, transmission, et cetera, are expressly waived.

It is agreed that GEORGETTE K. ARENA, RPR, Notary Public and Licensed Court Reporter for the State of Tennessee, may swear the witness.

* * *     * * *     * * *

* * *

CHRISTOPHER M. HILL,

was called as a witness, and after having been duly sworn, testified as follows:

EXAMINATION

QUESTIONS BY MS. BOWIE:

Q. Good morning, Mr. Hill. My name is Blair Bowie. I represent the plaintiffs in this lawsuit, the Tennessee NAACP versus Lee. I'm going to be asking you some questions this morning.

Before I start, I'm just going to go over some instructions so we are on the same page about how things are going to go today. Is that all right?

A. That's good.

Q. Okay. Have you ever sat for a deposition before?

A. No.

Q. Okay. So I'll be asking you some questions. The reporter is here to transcribe everything we say. To make things easy on her, we can't be taking at the same time. So I'd appreciate it if you can please wait for me to finish asking a question before you start answering it, and, likewise, I will


Case 3:20-cv-01039 Document 185-17 Filed 10/10/23 Page 5 of 6 PageID #: 3180

A. Uh-huh (affirmative).
Q. Do you recall any policies being developed at that time?
A. I don't.
Q. When you were reviewing policies in preparation for this deposition, did you review any earlier iterations of this policy?
A. I didn't.
Q. Okay. Are there any other policies related to restoration of voting rights at TDOC?
A. Not that I'm aware of.
Q. What is the purpose of this policy?
MR. VARELA: Object to the form.
THE WITNESS: Again, as normal policies, just to give guidance to staff in the field as to the process in which to see if someone's -- to determine eligibility and the process in which to complete the voter restoration certificate of rights form.
Q (BY MS. BOWIE) Who does this policy apply to?
A. You know, as it lists there, the assistant commissioner of community supervision and all Tennessee Department of Correction community supervision staff.
Q. Okay. Let's look at this a little bit more