IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al.,<br><br>Defendants. | Civil No. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY<br><br>[Class Action] |

**JOINT DISCOVERY DISPUTE STATEMENT**

Pursuant to Local Rule 37.01, the parties respectfully submit the following joint discovery dispute statement detailing their attempt at resolution, setting forth the discovery in dispute, and detailing the parties' respective positions to request a telephonic discovery conference with Magistrate Judge Frensley.

**I.    Background**

On September 5, 2023, Defendants made a supplemental production of documents and sent an accompanying privilege log, *attached hereto as* Exhibits A and B. Plaintiffs reviewed the materials produced by Defendants and on October 4, 2023, Plaintiffs sent Defendants an email with an attached letter detailing several questions and concerns with the production and privilege log, and requesting a meet and confer with Defendants, pursuant to Local Rule 37.01(a), *attached hereto as* Exhibits C and D.  The parties participated in a meet and confer on October 6, 2023.

1

Plaintiffs sent Defendants an email memorializing what was discussed during that meet and confer, *attached hereto as* Exhibit E.

On October 20, 2023, Defendants sent Plaintiffs an email with a revised supplemental privilege log attached to the email, *attached hereto as* Exhibits F and G. Plaintiffs reviewed the revised privilege log produced by Defendants and on October 27, 2023, Plaintiffs sent Defendants an email detailing several questions and concerns with the privilege log, and requesting a meet and confer with Defendants, pursuant to Local Rule 37.01(a), *attached hereto as* Exhibit H. The parties participated in a meet and confer on November 2, 2023. The parties were unable to resolve their dispute regarding the privilege of certain email communications and attachments on the privilege log, and the parties agreed to submit this Joint Discovery Dispute Statement pursuant to Local Rule 37.01(b).

**II.  Dispute**

The parties dispute whether certain email communications and attachments on Defendants' privilege log are privileged. Plaintiffs assert that a number of email communications and attachments that Defendants have marked as privileged on their privilege log are not protected by the attorney-client privilege or by the work product privilege, *attached hereto as* Exhibit I (highlighting communications that Plaintiffs believe are likely not privileged in green).

A. <u>Plaintiffs' Position</u>

First, Plaintiffs assert that certain email communications with Beth Henry-Robertson and Andrew Dodd are not privileged because while both Ms. Henry-Robertson and Mr. Dodd are attorneys, they serve in dual roles, including a legal advising role and a business or policy role in the Secretary of State's Office. Ms. Henry-Robertson and Mr. Dodd work in the Tennessee

Secretary of State's Office as the Assistant Coordinator of Elections and the HAVA Elections Attorney, respectively.

The attorney-client privilege is interpreted narrowly, and the party asserting privilege bears the burden of establishing the privilege is applicable. *John B. v. Goetz*, 879 F. Supp. 2d 787, 892 (M.D. Tenn. 2010). "A communication is not automatically privileged by virtue of the fact that it is made or received by a lawyer." *Burke v. Cumulus Media, Inc.*, No. 1:16-CV-11220, 2017 WL 2628192, at *1 (E.D. Mich. Mar. 16, 2017). Documents and communications authored by attorneys who serve in a dual legislative or policy role and an attorney advisor role are not privileged when the primary purpose of the communication was technical, procedural, political, policy, or strategic advice. *See, e.g.*, *Goetz*, 879 F. Supp. 2d at 895; *Appalachian Cmty. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, No. 320CV0553DCLCDCP, 2022 WL 20636278, at *10 (E.D. Tenn. Apr. 25, 2022); *League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 3233406, at *5 (W.D. Tex. Aug. 10, 2022); *Petteway v. Galveston Cnty.*, No. 3:22-CV-00057, 2023 WL 3452065, at *3 (S.D. Tex. May 15, 2023). Where the facts show that a particular document may serve a mixed purpose, courts look to which purpose predominates. *See, e.g.*, *Leazure v. Apria Healthcare Inc.*, No. 1:09-CV-224, 2010 WL 3397685, at *2 (E.D. Tenn. Aug. 26, 2010) ("The possession of a law degree and admission to the bar is not enough to establish a person as an attorney for purposes of determining whether the attorney-client privilege applies. For the privilege to exist, the lawyer must not only be functioning as an advisor, but the advice must be predominately legal, as opposed to business, in nature."). A mixed-purpose communication that does include legal advice must be produced with necessary redaction rather than wholly withheld, and each document withheld or redacted based on privilege must be listed in a sufficiently detailed privilege log. Fed. R. Civ. P. 26(b)(5)(A). If the log fails to offer enough

detail to support each element of a claim of privilege, the application of privilege will be rejected. *In re Search Warrant Executed at L. Offs. of Stephen Garea*, 173 F.3d 429, at *2 (6th Cir. 1999).

Plaintiffs assert that the emails identified in Exhibit I are not protected by the attorney-client or work product privilege. Ms. Henry-Robertson serves as number-two to Defendant Coordinator Goins. She provides "comprehensive support to the Coordinator of Elections in generally supervising and coordinating elections in the state." Ex. J. Though an attorney, her duties indicate she is, like Coordinator Goins, a government administrator and policymaker. *Id.* Mr. Dodd's duties similarly include numerous administrative and policy functions beyond responding to legal questions. Ex. K. According to their privilege log, Defendants withheld communications between Mr. Goins, Ms. Henry-Robertson, and Mr. Dodd regarding drafts of "felon restoration FAQs for policy revisions," the "COR form and process," and the voter registration form and process—all related to the Coordinator's core policy and administrative functions. These are communications among policymakers, not a client and his attorney, and should be produced. Other entries cryptically reference court decisions, court filings, and media inquiries and fail to offer sufficient facts to determine that they were made for the predominant purpose of providing legal advice. For any such documents that include both privileged and non-privileged communications, redaction is the most appropriate form of production.

Second, Plaintiffs assert that documents created in the ordinary course of business of the Elections Division are not protected by the work product privilege. *See, e.g., Appalachian Cmty. Fed. Credit Union*, 2022 WL 20636278, at *9 (quoting *Graff v. Haverhill N. Coke Co.*, No. 1:09-CV-670, 2012 WL 5495514, at *4 (S.D. Ohio Nov. 13, 2012)) (internal quotations omitted) ("If the document was created as part of the ordinary business of a party and the ordinary business purpose was the driving force or impetus for creation of the document, then it is not protected by

the work product doctrine."). Numerous entries on Defendants' updated privilege log on their face indicate having been made for the purpose of developing forms, procedures, and policies, which is the business of the Elections Division. Plaintiffs assert that these documents are not protected by the attorney-client privilege or by the work product privilege.

B. Defendants' Position

Plaintiffs' requested documents are privileged from disclosure. Assistant Coordinator of Elections Beth Henry-Robertson and HAVA Attorney Andrew Dodd serve as legal counsel in the Division of Elections, similar to general counsel of a government agency or in-house counsel of a corporation. Both positions require a law license in Tennessee, and both positions require the interpretation, explanation, and implementation of state and federal election law. (Ex. J, Assistant Coordinator of Elections Job Description; Ex. K, HAVA Attorney Job Description.) Plaintiffs seek production of communications involving such legal analysis, including documents that relate to potential settlement in this case, drafts of communications to election officials regarding the interpretation of election laws, drafts and edits of policies and forms, review of court filings in this case, decisions of other courts, discovery requests, and communications about the Secretary of State website that was linked to Defendants' summary judgment motion. (*See* Exhibit I, Plaintiffs' highlights of Defendants' privilege log.) Each of these communications are privileged from disclosure.

The attorney-client privilege exists to protect the giving of professional advice to those who can act on it and the giving of information to the lawyer to enable him to give sound and informed advice. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Too narrow of a scope of the attorney-client privilege threatens to limit valuable efforts of counsel to ensure their client's compliance with the law. *Id.* at 392. The attorney and client must be able to predict with some

5

Case 3:20-cv-01039    Document 200    Filed 11/16/23    Page 5 of 10 PageID #: 3296

degree of certainty whether particular discussions will be protected. *Id.* at 393. The Sixth Circuit has described requirements of the attorney-client privilege as: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

In the corporate context, the district courts within the Sixth Circuit and elsewhere, have recognized that even though business communications are not privileged, they may be inextricably intertwined with legal communications. *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 116-17 (E.D. Mich. Oct. 28, 2019) (citing *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 685-86 (W.D. Mich. 1996); *Coleman v. American Broadcasting Co.*, 106 F.R.D. 201, 206 (D.D.C. 1985); and *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91-97 (S.D.N.Y. 1993).

The challenged governmental communications here are also inextricably intertwined with legal communications. Ms. Henry-Robertson and Mr. Dodd are not government officials who happen to be attorneys, as Plaintiffs appear to believe. (Ex. H, Pl.'s Oct. 27, 2023 email ("While Ms. Henry-Robertson and Mr. Dodd are attorneys (like Mr. Goins), they serve in a policy or business capacity and do not represent Mr. Goins or the Election Division.") Ms. Henry-Robertson and Mr. Dodd inhabit positions *required* to be held by attorneys specifically to advise the Coordinator of Elections, among others, on legal matters. (Exs. J, K.) They are expected to have a "[t]horough knowledge of Tennessee election laws" and have, as their primary duties, advising election officials on the proper methods of performing their duties while interpreting election laws. (Ex. J.; *see also* Ex. K.)

6

Case 3:20-cv-01039   Document 200   Filed 11/16/23   Page 6 of 10 PageID #: 3297

These duties shine forth when one considers the emails at issue. When, for example, Ms. Henry-Robertson is drafting changes to Division of Elections policy in the wake of a Tennessee Supreme Court decision, that draft, by necessity, incorporates her legal analysis of Tennessee election law, including the new Tennessee Supreme Court decision interpreting it. When the Coordinator of Elections sends them an email about the draft COR form and process in the wake of *Falls v. Goins*, he is asking how the new form and process can best comply with Tennessee law, as clarified by *Falls*. The changes were not spurred by "policy decisions," but by legal analysis and change in understanding of the law in the wake of *Falls*. (R. 151-5, PageID# 1393 (explaining that policy changes result from the *Falls* decision).) The same is true when Beth Henry-Robertson or Andrew Dodd are drafting FAQs to help explain changes in the COR process to comply with the new understanding of the law. The same is also true when they communicate with the Coordinator of Elections about draft letters to county courts on citizenship orders consistent with the legal analysis and subsequent legal position on the necessary changes in policy following *Falls*. The same is still true when counsel propose changes in the forms to best reflect the new understanding of the law and the new policies.

This attorney-client nature of the communications by or to Ms. Henry-Robertson or Mr. Dodd is even more obvious when one considers that other emails from them to the Coordinator of Elections also include the General Counsel for the Secretary of State or Special Counsel to the Coordinator of Elections. Many emails regarded "communication to counsel with attachment *re court decision*". (Ex. G at 11 (emphasis added).) Other communications clearly regarded comments on this ongoing case. (Ex. G. at 14 ("Email communication from counsel with attachments re SOS website and summary judgment motion").) In short, both Ms. Henry-Robertson and Mr. Dodd are legal counsel to the Division of Elections and advise the Coordinator

of Elections on a variety of legal matters, including compliance with the law and the events of this lawsuit. Each confidential communication that Plaintiffs seek is providing legal advice from a legal advisor, acting in his or her advisory capacity, to his or her client. The communications of Ms. Henry-Robertson and Mr. Dodd satisfy the requirements of the attorney-client privilege. *See Reed* 134 F.3d at 355-56.

## CONCLUSION

For the foregoing reasons, the parties respectfully request a conference before Magistrate Judge Frensley for the purpose of resolving this dispute.

Dated: November 16, 2023

Respectfully submitted,

| | |
|---|---|
| Keeda Haynes, BPR No. 031518<br>Free Hearts<br>2013 25th Ave. N,<br>Nashville, TN 37208<br>(615) 479-5530<br>keeda@freeheartsorg.com<br><br>Phil Telfeyan<br>Natasha Baker*<br>Equal Justice Under Law<br>400 7th St. NW, Suite 602<br>Washington, D.C. 20004<br>(202) 505-2058<br>ptelfeyan@equaljusticeunderlaw.org<br>nbaker@equaljusticeunderlaw.org<br><br>* Admitted pro hac vice | /s/ Charles K. Grant____<br>Charles K. Grant, BPR No. 017081<br>Denmark J. Grant, BPR No. 036808<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>211 Commerce Street, Suite 800<br>Nashville, TN 37201<br>Telephone: (615) 726-5600<br>Facsimile: (615) 726-0464<br>cgrant@bakerdonelson.com<br>dgrant@bakerdonelson.com<br><br>Blair Bowie*<br>Danielle Lang*<br>Alice Huling*<br>Valencia Richardson*<br>Aseem Mulji*<br>Ellen Boettcher*<br>Kate Uyeda, BPR No. 040531<br>Campaign Legal Center<br>1101 14th St. NW, Suite 400<br>Washington, DC 20005<br>(202) 736-2200<br>Bbowie@campaignlegal.org<br>Dlang@campaignlegal.org<br>Ahuling@campaignlegal.org<br>VRichardson@campaignlegal.org |

Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org

*Counsel for the Plaintiffs*


JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY BARKER (BPR #035933)
Zachary.barker@ag.tn.gov

DAWN JORDAN (BPR #020383)
dawn.jordan@ag.tn.gov

ANDREW C. COULAM (BPR #030731)
Andrew.Coulam@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
david.rudolph@ag.tn.gov

ROBERT W. WILSON (BPR # 034492)
Robert.Wilson@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202


*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 16, 2023 by operation of the Court's electronic filing system on the following:

>Zachary Barker
>Dawn Jordan
>Andrew C. Coulam
>David M. Rudolph
>Robert W. Wilson
>
>Office of the Tennessee Attorney General
>Public Interest Division
>P.O. Box 20207
>Nashville, TN 37202

/s/ Charles K. Grant
Charles K. Grant