

October 4, 2023
To: Zachary Barker, Andrew Coulam, Dawn Jordan, David Rudolph, and Robert Wilson,
*Counsel for Defendants*
From: Plaintiffs' Counsel
Re: *Tennessee NAACP v. Lee*, 3:20-cv-01039 (M.D. Tenn.)
Subject: Deficient Supplemental Productions

Dear Counsel,

  We write concerning the supplemental productions made by Defendants on August 3, 2023, and September 6, 2023. Given the limited nature and time period allotted for additional discovery under the Court's Rule 56(d) Order, Plaintiffs seek to meet and confer with Defendants no later than October 6, 2023, to answer Plaintiffs' below-detailed questions and to agree to a timeline for Defendants' additional document production. Specifically, a meet and confer is necessary to address deficiencies in Defendants' recent supplemental productions on August 3, 2023, and September 6, 2023, including Defendants' production of incomplete files, documents produced with improper redactions, erroneous invocations of attorney-client and/or work product, and the omission of documents specifically requested.

  First, the voting rights restoration approval/denial folders produced in both the August 3 and September 6 productions are incomplete. It is our understanding based upon prior productions and representations made by counsel that in the ordinary course of business, the Elections Division creates a file for each individual who has submitted voting rights restoration documentation to their country administrative office of elections (AOE) or directly to the Elections Division. Those files include the letters of decision granting or denying restoration of voting rights as well as all supporting documents, such as the certificates of restoration (CORs), any other documents submitted by the applicant, and any written communications between the Elections Division and the AOE, the individual seeking restoration, or any other relevant third parties. Plaintiffs' counsel have made clear in previous communications with counsel for Defendants' that Plaintiffs' requests for production cover the entire file for each individual and Defendants have, up until these latest supplements, produced these documents as requested. *See* Defs.' July 6, 2022, Production including "emails and supporting documents for denials and restorations of rights" in response to Plaintiffs' second request for productions. However, in their recent supplementation, Defendants only produced the letters with the final outcomes and no supporting documentation. *See*, *e.g.*, DEF 1117-204. Given that Defendants are supplementing responses to those same requests for production under which they have previously properly produced the entire files, Defendants should produce the same types

1101 14TH ST. NW, SUITE 400 / WASHINGTON, DC 20005 / CAMPAIGNLEGAL.ORG

Case 3:20-cv-01039 Document 200-4 Filed 11/16/23 Page 1 of 4 PageID #: 3312

of documents previously produced for each individual who has received a denial or approval, and anyone whose application is being held for further review. Plaintiffs expect Defendants to supplement this production expeditiously.

Additionally, several email chains are incomplete because they include the last email received by employees of the Elections Division, but do not include their responses to those emails even where it seems apparent that those responses likely exist. For example, DEF 2055, 2270-73, 2322-30, 2428-2431. Both sent and received emails are discoverable communications and Defendants are under the same obligation to review their sent and received emails for responsive documents. Plaintiffs expect Defendants to review their sent emails and to produce any responsive documents forthwith.

Second, Defendants' productions contain unnecessary and improper redactions of identifying information and case numbers inconsistent with the prior practice in this litigation. As Defendants are aware, a protective order governs this case for the explicit purpose of allowing Defendants to disclose personal information so that Plaintiffs may examine the details of individual cases while protecting the identity of Tennesseans seeking voting rights restoration. ECF 93. Despite this protective order, Defendants have redacted identifying information in hundreds of documents in their supplemental productions. *See*, *e.g.*, DEF 1549-1740, 1922, 1923, 1926-27, 1963-70, 1979-81, 2960-1, 2728-2942, and 2946-2959. These are the same types of documents that Defendants have previously produced unredacted, including Certificates of Restoration, emails with DHS and other third parties, and court records. The redactions included in the recently produced documents are plainly unnecessary and cannot be justified based on privacy concerns. Plaintiffs expect Defendants to reproduce all documents without unnecessary redactions and to stop improperly redacting documents going forward.

Third, Defendants' privilege log and corresponding documents contain several apparently erroneous invocations of attorney-client and/or work product privilege. As a threshold matter, Defendants' privilege log is facially insufficient because it does not provide information about the job titles and identities of the people named or the subject lines of emails. Moreover, it lists email chains with multiple responses, senders, and recipients in a single box, obfuscating who sent, received, or was copied on each individual message.

Most importantly, Defendants have invoked attorney-client privilege and/or work product on several emails where the primary purpose does not appear to be seeking legal advice. For example, there are several emails between non-attorneys apparently concerning press inquiries into the Elections Division's new guidance. On several, an attorney (more often than not, in-house general counsel for the Secretary of State) is *copied* on the email but is not a primary recipient. Copying an attorney on an email does not make an email thread privileged. Nor does including the phrase, "ATTNY-CLIENT" in the subject line. Whether or not a communication is privileged is determined by whether it primarily seeks or provides legal advice. But these emails are apparently between non-attorneys and primarily regard press inquiries, not legal advice, thus, they are not privileged. Emails that appear to be improperly marked as privileged include but are not limited to the following:

2

- DEF 1516-7, 1499-1500: email from Tre Hargett to Mark Goins on July 25, 2023, at 3:17 pm, including earlier emails between Mark Goins and Julia Bruck.
- DEF 1511, 1488: email from Mark Goins to Julia Bruck on July 26, 2023, at 3:06 PM including an earlier email between Julia Bruck and Mark Goins.
- DEF 1482-3, 1462-3: email from Julia Bruck to Tre Hargett and Mark Goins on August 2, 2023, at 5:00 pm (possibly including earlier improperly redacted emails).
- DEF1474: email from Mark Goins to Julia Bruck on July 31, 2023, at 10:19 AM; including earlier email from Julia Bruck to Tre Hargett and Mark Goins.
- DEF 1473: email from Mark Goins to Julia Bruck on July 24, 2023, at 11:05 AM
- DEF 1474: email from Julia Bruck to Tre Hargett and Mark Goins on July 24, 2023, at 3:09 PM, including an earlier email from the same.
- DEF 1468: email from Tre Hargett to Julia Bruck and Mark Goins on August 2, 2023, at 5:04 PM, including an earlier same from Julia Bruck to Mark Goins and Tre Hargett.
- DEF 1467: email from Julia Bruck to Tre Hargett and Mark Goins on July 31, 2023, at 9:47 AM.
- DEF 1458: email from Julia Bruck to Tre Hargett and Mark Goins on July 24, 2023, at 2:26 PM.
- DEF 1457: email from Julia Bruck to Tre Hargett and Mark Goins on July 24, 2023, at 11:02 AM.
- DEF 1455: email from Julia Bruck to Tre Hargett and Mark Goins on July 21, 2023, at 3:30 PM.
- DEF 1488: email from Julia Bruck to Tre Hargett and Mark Goins on July 24, 2023, at 2:25 PM.
- DEF 1450: email from Mark Goins to Julia Bruck and Tre Hargett on August 4, 2023, at 4:33 PM.

Plaintiffs expect Defendants to immediately disclose unredacted versions of the above documents and to reproduce a compliant privilege log specifying on each individual email for which they claim privilege the following fields: from, to, cc, date, and subject . Defendants should also include an index of the contemporaneous titles for all individuals included on each email.

Finally, during the August 3, 2023, meet and confer, Plaintiffs' counsel specifically asked for Defendants to disclose emails between staff at the Elections Division and Tennessee clerks of court allegedly sent out for the purpose of surveying those officials' responsiveness to requests about legal financial obligations and other records. Defendants only disclosed one such email. If other emails indeed exist, Plaintiffs expect them to be disclosed expeditiously.

An immediate meet and confer, no later than October 6, 2023, is necessary to address the above deficiencies. Further, given the limited time period allotted for the Court-ordered additional discovery, any further delays in production of the supplemental

3

documents, produced in their complete form and without improper redactions and erroneous claims of privilege, will necessitate a motion to compel.

    Sincerely,

    /s/ Blair Bowie_____

    Blair Bowie, *Counsel for Plaintiffs*
    Campaign Legal Center
    1101 14th Street, NW, Suite 400
    Washington, DC 20005