No. 23-0502

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 8, 2024
KELLY L. STEPHENS, Clerk

In re: WILLIAM BYRON LEE, in his official )
capacity as Governor of the State of Tennessee, et )
al., )     O R D E R
)
    Petitioners. )

Before: SUTTON, Chief Judge; NORRIS and SILER, Circuit Judges.

Defendants—Tennessee Governor William Lee, Coordinator of Elections Mark Goins, Secretary of State Tre Hargett, and Commissioner of the Department of Correction Frank Strada—petition for review of a district court order certifying a class of Tennessee residents who have been disenfranchised because of a felony conviction and have unsuccessfully attempted to restore their voting rights through the state's Certificate of Restoration process. Defendants also move to stay the district court proceedings pending this court's decision. Plaintiffs oppose granting review and also oppose a stay.

Federal Rule of Civil Procedure 23(f) authorizes circuit courts to "permit an appeal from an order granting or denying class-action certification." We have "unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23(f) advisory committee notes to 1998 amendment. Still, "the Rule 23(f) appeal is never to be routine." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam). "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *Id.*

Four factors guide our consideration of a Rule 23(f) petition. *See id.* at 960. First, "the likelihood of the petitioner's success on the merits is a factor in any request for a Rule 23(f) appeal." *Id.* "[I]n examining a petitioner's likelihood of succeeding on the merits of an appeal, . . . the standard of review is whether the district court committed an abuse of discretion." *Id.* "A district court abuses its discretion when it relies on a clearly erroneous factual determination, applies the wrong legal standard, misapplies the correct one, or makes a clear error of judgment." *In re Ford Motor Co.*, 86 F.4th 723, 727 (6th Cir. 2023) (per curiam). "One way to misapply the proper legal standard is by . . . neglecting to perform the rigorous analysis Rule 23(a) requires of all classes." *Id.* Second, "[t]he 'death-knell' factor . . . recogni[zes] that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *In re Delta Air Lines*, 310 F.3d at 960. "[T]he discussion of this factor must go beyond a general assertion." *Id.*. Third, "[t]he case that raises a novel or unsettled question may . . . be a candidate for interlocutory review." *Id.* Fourth, "the posture of the case as it is pending before the district court is of relevance." *Id.*

Even under our deferential standard of review, the district court's analysis was insufficiently rigorous. The district court relied heavily on Plaintiffs' arguments, failed to state the elements of the claims being certified, and largely failed to apply the facts to those claims. *See Pipefitters Loc. 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011)); *see also In re Ford Motor Co.*, 86 F.4th at 728 (concluding that a "surface-level approach" to certification was insufficient); *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542, 546 (5th Cir. 2020) ("[T]o satisfy the rigor requirement, a district court must detail with specificity its reasons for certifying" and "explain and apply the substantive law governing the plaintiffs' claims to the relevant facts and defenses, articulating why the issues are fit for classwide resolution."); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 612 (8th Cir. 2017) ("[A]t a minimum the rule requires a district court to state its reasons for certification in terms specific

enough for meaningful appellate review."). Regarding typicality, it did not analyze the requirement as to each claim. *See Eddlemon v. Bradley Univ.*, 65 F.4th 335, 339 (7th Cir. 2023); *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 968 (9th Cir. 2019).

While we could still exercise our discretion to review the certification decision, *In re Ford Motor Co.*, 86 F.4th at 727, it would be premature to do so in light of the Defendants' recent policy changes and the reopening of discovery. It is unclear how the new policies are being implemented and how, if at all, the new policies affect the class certification analysis. As such, we will grant the petition, vacate the district court's certification order, and remand the case to the district court for reconsideration of the motion for class certification.

The remaining factors also weigh in favor of granting interlocutory appeal in order to vacate and remand to the district court. Following the reopening of discovery, the parties are likely to file further dispositive motions, the resolution of which could moot an appeal. And Defendants do not argue that interlocutory review is necessary to avoid the death knell of the litigation. Instead, they assert that a lengthy trial would expend the parties' and the district court's resources. However, if Defendants wish to challenge the district court's certification decision following remand, they may re-petition this court for interlocutory review of any certification decision.

Accordingly, the petition for permission to appeal is **GRANTED**, the district court's order is **VACATED**, and this case is **REMANDED** to the district court for further proceedings. The motion to stay is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk