# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **TENNESSEE CONFERENCE of the** | ) | |
| **NATIONAL ASSOCIATION for the** | ) | |
| **ADVANCEMENT of COLORED** | ) | |
| **PEOPLE, et al.,** | ) | |
| | ) | NO. 3:20-cv-01039 |
| Plaintiffs, | ) | |
| | ) | **JUDGE CAMPBELL** |
| v. | ) | **MAGISTRATE JUDGE FRENSLEY** |
| | ) | |
| **WILLIAM LEE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the Order entered on February 8, 2024, the Court has conducted an in-camera review of the documents at issue. (*See* Doc. No. 213).[1] The parties dispute whether certain email communications and attachments are privileged and, therefore, not subject to discovery. For the reasons explained below, the Court finds that the documents at issue are subject to the attorney-client privilege or are work-product.

Most of the documents in dispute are emails and attachments exchanged between three attorneys in Tennessee's Division of Elections – the Coordinator of Elections, Assistant Coordinator of Elections, and the HAVA attorney – during July of 2023. (Document Numbers 3-5, 18-20, 22-24, 26, 28, 30-34, 43, 45, 49, 73, 77). Also in dispute are emails and attachments exchanged between the three attorneys and an assistant in their office as well as the Director of Publications for the Tennessee Secretary of State. (Document Numbers 35-36, 47, 48, 60-69, 74). The remaining emails in dispute were exchanged between the Coordinator of Elections, the

---

[1] The Court will continue to reference the documents according to Defendants' numbering system. (See Doc. No. 202-1).

Director of Information Technology for the Tennessee Secretary of State, and the Lead Developer in the Department of State's Division of Information Technology are also in dispute. (Document Numbers 75-76, 78).

"A claim of attorney-client privilege is governed by common law, as directed by Federal Rule of Evidence 501." *United States v. Roberts*, 84 F.4th 659, 669–70 (6th Cir. 2023) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Because Defendants assert the attorney-client privilege as to the challenged documents, they bear the burden of establishing its application. *Id*. at 670. The attorney-client privilege has the following essential elements:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Roberts*, 84 F.4th 659, 670 (6th Cir. 2023). At issue here is whether the communications were made for the purpose of seeking or providing legal advice, as opposed to advice on government policy. "Participation in policy matters does not automatically render a communication unprivileged, however." *Cooey v. Strickland*, 269 F.R.D. 643, 650 (S.D. Ohio 2010). When a communication involves both legal and non-legal matters, courts "consider whether the predominant purpose of the communication is to render or solicit legal advice." *United States v. Roberts*, 84 F.4th 659, 670 (6th Cir. 2023) (citing *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007)). If the predominant purpose of the communication was seeking or providing legal advice, "all portions of the communication, including the non-legal considerations, will be protected." *Cooey v. Strickland*, 269 F.R.D. 643, 650 (S.D. Ohio 2010) (citing *In re County of Erie*, 473 F.3d at 420).

Here, Plaintiffs assert that the withheld communications between the Coordinator of Elections, Assistant Coordinator of Elections, and the HAVA attorney regarding "felon restoration FAQs for policy revisions," the "COR forms and process," and the voter registration form and process are "all related to the Coordinator's core policy and administrative functions" and should be produced because they "are communications among policymakers, not a client and his attorney[.]" (Joint Discovery Dispute Statement, Doc. No. 200 at 4; *see also id*. at 2 (Assistant Coordinator of Elections and HAVA attorney "serve in dual roles, including a legal advising role and a business or policy mode in the Secretary of State's Office.")).

The Court finds *In re County of Erie*, 473 F.3d 413 (2d Cir. 2007), which has been cited favorably by the Sixth Circuit, *see supra*, instructive. That case involved a claim by a class of individuals who alleged that Erie County had subjected them to unconstitutional strip searches upon admittance to the Erie County Holding Center and the Erie County Correctional Facility. *In re County of Erie*, 473 F.3d at 415–16. The documents in question were email chains passed between the Assistant County Attorney and various Erie County officials responsible for the County's corrections policies and contained a review of the law concerning strip searches, assessments of the county's current policy, suggested alternatives, and a monitoring of the implementation of the policy changes. *Id*. at 416, 422. The United States District Court for the Western District of New York ordered disclosure of the emails, finding that the communications went beyond the scope of legal analysis. *Id*. On appeal, the Second Circuit disagreed after employing the predominant purpose rule and found that the emails were "sent for the predominant purpose of soliciting or rendering legal advice" because they conveyed to the Erie County officials responsible for the County's corrections policies "a lawyer's assessment of Fourth Amendment requirements, and provide[d] guidance in crafting and implementing alternative policies for

compliance." *Id*. at 422–23. The Second Circuit explained that "[w]hen a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice." *Id*. at 422. Because of the context in which the advice was solicited and rendered, the Second Circuit found the advice did "not constitute general policy or political advice unprotected by the privilege." *Id*. at 423 (citation omitted).

In the present case, having conducted an in-camera review, the Court concludes that each of the disputed emails and corresponding attachments exchanged between the Coordinator of Elections, Assistant Coordinator of Elections, and the HAVA attorney, (Document Numbers 3-5, 18-20, 22-24, 26, 28, 30-34, 43, 45, 49, 73), was sent for the predominant purpose of soliciting or rendering legal advice regarding the Division of Elections' policy changes in July of 2023 and implementation of the same. The emails and attachments exchanged between the Coordinator of Elections and/or Assistant Coordinator of Elections and the Elections Assistant and the Director of Publications concern drafts of summaries and correspondence explaining requirements under state and/or federal law, as well as drafts of forms for voter registration and for certificates of restoration of voting rights to implement the Division of Elections' policy changes in July of 2023. (Document Numbers 35-36, 47, 48, 60-69, 74). The Court finds each of these challenged documents was also sent for the predominant purpose of soliciting or rendering legal advice.

The last group of documents in dispute are four emails from July 26, 2023. (Document Numbers 75, 76, 77, 78). Three of these emails were exchanged between the Coordinator of Elections, the Director of Information Technology for the Tennessee Secretary of State, and the Lead Developer in the Department of State's Division of Information Technology, and concern an

error message on a Secretary of State website page about restoration of voting rights. (Document Numbers 75, 76, 78). The other email is between the Coordinator of Elections and the Assistant Coordinator of Elections about a filing for the present lawsuit, (Document Number 77). After reviewing these emails in-camera, the Court finds that they are work-product. *See Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 487 (M.D. Tenn. 2018) ("The work-product doctrine generally protects materials compiled in the course of litigation.").[2]

Finally, while the Court agrees with Plaintiffs that Defendants have used their July 2023 policy changes to argue Plaintiffs' NVRA claims are moot, it is not persuaded that Defendants have used the internal discussions surrounding those changes as a sword to advance those claims. (*See* Doc. No. 211-1 at 11).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Federal courts apply the federal work product doctrine. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006).