IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY <br><br> [Putative Class Action] |

## NOTICE OF FILING OF PROPOSED ORDER OF INJUNCTIVE RELIEF AS TO COUNT SIX

On April 18, 2024, the Court granted summary judgment in favor of Plaintiff Tennessee Conference of the National Association for the Advancement of Colored People ("TN NAACP") on Count Six of its First Amended Complaint against Defendants Trey Hargett and Mark Goins in their respective official capacities as Secretary of State and Coordinator of Elections for the State of Tennessee (collectively "Tennessee Election Officials"). (Doc. Nos. 221, 222). The Court further ordered the parties to "meet in person and confer about the language for the injunction that will be entered as to Count Six" and "[o]n or before May 3, 2024, . . . file an agreed proposed injunction as to Count Six or notify the Court that the parties could not agree on the injunction language." (Doc. No. 222). On May 1, 2024, Plaintiff's counsel met with counsel for Tennessee Election Officials in person in Nashville and presented the substance of the attached Proposed Order. Defendants' counsel rejected Plaintiff's proposal, made no counteroffer, and did not expound on terms or language that they would find agreeable. On May 3, 2024, the parties filed a

joint status report stating that they could not agree on the language for the injunction that will be entered as to Count Six and would file separate proposed orders. (Doc. No. 224). Now the Court has ordered that "the parties SHALL each file a proposed injunction as to Count Six on or before Wednesday, May 8, 2024." Pursuant to that order, Plaintiffs file the attached Proposed Order.

The Court has found that Tennessee Election Officials' voter registration policies and practices violate the National Voter Registration Act, 52 U.S.C. §§ 20505(a)(1), 20507(a)(1), 20507(b)(1), and 20508(b)(1). The Act "authorizes judicial intervention when a state fails to comply with its terms." *Harkless v. Brunner*, 545 F.3d 445, 450 (6th Cir. 2008). The injunctive relief Plaintiffs propose is tailored to remedy these violations and ensure the state's compliance with the NVRA's terms in light of the undisputed material facts supporting the Court's grant of summary judgment.

Plaintiffs' proposed injunctive relief is also warranted under the "four-factor test" courts consider in awarding permanent injunctions. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (requiring a plaintiff to demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."). A permanent injunction is necessary here because the Tennessee NAACP has suffered irreparable injury in the form of a drain on its resources, including its volunteers' time and effectiveness in helping eligible people with felony convictions register to vote, as a result of Defendants' unlawful policies and practices. (*See* Doc. No. 221 at 18-20, 28). These injuries will continue absent injunctive relief, and no monetary damages at law can compensate TN NAACP for its volunteers' lost time and other resources that could be spent on other mission-furthering

activities. (*Id.* at 20). The balance of hardships also favors equitable relief because while the NVRA violations harm TN NAACP, they are relatively easy for Tennessee Election Officials to remedy. Indeed, Tennessee Election Officials claimed that Plaintiffs' NVRA claims were partially moot because they had adopted new policies and procedures just weeks before the deadline for dispositive motions. (*Id.* at 31-32). Plaintiffs dispute that Defendants' new policy fully remedied the violation and the Court found it did not moot Plaintiffs' claims (*id.* at 32), but it demonstrates Defendants' ability to shift policies and procedures with respect to voter registrations from applicants with felony convictions with little if any hardship. Finally, the public interest would be served by a permanent injunction because it would ensure that eligible voters can participate in upcoming elections and ensure implementation of uniform, compliant policies and practices well in advance of the federal elections. These benefits also align with the purposes of the NVRA. (*See id.* at 5).

For the foregoing reasons, Plaintiffs respectfully request that the Court to enter the attached Proposed Order of Injunctive Relief as to Count Six.

Dated: May 8, 2023

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org

Respectfully submitted,

/s/ *Charles K. Grant*
Blair Bowie*
Danielle Lang*
Alice Huling*
Valencia Richardson*
Aseem Mulji*
Ellen Boettcher*
Kate Uyeda, BPR No. 040531
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200

* Admitted pro hac vice

Bbowie@campaignlegal.org
Dlang@campaignlegal.org
Ahuling@campaignlegal.org
VRichardson@campaignlegal.org
Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, a copy of the foregoing **NOTICE OF FILING** was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
Special Counsel
dawn.jordan@ag.tn.gov

ANDREW C. COULAM (BPR 030731)
Deputy Attorney General Andrew.Coulam@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Assistant Attorney General
Zachary.barker@ag.tn.gov

PABLO A. VARELA (BPR #29436)
Assistant Attorney General
Pablo.varela@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
Senior Assistant Attorney General
david.rudolph@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

                                              /s/ Charles K. Grant
                                              Charles K. Grant