IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY<br><br>[Putative Class Action] |

**[PROPOSED] ORDER OF INJUNCTIVE RELIEF AS TO COUNT SIX**

On April 18, 2024, the Court granted summary judgment in favor of Plaintiff Tennessee Conference of the National Association for the Advancement of Colored People ("TN NAACP") on Count Six of its First Amended Complaint against Defendants Trey Hargett and Mark Goins in their respective official capacities as Secretary of State and Coordinator of Elections for the State of Tennessee (collectively "Tennessee Election Officials"). (Doc. Nos. 221, 222). In accordance with that ruling, the Court hereby **ORDERS AND DECLARES** as follows:

1. **IT IS ORDERED AND DECLARED** that Tennessee Election Officials' policy and practice of rejecting valid, timely submitted federal and state voter registration applications based solely on an indication that the applicant has a past felony conviction and requiring the applicant to provide additional documentary proof of eligibility before being placed on the voter rolls (the "Challenged Policy") violates the National Voter Registration Act (NVRA), 52 U.S.C. §§ 20505(a)(1), 20507(a)(1), 20507(b)(1), and 20508(b)(1). In Tennessee, the mere fact that an

1

applicant has a prior felony conviction does not establish ineligibility to vote. (*See* Doc. No. 221 at 3-5). Under the NVRA, applicants who timely submit a completed voter registration application facially indicating they are eligible to vote must be registered and cannot be required to present documentary proof of eligibility beyond the voter registration form, absent credible information establishing that they are ineligible to vote. It is therefore **FURTHER ORDERED** that Tennessee Election Officials, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing, applying, or implementing the Challenged Policy, and:

    a. If a valid, timely submitted voter registration application indicates that the applicant has a conviction between January 15, 1973 and May 17, 1981 (the "grace period") and is otherwise eligible to vote, the applicant must be registered and may not be required to submit additional documentary proof of eligibility, absent credible information establishing that the applicant is not eligible to vote, such as a court order or judgment indicating the conviction occurred outside the grace period and is disqualifying.

    b. If a valid, timely submitted voter registration application indicates that the applicant has a conviction before January 15, 1973 that did not render the applicant infamous and is otherwise eligible to vote, the applicant must be registered and may not be required to submit additional documentary proof of eligibility, absent credible information establishing that the applicant is not eligible to vote, such as a court order or judgment indicating the individual was adjudged infamous.

    c. If a valid, timely submitted voter registration application indicates that the applicant has a prior felony conviction but received a pardon or had their voting rights

restored and is otherwise eligible to vote, the applicant cannot be rejected or required to provide documentary proof of eligibility unless the relevant county election office has solicited and received confirmation in writing from Tennessee Election Officials that the state does not possess a restoration letter or other proof that the applicants' voting rights were restored. Tennessee Election Officials shall conduct a thorough search for such records. Because Tennessee Election Officials' position regarding the requirements for voting rights restoration have shifted over time, a previous voter registration form submitted by the applicant that was accepted by the state and resulted in active voter registration in Tennessee on which the applicant correctly indicated that they had been convicted of a felony shall be considered sufficient proof that applicants' voting rights were restored.

2. **IT IS FURTHER ORDERED** that Tennessee Election Officials shall ensure that the state's voter registration form and online voter registration portal can be used by all eligible citizens who have a prior felony conviction and include a means for applicants to indicate their eligibility to vote under one or more of the following circumstances (*see* Doc. No. 221 at 45):

   a. convictions in the grace period;

   b. convictions before January 15, 1973 in which the individual was not adjudged infamous;

   c. expunged convictions or convictions subject to judicial diversion; or

   d. having received a pardon or otherwise having had their voting rights restored.

3. **IT IS FURTHER ORDERED** that Tennessee Election Officials shall ensure that the state's Voter Registration Appeal Request Form includes a means for applicants to appeal a

3

rejection of their voter registration application by indicating that they are eligible to vote under one or more of the circumstances listed in paragraph 2.

4. **IT IS FURTHER ORDERED** that Tennessee Election Officials shall, as soon as possible:

    a. Issue written guidance to all state election staff and county administrators of election (AOEs) (i) prohibiting the rejection of valid, timely submitted federal and state voter registration applications based solely on an indication that the applicant has a past felony conviction and requiring the applicant to provide additional documentary proof of eligibility before being placed on the voter rolls, absent credible information establishing that the applicant is ineligible to vote, and (ii) explaining how to process voter registration applications consistent with the terms of this Order;

    b. Deliver at least one live training to all state election staff and county AOEs regarding the topics in subparagraph a, and ensure the training is recorded and made available on Tennessee Election Officials' website for state and county AOE staff who are unable to attend;

    c. Issue additional written guidance to all state election staff and county AOEs (i) explaining any updates made to the state voter registration form and/or online voter registration portal to comply with this Order, and (ii) instructing county AOEs to ensure that only the most recent version of the registration form is posted on their websites and made available in their offices but permitting county AOEs to continue processing older versions of the registration form;

    d. Deliver at least one live training to all state election staff and every county administrator of elections regarding the topics in subparagraph c, and ensure the

training is recorded and made available on Tennessee Election Officials' website for state and county AOE staff who are unable to attend.

5. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce the terms of this Order and to award such other relief as may be appropriate.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE