IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) |
| Plaintiffs, | ) No. 3:20-cv-01039 |
| v. | ) ) Judge Campbell ) Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) |
| Defendants. | ) |

**[PROPOSED] ORDER OF INJUNCTION ON COUNT SIX**

On April 18, 2024, the Court granted summary judgment on Count Six in favor of Plaintiff Tennessee National Association for the Advancement of Colored People. (Memorandum, D.E. 221; Order, D.E. 222.) For the reasons set forth in the Court's Memorandum, Defendants Hargett and Goins, together with their successors, assigns, and all those working on their behalf as set forth in Fed. R. Civ. P. 65(d)(2), are hereby **PERMANENTLY ENJOINED** from:

(1) Directing county election officials to require an otherwise qualified person to file a copy of their respective judgment, conviction papers, court documentation of expungement, judicial diversion, receipt of a pardon, and/or restoration of voting rights before processing voter registration applications indicating that an otherwise qualified person has:

   (a) a felony conviction between January 15, 1973, and May 17, 1981;

   (b) a pre-January 15, 1973 non-infamous felony conviction;

1

- (c) only expunged felony convictions;
- (d) only convictions subject to judicial diversion;
- (e) received a pardon for any disenfranchising conviction; and/or
- (f) had their voting rights restored.

(2) Requiring an applicant using the Federal Form to submit documentation proof of voting rights restoration.

For an individual to be considered "otherwise qualified" after receiving a pardon for a disenfranchising conviction, as described in subpart (1)(e), the applicant must have had their full rights of citizenship restored and complied with requirements of Tenn. Code Ann. §§ 40-29-201 through -205, as established in the Tennessee Supreme Court's decision in *Falls v. Goins*, 673 S.W.3d 173, 183 (Tenn. 2023). Also, after July 21, 2023, for an individual to be considered "otherwise qualified" after having their voting rights restored, as described in subpart (1)(f), the applicant must have restored their full rights of citizenship and complied with the requirements of Tenn. Code Ann. §§ 40-29-201 through -205, as established in the Tennessee Supreme Court's decision in *Falls v. Goins*, 673 S.W.3d 173, 183 (Tenn. 2023).

Defendants Hargett and Goins are not enjoined from rejecting voter registration applications when Tennessee elections officials receive or otherwise possess information beyond the face of a voter registration application that indicates that the applicant is ineligible to register to vote.

Defendants Hargett and Goins, in accordance with their July 21, 2023 policy revisions, are encouraged to continue instructing county election commissions to process voter-registration applications for individuals in two categories: (1) individuals with pre-January 15, 1973, convictions that did not commit an infamous crime; and (2) individuals with convictions between

2

January 15, 1973, and May 17, 1981. Upon review, this policy change partially satisfies Plaintiff's request for the Court to require Defendants Hargett and Goins to issue "statewide guidance prohibiting [the] requirement that people with convictions provide documentary proof of their eligibility and proscribing the rejection of valid voter registration applications from eligible voters because the applicant has a felony conviction." (Amended Complaint, D.E. 102, PageID 659.)

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE