UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | Case No. 3:20-cv-01039 |
| Plaintiffs, | Chief Judge William L. Campbell, Jr. Magistrate Judge Jeffery S. Frensley Magistrate Judge Alistair E. Newbern |
| v. | |
| WILLIAM LEE, et al., | |
| Defendants. | |

# **ORDER**

A settlement conference will take place in this matter on **June 20, 2024, at 9:30 a.m., in Courtroom 5A, U.S. Courthouse, 719 Church Street, Nashville, Tennessee.**

A pre-settlement telephone conference is scheduled for June 17, 2024 at 10:30 a.m. Counsel for the parties shall call (888) 557-8511 and enter access code 7819165# to participate. Confidential settlement conference statements in conformity with the instructions below shall be submitted on or before **June 14, 2024.** The parties shall submit their settlement conference statements according to the following process:

1. If they have not already done so, the parties shall exchange offers and demands by no later than **June 10, 2024.** The parties shall continue to engage in settlement discussions as appropriate thereafter.

2. By no later than **June 14, 2024, at 4:00 p.m.,** the plaintiff and the defendants shall deliver separate settlement conference statements to the Courtroom Deputy, Room 5A, U.S. Courthouse, 719 Church Street, Nashville, TN, or by email to newbern_chambers@tnmd.uscourts.gov. These statements shall be submitted only to the Magistrate Judge and shall be provided under seal. They should not be served on any other parties. **No party shall file its statement in the case by electronic filing or otherwise.**

1

3. Each statement shall contain a summary of the facts of the case and the party's theory of liability or defense. This statement need not be as detailed as a pretrial brief, but any critical facts, evidence, or legal authority upon which the party intends to rely should be cited or provided. **The statement is a vehicle for candor, not advocacy.**

   For Plaintiff: Identify the prima facie elements of your claim(s) for purposes of establishing liability and summarize the evidence that exists to prove those elements. If damages are sought, provide an itemization and explanation of estimated damages. If injunctive relief is sought, provide a detailed statement of what is requested.

   For Defendants: If liability is contested, identify which elements of Plaintiff's prima facie case are contested and summarize the evidence to put these matters in issue at trial. Discuss separately any affirmative defenses and any supporting evidence. Address Plaintiff's known requests for damages or injunctive relief with specificity.

4. Each party shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion of each party's likelihood of success on the merits. This opinion may be expressed as a percentage reflecting odds of success or otherwise.

5. Each statement shall include an account of litigation costs to date, including attorney's fees, and an assessment of the projected costs of proceeding to trial.

6. Each statement shall contain a summary of the primary points of contention from that party's perspective and the party's interests in settlement and/or in proceeding to trial.

7. Each statement shall include an assessment of whether there are any factors or circumstances outside the legal action that may influence the settlement negotiations or should otherwise be considered as part of the discussion.

8. Each statement shall recount, with specificity, any settlement discussions to date.

9. Any documents upon which a party intends to rely in discussions should be provided with the statement. Unless the documents have already been provided in discovery or are subject to a claim of privilege or work product (which should be clearly indicated), the documents should also be provided to the opposing party before the settlement conference. The statement itself should *not* be provided.

10. If the defendants intend to assert that financial circumstances limit the ability to settle, the defendants shall provide documentation to support that assertion.

11. At least one attorney representing each party, or the party if not represented, shall participate in the pre-settlement conference call. The Magistrate Judge will address the format of the settlement conference generally and will have ex parte individual conversations with counsel for each party.

12. A settlement conference in this action shall be held on **June 20, 2024, at 9:30 a.m.**, in Courtroom 5A, U.S. Courthouse, 719 Church Street, Nashville, Tennessee. The parties and their counsel should not schedule any other commitments on this date and should be prepared to spend the entire day in the settlement conference, if necessary.

13. **The plaintiff and the defendants or their representative with full settlement authority shall be present.** The parties are advised that, unless otherwise specifically ordered, failure to be present with full settlement authority could result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f). Full settlement authority means that the plaintiff, the defendant, or the representative does not need authority from any other individual or source to enter into any settlement agreement. The parties must have total independent authority to enter into any settlement agreement reached.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge