# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the ) <br> NATIONAL ASSOCIATION for the ) <br> ADVANCEMENT of COLORED ) <br> PEOPLE, et al., ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM LEE, et al., ) <br> ) <br>    Defendants. ) | NO. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## ORDER

On April 18, 2024, the Court granted summary judgment on Count Six in favor of Plaintiff Tennessee National Association for the Advancement of Colored People ("TN NAACP") and ordered counsel for TN NAACP and Defendants Trey Hargett ("Secretary Hargett") and Mark Goins ("Coordinator Goins") (collectively the "Tennessee Election Officials") to "meet in person and confer about the language for the injunction that will be entered as to Count Six." (Doc. No. 222). On May 3, 2024, the parties reported that they had met and conferred in accordance with the Court's prior Order but were not able to agree on the injunction language. (Doc. No. 224). Accordingly, the Court ordered the parties to each file a proposed injunction, (Doc. No. 225), and is now in receipt of the parties' proposed injunctions. (*See* Doc. Nos. 226, 227-1).

The parties' respective proposals have little-to-no common ground, which is concerning considering both proposals should be consistent with the Court's Order and Memorandum (Doc. Nos. 221, 222). On or before **May 17, 2024**, the parties **SHALL** file any and all objections to each other's proposed injunctions.

In its notice of filing its proposed injunction, TN NAACP states that, during the in-person meeting to confer about the language for the injunction at issue, counsel for the Tennessee Election Officials rejected TN NAACP's proposed language for the injunction, and "*made no counteroffer, and did not expound on terms or language that they would find agreeable.*" (Doc. No. 226 at 1) (emphasis added). If true, the foregoing could be viewed as a lack of good faith effort by the Tennessee Election Officials to comply with the Court's prior Order. As the Court has only heard from TN NAACP on this issue, the Tennessee Election Officials are invited respond TN NAACP's foregoing assertion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE