IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al.,<br><br>Defendants. | Civil No. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY<br><br>[Class Action] |

**RULE 30(a)(2)(A)(ii) MOTION FOR LEAVE TO RE-DEPOSE
TWO WITNESSES BY ORAL EXAMINATION**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), Plaintiffs respectfully move for leave to re-depose Coordinator of Elections Mark Goins and a 30(b)(6) representative of the Tennessee Elections Division by oral examination. Additional depositions are necessary because Defendants Goins and Hargett have once again substantially changed the rights restoration criteria and procedures after the close of discovery. The scope of the depositions will be limited to factual developments since the previous deposition and any events, policies, practices, preceding that laid the foundation or background for those recent developments. Plaintiffs asked Defendants if they would agree to these depositions at their in-person conference on May 1; Defendants stated that they oppose.

**BACKGROUND**

Fact discovery in this case initially closed on May 28, 2023. ECF Nos. 125, 128. However, on July 21, 2023, Plaintiffs learned from public reporting that Defendant Goins had issued

1

guidance to county election officials changing his interpretation of the State's requirements for individuals with felony convictions to restore their voting rights, purportedly based on his reading of the Tennessee Supreme Court's June 29 decision in *Falls v. Goins*, 673 S.W.3d 173 (Tenn. 2023). Under these procedures, Defendants will not issue Certificates of Restoration to otherwise eligible applicants unless they also "have been pardoned by a Governor, U.S. President, or other appropriate authority of a state <u>or</u> have had their full rights of citizenship restored as prescribed by law." ECF No. 157-3 at 1. This guidance upended Tennessee's voting rights restoration system, as described in detail in Plaintiffs' Motion for Relief Under Rule 56(d), ECF No. 172. Plaintiffs moved to re-open discovery under Rule 56(d) to probe Defendants' new guidance regarding the procedures and requirements for individuals with felony convictions to restore their voting rights and register to vote. ECF No. 172. On September 25, 2023, this Court granted Plaintiffs' Motion for Relief Under Rule 56(d), to allow Plaintiffs to probe Defendants' eleventh-hour overhauling of the voting rights restoration procedures which have been in dispute in this lawsuit for nearly four years. ECF No. 179. Pursuant to this Court's Order re-opening discovery, Plaintiffs served Defendants with additional discovery requests regarding Defendant Goins' July 21, 2023 memo. While discovery was re-opened, Plaintiffs diligently conducted discovery regarding Defendant Goins' July 2023 procedure changes.[1]

However, immediately after the close of the 56(d) discovery period, Defendants yet again changed the goal posts for the challenged procedures. In January 2024, Defendant Goins decided that Tennesseans with past felony convictions must first restore their gun rights to be able to restore

---

[1] That discovery included subpoenas for documents to 18 County Administrative Offices of Elections, 15 Clerks of Circuit Court, 4 Clerks of County Criminal Courts, and one to the Executive Clemency Unit of the Board of Parole. Additionally, Plaintiffs served two sets of RFPs on Defendant Lee, one set on Defendant Election Officials, and one on Defendant Parker. Plaintiffs also conducted nine depositions.

their voting rights. *See, e.g.*, Evan Mealins, *TN elections official: Before regaining right to vote, felons must be able to own a gun*, THE TENNESSEAN (Jan. 23, 2024, 8:09PM), https://www.tennessean.com/story/news/2024/01/23/tennessee-voting-rights-officials-consider-linking-gun-voting-rights/72313073007/. This decision apparently occurred at some point after December 14, 2023, when Defendant Goins testified under oath that the question of whether gun rights would be required to restore voting rights was still under consideration. *See* **Exhibit 1**, Deposition of Mark Goins, Volume I ("Goins Depo, vol. I") at 112:3-7 ("The question has to be answered. So if the answer -- which this is a big if. If the answer is that gun rights does equal full citizenship rights and someone is permanently not able to get those back, then I think you're correct [that the person is permanently disenfranchised]").[2] About one month later, what was once "a big if," became the Elections Divisions' "official" interpretation when Goins told a reporter that this was now his interpretation. *See* Jonathan Mattise, *Felons must get gun rights back if they want voting rights restored, Tennessee officials say*, ASSOCIATED PRESS (January 23, 2024) https://apnews.com/article/tennessee-felon-voting-rights-restoration-a50000a97f73c2767eaa8b9b1a2eee52.  Goins also testified that he would "probably" seek an attorney general opinion on the question prior to making a decision, though no opinion was issued prior to his public statement on January 23, 2024, and none has been made public since. Exh. 1, Goins Depo., vol. I at 84:19-85:7.

On May 1, 2024, Plaintiffs asked Defendants if they would agree to allow Plaintiffs to re-depose Defendant Goins and a representative of the Elections Division, but Defendants would not

---

[2] The 30(b)(6) representative of the Elections Division, Elizabeth Henry-Robertson, testified to the same on December 5, 2023. **Exhibit 2**, Deposition of Elizabeth Henry-Robertson, Volume I ("Henry-Robertson Depo, vol. I") at 23:6-10 ("Q. Okay. But you're saying that as of right now, there is no determinative position that the elections division holds on that question? A. If gun rights have been excluded or another right has been excluded, no, not as of yet.")

3

agree to this. Plaintiffs now seek leave to re-depose these two witnesses—a limited and reasonable request in light of Defendants' most recent eleventh-hour change in position.

ARGUMENT

Pursuant to Rule 30(a)(2)(A)(ii), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii). "The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit." *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.,* No. 205–CV–0889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007). And this Court has "considerable discretion to make a determination which is fair and equitable under all the relevant circumstances." *Id.*

The re-deposal of a witness is proper where new information comes to light after the first deposition has taken place. *See Barnard v. Powell Valley Elec. Coop.*, No. 3:18-CV-537-CEA-DCP, 2021 WL 6275267, at *14 (E.D. Tenn. Mar. 5, 2021) ("The Court finds that reopening Tarver's deposition is proper in this case due to the recently provided statement after the deposition had already taken place."); *Fresenius*, 2007 WL 764302, at *2 ("Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition . . . or new documents are produced, the witness may be re-deposed with respect to these new developments."); *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 389 (W.D. Tenn. 1999) ("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information

4

in its Rule 26(a) disclosure which it later reveals only after an intervening deposition has occurred."). Further, "[a] re-deposition may also be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at the first deposition." *Fresenius*, 2007 WL 764302, at *2.

Here, important new information has come to light since the first 56(d) period depositions of Defendant Goins and the 30(b)(6) representative of the Elections Division took place. While Defendant Goins and Ms. Henry-Robertson testified that the Division had not yet decided whether to require gun rights restoration as a prerequisite to voting rights restoration in December 2023, it is now clear that Defendants have officially adopted that position. Mealins, *TN elections official*, *supra* ("In a statement to The Tennessean on Tuesday afternoon, Coordinator of Elections Mark Goins said full citizenship rights in Tennessee must be restored in order to vote and those citizenship rights include the right to bear arms."). Whether because of genuine "new developments" in legal interpretation or "obstructive conduct at the first deposition," Plaintiffs were surely "inhibited from conducting a full examination" of Defendant Goins and Ms. Henry-Robertson at their first depositions. *C.f. Fresenius*, 2007 WL 764302, at *2.

The guns rights requirement is a major development in Defendant Goins' already shifting sands approach to rights restoration and another example of a major procedural shift after the close of discovery. Tennessee law appears to prohibit individuals convicted of violent crimes or *any* drug felony from ever possessing a handgun. Tenn. Code Ann. § 37-17-1307. According to Tennessee Department of Correction data, from 2008-2022, between 15-20% of the prison population has been incarcerated for drug felonies.[3] This means that individuals who are fully

---

[3] Tenn. Dep't of Correction, "Statistical Abstract 2022" at 20, 71 (Sept. 2022) https://www.tn.gov/content/dam/tn/correction/documents/StatisticalAbstract2022.pdf

4881-4391-3151

eligible to restore their voting rights under Tenn. Code 40-29-202 may be permanently disenfranchised by Defendant Goins' new requirement. This requirement direct could impact multiple named plaintiffs' ability to restore their voting rights, not to mention numerous members of the putative class, in addition to further burdens on TN NAACP's members and ability to conduct their voting rights restoration work.[4]

Plaintiffs were not given a fair opportunity to examine Defendant Goins and Ms. Henry-Robertson on their current interpretation of Tennessee's voting rights restoration requirements, including gun rights restoration. Plaintiffs have had no opportunity to discover how Defendant Goins created or will implement this new definition of a person's "full rights of citizenship;" what avenues exist for Tennesseans with past convictions, including those with out-of-state and federal convictions, to satisfy Defendants' new administrative eligibility criterion; the procedures to obtain "full rights of citizenship" for Tennessee, federal, and out-of-state convictions; what counts as sufficient proof of having satisfied the new criterion; how the existing statutory eligibility criteria for a Certificate of Restoration in Tenn. Code Ann. § 40-29-201, et seq., interact with the new criterion; what training and guidance has or will be provided to officials responsible for assessing this new criterion; and how the new procedures are being administered in regional and county offices, *inter alia*. Permitting Plaintiffs to re-depose Defendant Goins and an Elections Division representative would be "fair and equitable under all the relevant circumstances." *Fresenius*, 2007 WL 764302, at *2.

---

[4] Supplemental productions from the Election Division show that this requirement has already been cited by Defendants as a reason for denying dozens of Tennesseans seeking voting rights restoration.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request leave to re-depose Coordinator of Elections Mark Goins and a 30(b)(6) representative of the Tennessee Elections Division pursuant to Rule 30(a)(2)(A)(ii).

Dated: May 15, 2024

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org


\* Admitted pro hac vice

Respectfully submitted,

*/s/ Charles K. Grant*
Blair Bowie\*
Danielle Lang\*
Alice Huling\*
Valencia Richardson\*
Aseem Mulji\*
Ellen Boettcher\*
Kate Uyeda, BPR No. 040531
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200

bbowie@campaignlegal.org
dlang@campaignlegal.org
ahuling@campaignlegal.org
vrichardson@campaignlegal.org
amulji@campaignlegal.org
eboettcher@campaignlegal.org
kuyeda@campaignlegal.org

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on May 15, 2024

by operation of the Court's electronic filing system on the following:


Zachary Barker
Dawn Jordan
Andrew C. Coulam
David M. Rudolph
Robert W. Wilson

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202


/s/ Charles K. Grant
Charles K. Grant

4881-4391-3151