IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) | |
| Defendants. | ) | |

## RESPONSE REGARDING MEET AND CONFER ON INJUNCTION LANGUAGE

The Court invited Defendants Hargett and Goins to respond to the Tennessee Conference of the National Association for the Advancement of Colored People's ("TN NAACP") assertion that Defendants "made no counteroffer and did not expound on terms or language that they would find agreeable" at the meet and confer regarding proposed language for an injunction on Count 6—which relates to the Court's holding that Defendant's additional documentation policy violates the National Voter Registration Act, 52 U.S.C. §§ 20501-20511. (Order on Proposed Orders, D.E. 229, PageID# 3723.) Defendants engaged in the meet and confer in good faith. TN NAACP's assertion fails to account for the whole picture.

Upon reading the Court's Order requiring the meet and confer, (Order requiring meet and confer, D.E. 222), counsel for Defendants perceived that voluntarily proposing or agreeing to the language of injunction would possibly imperil their right to appeal of the injunction order. *See United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001) ("When the court does exactly what the

defendant wants, the defendant has waived rather than simply forfeited any argument that things should have been done otherwise."); *Haitian Refugee Center v. Civiletti*, 614 F.2d 92, 93 (5th Cir. 1980) ("The defendants cannot appeal from an injunction to which they agreed."); *Amstar Corp. v. S. Pac. Transport Co. of Texas and Louisiana*, 607 F.2d 1100, 1100 (5th Cir. 1979) (holding that appellate review was unavailable even if the order includes express recognition that one party intends to appeal). The concern over waiver was further reinforced by absence of any language in the Court's Order to reassure the parties of their appellate rights. *Compare* Order requiring meet and confer, D.E. 222, PageID# 3692, *with Curves, LLC v. Spalding County*, 569 F. Supp. 2d 1305, 1315 (N.D. Ga. 2007) (assuring the parties that a joint proposed injunction "would not waive any legal position of either party for purposes of appeal.")

After discussing the matter extensively with their clients, counsel for Defendants concluded that agreed language on the injunction was possible. In short, the benefits of any agreed language for the injunction order would have to outweigh the cost of potentially losing the ability to appeal. Having defined this window of agreeability for themselves, Defendants entered the meet and confer in good faith.

At the outset of the meet and confer, counsel for Defendants explained to counsel for TN NAACP that Defendants perceived that making a proposal could create procedural hurdles on appeal. Counsel for Defendants further explained that Defendants were open minded and willing to consider TN NAACP's proposal. Counsel for Defendants listened to TN NAACP's proposal, asked probing questions about certain aspects of the proposal, and took extensive notes. Then, counsel for Defendants spent nearly an hour discussing this proposal with Defendants. However, as the Court noted in its order calling for objections to the proposed order of each party, Defendants and the TN NAACP have "little-to-no common ground" on what language should be included in

2

the injunction order.  (Order on Proposed Orders, D.E. 229, PageID# 3722.)  The Court's observation about the proposed orders was abundantly clear at the meet and confer—little-to-no common ground existed.  Indeed, TN NAACP's proposal at the meet and confer and their proposed order of injunction, (TN NAACP's Proposed Order, D.E. 226-1), seek to rewrite Tennessee's election statutes and procedures, a deal-breaker for Defendants.  As Defendants stated in their summary-judgment briefing, precedent makes clear that injunctions requiring States to implement new procedures to remedy constitutional deficiencies in their electoral framework are improper. *Thompson v. DeWine*, 976 F.3d 610, 620 (6th Cir. 2020).  Moreover, TN NAACP's proposal went well beyond the holdings in the Court's memorandum opinion.  (*See* Mem. Opinion, D.E. 221). TN NAACP's proposed language was a non-starter.

After extensive consultation, counsel for Defendants saw no reasonable pathway to language within the window of agreeability.  Perceiving further negotiations to be futile, counsel for Defendants declined TN NAACP's proposal and politely concluded the meet and confer.  In compliance with the Court's Order, counsel for Defendants drafted the joint status report to notify the Court that the parties could not agree on the injunction language.  (*See* Order requiring meet and confer, D.E. 222.)  After approval from TN NAACP, the joint status report was filed.  (Joint Status Report, D.E. 224.)

For these reasons, Defendants respectfully assert that they participated in the meet and confer in good faith.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter


/s/ *Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Assistant Attorney General

ANDREW COULAM
Deputy Attorney General

DAWN JORDAN
Senior Counsel

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

Public Interest Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the above document has been forwarded electronically.  Notice of this filing will be sent by the Court's electronic filing system to the parties named below.  Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN  37203

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC  20004

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN  37208

Date:  May 17, 2024

*/s/ Zachary L. Barker*
Assistant Attorney General