# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, et al.,<br><br>    Defendants. | NO. 3:20-cv-01039<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## ORDER

On April 18, 2024, the Court granted summary judgment in favor of Plaintiff Tennessee National Association for the Advancement of Colored People ("TN NAACP") on Count Six of its First Amended Complaint against Defendants Trey Hargett and Mark Goins in their respective official capacities as Secretary of State and Coordinator of Elections for the State of Tennessee (collectively "Tennessee Election Officials"). (Doc. Nos. 221, 222). The Court notes that its ruling on Count Six does not concern "constitutional wrongs," Tennessee's framework for state elections, or any state election laws. Rather, the Court's ruling on Count Six solely concerns Tennessee's compliance with a federal statute concerning elections for Federal office, the National Voter Registration Act of 1993 ("NVRA"). As addressed in the Court's prior memorandum, (Doc. No. 221), the NVRA "requires States to provide simplified systems for registering to vote in *federal* elections, *i.e.*, elections for federal officials, such as the President, congressional Representatives, and United States Senators." *Young v. Fordice*, 520 U.S. 273, 275 (1997) (emphasis in original).

In accordance with the Court's prior Orders, (Doc. Nos. 225, 229), TN NAACP and the Tennessee Election Officials filed competing proposals for an injunction, (Doc. Nos. 226-1, 227-

1), and corresponding objections (Doc. Nos. 232, 234). The Court has reviewed the parties' filings, and in accordance with the Court's ruling on Count Six, the Court hereby **ORDERS AND DECLARES** as follows:

1. **IT IS ORDERED AND DECLARED** that Tennessee Election Officials' policy and practice of rejecting valid, timely submitted mail in voter registration forms developed pursuant to Sections 20505(a)(2) or 20508(a)(2) of the National Voter Registration Act based solely on an indication that the applicant has a past felony conviction and requiring the applicant to provide additional documentary proof of eligibility before being placed on the voter rolls (the "Challenged Policy") violates the National Voter Registration Act, 52 U.S.C. §§ 20505(a)(1), 20507(a)(1), and 20508(b)(1). In Tennessee, the mere fact that an applicant has a prior felony conviction does not establish ineligibility to vote in every circumstance. (*See* Doc. No. 221 at 3-5). In Tennessee, individuals with felony convictions who never lost the right to vote or who have had their rights restored are "eligible" to vote. (*See id*. at 48). Under the NVRA, applicants who timely submit a completed voter registration application developed pursuant to Sections 20505(a)(2) or 20508(a)(2) of the National Voter Registration Act facially indicating they are eligible to vote cannot be required to present documentary proof of eligibility beyond the voter registration form and must be registered absent credible information establishing that they are ineligible to vote.

2. It is therefore **FURTHER ORDERED** that Tennessee Election Officials, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them, including all state election staff and county administrators of election, are **PERMANENTLY ENJOINED** from enforcing, applying, or implementing the Challenged Policy, (*Horne v. Flores*, 557 U.S. 433, 450 (2009) ("It goes without saying that federal courts

must vigilantly enforce federal law and must not hesitate in awarding necessary relief."); *Harkless v. Brunner*, 545 F.3d 445, 450 (6th Cir. 2008) ("NVRA authorizes judicial intervention if a state fails to comply with its terms.")), and:

    a. Shall process valid, timely mail in voter registration forms developed pursuant to Sections 20505(a)(2) or 20508(a)(2) of the NVRA submitted by individuals with prior felony convictions who are otherwise eligible to vote; and

    b. Shall register individuals with prior felony convictions who submit valid, timely mail in voter registration forms developed pursuant to Sections 20505(a)(2) or 20508(a)(2) of the NVRA absent credible information establishing that they are ineligible to vote.

3. **IT IS FURTHER ORDERED** that Tennessee Election Officials shall, as soon as possible:

    a. Issue written guidance to all state election staff and county administrators of election (AOEs) explaining:

        i. how to process voter registration applications consistent with the terms of this Order and the Court's memorandum entered on April 18, 2024; and

        ii. how to establish that an individual with prior felony convictions is ineligible to vote consistent with the terms of this Order and the Court's memorandum entered on April 18, 2024; and

    b. Deliver at least one live training to all state election staff and county AOEs regarding the topics in subparagraph a., and ensure the training is recorded and made available to Tennessee Election Officials' website for state and county AOE staff who are unable to attend.

3

Case 3:20-cv-01039    Document 237    Filed 06/05/24    Page 3 of 4 PageID #: 3826

4. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce the terms of this Order and to award such other relief as may be appropriate.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE