IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE CONFERENCE of the** ) <br> **NATIONAL ASSOCIATION for the** ) <br> **ADVANCEMENT of COLORED** ) <br> **PEOPLE, on behalf of itself and its** ) <br> **members, et al.,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **WILLIAM LEE, in his official capacity** ) <br> **as Governor of the State of Tennessee,** ) <br> **et al.,** ) <br> ) <br>     **Defendants.** ) | Case No. 3:20-cv-01039 <br> Judge Campbell/Frensley |

**ORDER**

**I. INTRODUCTION**

Plaintiffs Tennessee Conference of the National Association for the Advancement of Colored People, Lamar Perry, Curtis Gray, Jr., John Weare, Benjamin Tournier, Leola Scott, and Reginald Hendrix (collectively, "Plaintiffs") brought this action against Tennessee officials William Lee, Lisa Helton,[1] Mark Goins, and Tre Hargett (collectively, "Defendants"), alleging that Defendants' process for restoring the voting rights of people convicted of felonies violates the United States Constitution and the National Voter Registration Act ["NVRA"]. Docket No. 102 (First Amended Complaint).

---

[1] Ms. Helton is no longer interim Commissioner of the Department of Correction and has been replaced in that role and in this lawsuit by Frank Strada. *See* Docket No. 146, p. 1, n.1.

This matter is now before the Court upon Plaintiffs' "Rule 30(a)(2)(A)(ii) Motion for Leave to Re-depose Two Witnesses by Oral Examination." Docket No. 231.[2] Plaintiffs have also filed supporting documents. Docket Nos. 231-1 (excerpts from deposition of Mark Goins) and 231-2 (excerpts from deposition of Beth Henry-Robertson). Defendants have filed a Response in Opposition and additional excerpts from the deposition of Mr. Goins. Docket Nos. 236, 236-1. Plaintiffs have filed a Reply. Docket No. 238. For the reasons set forth below, Plaintiffs' Motion (Docket No. 231) is GRANTED.

## II.  LAW AND ANALYSIS

A.  **Legal Standard for Obtaining Leave to Re-depose a Witness**

While Defendants urge the Court to analyze Plaintiffs' Motion under the standard set forth by Rule 56(d), the Court finds that Rule to be inapposite. When a motion for summary judgment has been filed, Rule 56 provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Here, Plaintiffs do not argue that they need to *reopen* discovery so much as that they need to complete previously ordered discovery that has been rendered obsolete by Defendants' intervening policy change. *See* Docket Nos. 236, 179. Further, Plaintiffs maintain that a primary

---

[2] This document comprises both the Motion and the Supporting Memorandum.

2

Case 3:20-cv-01039     Document 240     Filed 06/07/24     Page 2 of 8 PageID #: 3854

reason for seeking to re-depose these witnesses is "so that they are not blindsided by Defendants' testimony at trial." Docket No. 238, p. 2. Most importantly, Defendants' Motion for Summary Judgment is no longer pending. Docket Nos. 222, 237. Under the circumstances, the Court finds that Rule 30 sets the appropriate standard.

Rule 30, which governs depositions generally, states that "[a] party must obtain leave of court, and the court **must** grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case . . . ." Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added).

Rule 26(b)(1) addresses the scope of discovery when it is not otherwise limited by court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2) directs the court to limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

3

### B. Plaintiffs' Motion for Leave to Re-depose Two Witnesses

Plaintiffs move the Court for leave to re-depose two witnesses in this matter: Coordinator of Elections Mark Goins and a Rule 30(b)(6) representative of the Tennessee Elections Divisions. Docket No. 231, p. 1. Plaintiffs concede that they have already had the opportunity to depose Mr. Goins and a Rule 30(b)(6) representative, but argue that additional testimony is necessary because following those depositions and "immediately after the close of the 56(d) discovery period, Defendants yet again changed the goal posts for the challenged procedures [to restore voting rights]." *Id.* at 2. Specifically, Plaintiffs assert that "Defendant Goins decided that Tennesseans with past felony convictions must first restore their gun rights to be able to restore their voting rights." *Id.* at 2-3. Plaintiffs contend that this is "important new information" and that "Plaintiffs were not given a fair opportunity to examine Defendant Goins and Ms. Henry-Robertson on their current interpretation of Tennessee's voting rights restoration requirements, including gun rights restoration." *Id.* at 5-6. Plaintiffs maintain that if permitted, "[t]he scope of the depositions will be limited to factual developments since the previous deposition and any events, policies, practices, preceding that laid the foundation or background for those recent developments." *Id.* at 1.

Defendants argue that: (1) "Plaintiffs seek privileged information that is not discoverable"; (2) "Re-deposing Coordinator Goins and a 30(b)(6) representative of Division of Elections would be duplicative and burdensome"; and (3) "Plaintiffs had ample opportunity to question Coordinator Goins and a 30(b)(6) representative of Division of Elections about the topics listed in the Motion for Leave." Docket No. 236, p. 7-9.

1. **Defendants' Assertion of Privilege**

Defendants contend that "Plaintiffs specifically request to re-depose Coordinator Goins and Assistant Coordinator Henry-Robertson to inquire about their 'interpretation' of Tennessee's voting rights restoration requirements and the creation of a 'new definition of a person's full rights of citizenship' . . . . Questioning about the development of that position necessarily implicates the attorney-client privilege." Docket No. 236, p. 7 (some internal quotation marks omitted). Defendants argue that:

> Any professional advice regarding the interpretation of Tennessee law on voting rights or the definition of any legal term, like "full rights of citizenship," is the direct result of consultation between Division of Elections and its lawyers. As such, communications on those topics are privileged, and re-deposing Coordinator Goins and Assistant Coordinator Henry-Robertson on those topics would be futile.

*Id.* at 8.

Although some proposed areas of questioning may implicate the attorney-client privilege, the Court finds that this possibility is not a reason to deny the request for additional depositions. Should Defendants' attorneys deem it necessary during the depositions, Mr. Goins and Defendants' Rule 30(b)(6) witness may assert the privilege in response to any particular question.

2. **Duplicative and Burdensome**

Quoting multiple hypothetical questions posed during the course of the original depositions, Defendants maintain that "Plaintiffs have already questioned Coordinator Goins regarding whether the right to possess firearms is among the 'full rights of citizenship' that must be restored under Tenn. Code Ann. § 2-19-143 . . . . Any further questioning would be cumulative or duplicative." Docket No. 236, p. 8, *citing* Docket No. 236-1. Defendants argue

5

that while the questions previously asked were hypothetical, "that the Division of Elections has implemented their position does not change their prior answers about its effect." *Id.* at 9. Defendants further argue that additional depositions would "burden Division of Elections during an election year, when Division of Elections is at its busiest." *Id.*

 While it is clear that Plaintiffs did ask hypothetical questions about what would happen if the Division of Elections changed its position regarding the need to restore gun rights, answers to hypothetical questions about potential future policy changes do not have the same force or effect as official and (in the case of the Rule 30(b)(6) deposition) binding answers regarding current and operative policy. Therefore, the Court finds that the discovery sought is not unreasonably cumulative or duplicative.

As to burden, the Court credits Defendants' assertion that the Division of Elections is very busy during an election year. Because the testimony sought is limited to the recent policy changes and their surrounding circumstances, the Court finds that Plaintiffs should be able to ask questions on their proposed topics within a relatively short timeframe. The Court will limit the new depositions to no more than three hours each for a total of six hours, which will mitigate any burden on Defendants.

### 3. **Plaintiffs' Prior Opportunity**

Defendants assert that "[d]uring the four depositions related to Division of Elections during re-opened discovery, Plaintiffs had the opportunity to ask questions for up to 28 hours regarding the topics listed in their motion. Yet, they choose [*sic*] not to." Docket No. 236, p. 9-10. Decrying what they term Plaintiffs "'wait and see' approach to discovery," Defendants argue that Plaintiffs should have explored these issues further in the previous depositions. *Id.* at 11.

6

Given that Plaintiffs had no control over what policy changes Defendants might choose to enact or the timing thereof, it is hard to understand how Plaintiffs could do anything other than ask hypothetical questions and "wait and see" what Defendants would do.  As previously discussed, hypothetical questions about possible future policy changes are not the equivalent of questions about now-enacted policy, and Plaintiffs could not have asked those questions before. Further, as Defendants note, "Plaintiffs' six previous depositions already required Division of Elections employees to make themselves available for more than the equivalent of a single employee's full workweek" and "[m]ore than 20 pages of the transcript of the deposition of Coordinator Goins relate to firearm rights in the context of voting rights restoration." *Id.* at 8-9. It is hard to argue that Plaintiffs have not availed themselves of the opportunity to seek relevant deposition testimony.  The Court therefore finds that, due to the intervening policy changes, Plaintiffs have not had ample opportunity to ask questions related to the newly-adopted policy.

4. **Additional Considerations**

In addition to the above arguments, Defendants also maintain that "Plaintiffs have the essential facts and fail to affirmatively demonstrate how re-deposing the two witnesses will lead to discoverable material that was unavailable during their initial depositions" and that "Plaintiffs have not presented a claim to which further discovery on the intersection of Certificate of Restoration process and firearm rights would be relevant."  Docket No. 236, p. 1.

Defendants' first argument misstates the Rule 26 standard, which is set forth above.  The question is whether the testimony sought is proportional and relevant to any party's claim or defense, and the Court finds that it is.  *See* Rule 26(b)(1).  Given that Plaintiffs' claims relate to Defendants' process for the restoration of voting rights and all the testimony sought relates to that process, it would be difficult to find otherwise.  The First Amended Complaint is replete

7

with claims to which such testimony would potentially be relevant, including that "elements of Tennessee's voter registration process violate the NVRA and create additional, unnecessary barriers to the franchise for individuals with felony convictions," to select just one. Docket No. 102, p. 4. The Court does not understand Defendants' assertion that Plaintiffs have not asserted a claim as to which testimony regarding the intersection of voting rights restoration and firearm rights would be relevant. *See* Docket No. 236, p. 1.

### III. CONCLUSION

As discussed above, the Court finds that the testimony sought meets the standard for relevance and proportionality set forth by Rule 26(b)(1) and does not meet the criteria for limiting discovery set forth by Rule 26(b)(2). Therefore, Plaintiffs' Motion (Docket No. 231) is GRANTED. Plaintiffs may re-depose Mr. Goins for a maximum of three hours of testimony, and may re-depose a Rule 30(b)(6) representative of Defendants for an additional maximum of three hours of testimony. These depositions must be scheduled and completed no later than June 18, 2024. The Parties must cooperate to find available days and times, but Defendants must make the witnesses available within this time period.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**