IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY <br><br> [Class Action] |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM INSTRUCTION 13 IN THE MAY 10, 2024 ORDER**

Plaintiffs respectfully enter this response to Defendants' motion for relief from Instruction 13 in the order governing the June 20 settlement conference. Doc. 235. Upon reviewing Tennessee law, Plaintiffs do not oppose Defendants' request to modify the scheduling order. Plaintiffs request, however, that the modification to the order be designed not to entirely "release" Defendants from the Court's mandate to attend the conference with "full settlement authority," as Defendants have requested. Rather, Plaintiffs respectfully request that the Court modify the order to recognize the statutory limitations on Defendants' authority while ensuring that Defendants' counsel diligently work to obtain as much independent authority as possible to ensure that the settlement conference is a productive forum.

Defendants have pointed to two Tennessee statutes that require additional consultation or sign-off on settlements from particular government officials under very specific circumstances. Tenn. Code § 20-13-103 only applies to settlements over $25,000 or that would incur a significant

1

increase in government spending. Plaintiffs are not requesting damages and would contest that their requests for injunctive relief would cause significant increases in government spending,[1] but to the extent that Defendants believe they might, the Court's order should require them to consult with the relevant officials *in advance of* the settlement conference. Such consultation will ensure that Defendants can negotiate in good faith within the boundaries of the possible. If a tentative settlement is reached that exceeds the statutory limits of Defendants' authority, and thus written approval, those efforts are less likely to have been in vain if Defendants exercised this due diligence.

Additionally, Tenn. Code Ann. § 2-1-120(b) requires consultation with the speaker of the senate and the speaker of the house of representatives on consent decrees that would change election laws or rules.[2] This statute does not state that the consultation must happen *after* a tentative agreement has been reached, nor does it require written sign off. Moreover, the parties have other types of case resolution instruments available to them besides consent decrees.

In sum, Defendants' request to be "released" from the requirement to appear with full settlement authority is too broad. Instead, Plaintiffs respectfully request that the Court modify its order to require Defendants to appear with the fullest possible settlement authority by working

---

[1] Evidence strongly indicates that Plaintiffs' requested relief would not significantly increase state expenditures. Plaintiffs' expert Dr. Selin argues that the cost to the state of Tennessee of providing additional, valuable processes is comparatively low, and other evidence will support this finding. For example, one legislative proposal to require TDOC officials to review COR eligibility at the point of discharge from supervision (a component of Plaintiffs' requested relief) was deemed as having "not significant" fiscal impacts by the Tennessee General Assembly Fiscal Review Committee. *See, e.g.*, Corrected Fiscal Note HB 1166 - SB 1073 (April 3, 2023), https://www.capitol.tn.gov/Bills/113/Fiscal/HB1166.pdf.

[2] Though Defendants mischaracterize this law as applying to "any agreement changing 'state election laws or rules,'" it plainly only applies to consent decrees, not all case resolution instruments.

diligently to consult the relevant authorities in advance to ensure that they can participate in negotiations in good faith.

| | |
|---|---|
| Dated: June 7, 2024 | Respectfully submitted, |
| Keeda Haynes, BPR No. 031518<br>Free Hearts<br>2013 25th Ave. N,<br>Nashville, TN 37208<br>(615) 479-5530<br>keeda@freeheartsorg.com | /s/ Charles K. Grant<br>Blair Bowie*<br>Danielle Lang*<br>Alice Huling*<br>Valencia Richardson*<br>Aseem Mulji*<br>Ellen Boettcher*<br>Kate Uyeda, BPR No. 040531<br>Campaign Legal Center<br>1101 14th St. NW, Suite 400<br>Washington, DC 20005<br>(202) 736-2200<br>bbowie@campaignlegal.org<br>dlang@campaignlegal.org<br>ahuling@campaignlegal.org<br>vrichardson@campaignlegal.org<br>amulji@campaignlegal.org<br>eboettcher@campaignlegal.org<br>kuyeda@campaignlegal.org |
| Phil Telfeyan<br>Equal Justice Under Law<br>400 7th St. NW, Suite 602<br>Washington, D.C. 20004<br>(202) 505-2058<br>ptelfeyan@equaljusticeunderlaw.org | |
| * Admitted pro hac vice | Charles K. Grant, BPR No. 017081<br>Denmark J. Grant, BPR No. 036808<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>211 Commerce Street, Suite 800<br>Nashville, TN 37201<br>Telephone: (615) 726-5600<br>Facsimile: (615) 726-0464<br>cgrant@bakerdonelson.com<br>dgrant@bakerdonelson.com<br><br>*Counsel for the Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on June 7, 2024 by operation of the Court's electronic filing system on the following:

Zachary Barker
Dawn Jordan
Andrew C. Coulam
David M. Rudolph
Robert W. Wilson

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

/s/ Charles K. Grant
Charles K. Grant

4

4866-6729-1334
Case 3:20-cv-01039   Document 241   Filed 06/07/24   Page 4 of 4 PageID #: 3864