IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs seek to represent a class of infamous criminals who have requested, but have not received, a Certificate of Restoration ("COR"). But Plaintiffs are not entitled to such a class for two reasons. First, Plaintiffs lack standing because they are ineligible to request or receive a COR; that jurisdictional flaw prevents this Court from certifying a class. Second, even if Plaintiffs had standing, they failed to establish the prerequisites for class certification. This Court should deny Plaintiffs' Motion for Class Certification.

## PROCEDURAL BACKGROUND

Plaintiffs moved this court to certify a class comprising "Tennessee residents who have been disenfranchised because of a felony conviction and have requested or attempted to request a Certification of Restoration ('COR') from the pardoning, incarcerating, or supervising authority, but to date have not received a COR sufficient to restore their voting rights." (Motion, D.E. 104 PageID# 666.) Defendants opposed class certification, arguing: (1) that Plaintiffs had not established the numerosity, commonality, or typicality requirements of Federal Rule of Civil Procedure 23(a); and (2) that they did not satisfy Rule 23(b)'s requirements. (Response, D.E. 108, PageID# 772.) This Court granted Plaintiffs' motion and certified the proposed class in an order entered on April 13, 2023. (Memorandum, D.E. 122, PageID# 822; Order, D.E. 123, PageID# 831.) Defendants petitioned for an interlocutory appeal, and the United States Court of Appeals for the Sixth Circuit held that this Court's analysis was "insufficiently rigorous," vacated the class certification order, and remanded the case for reconsideration of the motion for class certification. (Sixth Circuit Order, D.E. 215, PageID# 3552-53.)

## ARGUMENT

I.   **This Court Cannot Certify a Class Because Plaintiffs lack Standing**.

"[A] court has no power to certify a class if it lacks jurisdiction." *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284, 294 (6th Cir. 2023). Standing goes to a court's subject matter jurisdiction,

1

and it is a fundamental requirement that a class member must have standing before he may serve as class representative. *Id.* at 292-94; *Patton v. Fitzhugh*, No. 3:23-cv-00637, 2024 WL 3366333 at *4 (M.D. Tenn. 2024). A plaintiff must have standing at the outset of the litigation. *Fox*, 67 F.4th at 294; *Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 876 (6th Cir. 2024). The facts at the time of the filing of the operative complaint are what govern, not later-in-time facts. *Fox*, 67 F.4th at 295; *Blick*, 105 F.4th at 876. "So a plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it." *Fox*, 67 F.4th at 295.

Here, Plaintiffs filed the operative Complaint on October 22, 2022. (*See*, Am. Compl., D.E. 102.) And the individual Plaintiffs have the burden to demonstrate standing at the time the Complaint was filed and maintain it thereafter. *Carney v. Adams*, 141 S.Ct. 493, 499 (2020) (holding that a plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter"). Plaintiffs failed to carry their burden.

Only individuals *eligible* to register to vote and have their voting rights restored may request a COR. Tenn. Code Ann. § 40-29-203(a). And if an individual intends to request a COR, "it is incumbent upon that person to prove payment of restitution, court costs, and that said person is current in all child support obligations." *Falls v. Goins*, 673 S.W.3d 173, 179 (Tenn. 2023) (quotation omitted). Thus, only individuals who have proven that they are *eligible* to register to vote and have their voting rights restored possess a statutory right to request a COR. So to have standing, Plaintiffs must demonstrate eligibility to register to vote and have their voting rights restored.

In determining restoration eligibility, *Falls v. Goins* instructs that the statutes setting out the requirements for registering to vote and the statutes governing the COR process must be read together, or construed *in pari materia*. 673 S.W.3d at 183. Under Tenn. Code Ann. § 2-2-139(a),

2

a person convicted of an infamous crime may register to vote only upon submission of sufficient proof of one of the following: (1) the person has been pardoned and the person's full rights of citizenship have been restored; (2) the person's full rights of citizenship have been restored as prescribed by law; or (3) an appellate court has reversed the person's infamous conviction. Likewise, Tenn. Code Ann. § 2-19-143 bars an infamous criminal from registering to vote unless that person has restored their full rights of citizenship via pardon, court order, or as otherwise prescribed by law. In addition to those requirements, Tenn. Code Ann. § 40-29-202 requires that a person meet four criteria before the person is eligible for a COR: (1) receipt of a pardon, discharge from custody, or discharge from supervision; (2) payment of restitution; (3) payment of court costs or a court's finding of indigency after a hearing; and (4) currency in all child support obligations.[1]

Construing these statutes together creates a two-step process that must be completed before a person with an infamous conviction is eligible to restore their voting rights and register to vote: (1) restoration of the full rights of citizenship; and (2) compliance with the eligibility requirements for a COR. *See Falls*, 673 S.W.3d at 183.

None of the individual Plaintiffs have standing because they have not alleged or shown a concrete and particularized injury. Plaintiffs attempt to circumvent this standing failure by arguing that they are only concerned with "procedural rights," and thus do not have to show redressability or causation. (*See*, Pl's Resp. in Opp., D.E. 278, PageID# 6160). That argument fails. No matter

---

[1] It is true that the *Falls* decision came out after Plaintiffs filed the Amended Complaint. However, the *Falls* decision does not constitute a "fact;" the decision merely clarified existing law, and thus the law always applied. *Rivers v. Roadway Exp., Inc.,* 511 U.S. 298, 312-313 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."); *see Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review . . . .").

what rights Plaintiffs seek, to have an Article III injury, they must still show that they have suffered a concrete and particularized harm. *Parsons v. U.S. Dept. of Justice*, 801 F.3d 701, 712 (6th Cir. 2015). "[T]he procedures in question [must be] designed to protect some threatened concrete interest of [plaintiff's] that must be the ultimate basis of his standing." *Id.*

When Plaintiffs filed the Amended Complaint on October 22, 2022, (*see* Am. Compl., D.E. 102), none of the individual Plaintiffs had their citizenship rights restored as required. Therefore, none of the individual Plaintiffs can show that they were eligible to request a COR, *see* Tenn. Code Ann. § 40-29-203(a), and all of the individual Plaintiffs lack standing.[2] For this reason alone, the individual Plaintiffs cannot act as class representatives.[3] *See Fox*, 67 F.4th at 292-94; *Patton*, 2024 WL 3366333, at *4.

The individual Plaintiffs also fail to meet other eligibility criteria for requesting a COR. While Mr. Perry may be current on his child support now, (*see* Perry Juvenile Court Order, D.E. 275-4, PageID# 4785), he was in arrears as of the date of filing the Amended Complaint, (Perry Dep., D.E. 151-11, PageID 1714). Thus, Mr. Perry was not eligible to request a COR. The same is true for Mr. Gray, who still owes court costs and cannot request a COR. (*See* Gray Clerk Email, D.E. 275-10, PageID# 4848, Gray Receipt, D.E. 275-9, PageID# 4846). Likewise, Ms. Scott's

---

[2] It appears that Ms. Scott has restored her citizenship rights as of July 2024. But even if true, Ms. Scott failed to show that she had standing at the time she filed the Amended Complaint. *See Fox*, 67 F.4th at 294-95.
[3] Plaintiffs argue that the claims of Mr. Hendrix, who has been allowed to register to vote and has actually voted, are not moot for purposes of a class action. Not so. *Fox*, 67 F.4th at 294 (Plaintiff whose case is moot is precluded from seeking relief on behalf of himself or the class); *Patton*, 2024 WL 3366333 at *4. Plaintiffs rely on *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) in support (*see* Resp. in Opp. Mot. SJ. D.E. 278, PageID# 6162, fn. 1), but that case is wholly inapposite. There, a certified class action was on appeal. Here, no class is certified. (Sixth Circuit Order, D.E. 215, PageID# 3552-53.) And an Amended Complaint was filed on October 22, 2022. (*See* ECF 102). By that time, Mr. Hendrix already had his voting rights restored and had been voting. Thus, he has no standing to sue because he suffers no injury.

most recent COR form indicates that she owes court costs, and thus she lacks standing. (Scott COR Form, D.E. 275-11, PageID# 4858.) The same goes for Mr. Tournier, who by his own admission cannot get an Arizona official to attest on his COR form that he has paid his court costs, (Tournier Responses, D.E. 275-19, PageID# 4952), and has filed documents showing that he owes several costs associated with his conviction, (Tournier Receipt, D.E. 275-20, PageID# 4955; Tournier Criminal Restitution Order, D.E. 275-21, PageID# 4957). And Mr. Weare has no documentation to show that he has paid his court costs for his 1997 conviction or his 2003 conviction, (Weare Dep., D.E. 151-8, PageID# 1438-46), when it is incumbent on Mr. Weare to prove that he no longer owes court costs, *see Falls*, 673 S.W.3d at 179.

All of the individual Plaintiffs allege either the denial of a COR or the inability to receive a COR as their injury. (Amended Complaint, D.E. 102, PageID# 621-26.) But it does not matter what procedures are afforded to them—ultimately Plaintiffs are not entitled to a COR. The individual Plaintiffs all lack standing to sue, or their claims are moot, thus this Court lacks subject matter jurisdiction. And without jurisdiction, the Court lacks power to certify a class. *Fox*, 67 F.4th at 294.

II.     **Plaintiffs Have Not Established the Class Certification Requirements.**

Even if the individual Plaintiffs have standing, they have not established the class certification requirements. The United States Supreme Court and the Sixth Circuit require that a district court conduct a "rigorous analysis" of the class certification requirements. *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011). To begin, "[a]ny class certification must satisfy Rule 23(a)'s requirement of numerosity, commonality, typicality, and adequate representation." *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F.3d 254, 278 (6th Cir. 2018). Next, the class must "fit under at least one of the categories identified in

5

Rule 23(b)." *Id.* at 278. Here, Plaintiffs rely on Rule 23(b)(2), which permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); (*see* Motion, D.E. 104, PageID# 665; Mem. in Supp., D.E. 105, PageID# 672.)

### A. Plaintiffs Cannot Show Commonality.

Rule 23(a) forbids class certification unless "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). It is not enough that "they have all suffered a violation of the same provision of law"—instead, their claims must "depend upon a common contention" whose resolution "will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2022). The court must "trea[t] each claim individually and certif[y] the class with respect to only those claims for which certification is appropriate." *In re Rodriguez*, 695 F.3d 360, 369 n.13 (5th Cir. 2012).

For Plaintiffs' equal protection claim, the decision in *DL v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013), is instructive. There, the plaintiffs alleged that the District of Columbia's educational policies and practices "resulted in systemic failures" to offer disabled preschool-age children the services required by the Individuals with Disabilities Act ("IDEA"). *Id.* at 122. The district court certified a class comprising special needs children living in the District of Columbia. *Id.* at 123. On appeal, the circuit court reversed, determining that the "harms alleged to have been suffered" "involve[d] different policies and practices at different stages" of the IDEA process. *Id.* at 127. And critically, "the district court identified no single or uniform policy or practice that bridges all their claims." *Id.* Instead, the claims were "based on multiple, disparate failures to comply with the [District's] statutory child obligations, rather than a truly systemic policy or

6

practice which affects them all." *Id.* at 128. For that reason, the court held that the plaintiffs did not satisfy the commonality. *Id.*

For their equal protection claim, Plaintiffs' proposed common question is "whether the class is subject to arbitrarily different rules and procedures for regaining the right to vote based only on the county of a person's felony conviction. (Mem. in Supp., D.E. 105, PageID# 677.) Yet, Plaintiffs complain about "disparate failures" with respect to voting rights restoration on a county-by-county basis. By Plaintiffs' own admission, then, there is no "truly systemic policy or practice" imposed by Defendants, *DL*, 713 F.3d at 128—indeed, Plaintiffs repeatedly allege the *absence* of a "single or uniform policy or practice," *id.* at 127, and describe the framework as a "scattershot system across Tennessee's ninety-five counties" that creates "disparate results," (Am. Compl., D.E. 102, PageID# 612-13.) Plaintiffs' allegations show that their purported injuries stem from policies, procedures, and decisions that *vary*. For example, Ms. Scott complains that a county court clerk incorrectly stated that she owes court costs, (*Id.* at PageID# 625), while Mr. Weare and Mr. Tournier complain that officials from another state will not fill out his COR form, (*Id.* at PageID# 622-24). Plaintiffs' procedural-due-process claims also do not involve a common question because the amount of process an applicant received, as well as the amount of any additional process to which that applicant might be entitled, may well vary from applicant to applicant. And, Plaintiffs' claimed equal-protection injury is insufficient to show commonality. *See DL*, 713 F.3d at 126. Like the alleged harms in *DL*, the harms that Plaintiffs allege here result from "different policies and practices" and decisions carried out by different actors in different jurisdictions. There is no common contention that binds the class together.

"[T]he Due Process Clause is flexible and calls for such procedural protections as the particular situation demands." *Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir.

7

2015). Plaintiffs' proposed questions related to due process, (Pl.'s Mem. of Law, D.E. 105, PageID# 676-77), gloss over this flexibility. Plaintiffs argue that all class members are subject to the same *risk* of erroneous deprivation created by the COR process. *Id.* at 826. This is incorrect. To the contrary, the "risk of erroneous deprivation" is *not* the same for all COR applicants. Any risk would *vary* depending on each county's policies and each applicant's circumstances.

Plaintiffs assert that the class has not been given protections required by the Due Process Clause. But an inquiry into whether a COR applicant has received constitutionally adequate process must consider the policies of counties and localities, as well as protections afforded under the statutory scheme. Such an inquiry must be individualized, which may produce different results for applicants from one county to another. This Court must look at each plaintiff, determine what process that applicant had been afforded based on that applicant's county of conviction, weigh the risk of erroneous deprivation for each distinct circumstance, and then consider whether the existing remedies satisfy constitutional requirements. *Cf. Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d at 741. This defeats commonality. *See*, *e.g.*, *Secreti v. PTS of Am., LLC*, 2015 WL 3505146, at *3–4 (M.D. Tenn. June 3, 2015) (finding no commonality among class of inmates because their claims would require individualized balancing based on each inmates' circumstances); *see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 553–54 (7th Cir. 2016) (finding no commonality because the class action against the jail for inadequate dental care would depend on the facts of each individual and could not be resolved for the class as a whole).

**B. Plaintiffs Cannot Show Typicality.**

Rule 23(a) also forbids class certification unless "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The premise of the typicality requirement is simply stated: as goes the claim of the named

8

plaintiff, so go the claims of the class." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc). "[W]here there are defenses unique to the individual claims of the class members, the typicality premise is lacking, for—under those circumstances—it cannot be said that a class member who proves his own claim would necessarily prove the claims of other class members." *Romberio v. UnumProvident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009).

Plaintiffs face a host of issues trying to establish typicality. Plaintiffs' equal-protection and procedural-due-process claims demand individualized consideration of county-level policies and each COR applicant's particular circumstances. And the defenses available to Defendants could vary depending on the procedures used by certain local jurisdictions and the procedures available to each individual COR applicant. The differing claims of the named Plaintiffs show that individualized assessments are necessary. Mr. Perry, Mr. Gray, and Ms. Scott were all unable to obtain CORs based on court costs. (*See* Perry Reponses, D.E. 275-1, PageID# 4767; Gray Clerk Email, D.E. 275-10, PageID# 4848, Gray Receipt, D.E. 275-9, PageID# 4846; Scott COR Form, D.E. 275-11, PageID# 4858.) Mr. Tournier and Mr. Weare have out of state convictions, which come with their own set of problems. (Tournier Responses, D.E. 275-19, PageID# 4952; Weare Dep., D.E. 151-8, PageID# 1438-46.) Only Ms. Scott appears to have restored her citizenship rights. (Scott Dec. Ex., D.E. 275-11, PageID# 4861-62.) Each of their cases must be determined individually to determine their eligibility to request a COR. And beyond those issues, there are other circumstances that require case-by-case determinations: some people may have permanently disqualifying felonies, some people may no longer have felony convictions due to diversion or expungement, some people may have felony convictions only during the "grace period," many people may have not gotten their citizenship rights restored, some people may have only partially restored their citizenship rights, some people may have out of state convictions, some people may

have federal convictions, some people may owe court costs and/or fines, and some people may owe child support. There are a host of reasons, *individual reasons*, why a person may not be eligible to apply for a COR. Consequently, it simply cannot be said that, as go the claims of the named Plaintiffs, "so go the claims of the class." *Sprague*, 133 F.3d at 399. There is no typicality.

### C. Plaintiffs Cannot Maintain a Class Action Under Rule 23(b).

Under Rule 23(b)(2), "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In other words, the (b)(2) requirement is met if "class members complain of a pattern or practice that is generally applicable to the class as a whole." *Gooch v. Life Investors Ins. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012) (citation omitted).

Yet Plaintiffs allege exactly the opposite of a generally applicable pattern or practice—i.e., that the relevant policies, procedures, and decisions governing re-enfranchisement are scattered among and applied variously by sundry and separate jurisdictions. (Am. Compl., D.E. 102, PageID# 612-13. Thus, Plaintiffs failed to show that Defendants "[have] acted or refused to act on grounds that apply generally to the class" under Rule 23(b)(2). Because individual inquiries and analyses are necessary to determine any eligibility for relief—and the proper scope of any injunctive relief— class certification is improper.

### CONCLUSION

For the above reasons, this Court should deny Plaintiffs' motion for class certification.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Senior Assistant Attorney General

PHILIP HAMMERSLEY
Assistant Solicitor General

ANDREW COULAM
Deputy Attorney General

DAWN JORDAN
Senior Counsel

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

General Litigation Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above document has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Kathryn Huddleston
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: August 14, 2024

*/s/ Zachary L. Barker*
Senior Assistant Attorney General