# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

TENNESSEE CONFERENCE of the ) 
NATIONAL ASSOCIATION for the ) 
ADVANCEMENT of COLORED ) 
PEOPLE, et al., ) 
                                   )        **NO. 3:20-cv-01039**
    **Plaintiffs,** )
                                     )        **JUDGE CAMPBELL**
**v.** )        **MAGISTRATE JUDGE FRENSLEY**
                                     )
**WILLIAM LEE, et al.,** )
                                     )
    **Defendants.** )

## ORDER

On July 30, 2024, the Court ordered the parties to "file supplemental briefs, not to exceed ten pages in length, addressing how, if at all, the July 2023 policy changes and any changes identified by the State in response to this Order affect the class certification analysis." (Doc. No. 273). In accordance with the Court's Order, the parties filed their respective supplemental briefs on August 14, 2024. (*See* Doc. Nos. 283, 284).

The Court has reviewed the parties' briefs and finds that Defendants' filing does not comply with the Court's Order in that it fails to address "how, if at all, the July 2023 policy changes and any changes identified by the State in response to this Order affect the class certification analysis." (*See* Doc. No. 284). Defendants' brief does not mention the Division of Elections' policy changes (Doc. No. 151-5; Doc. No. 151-6; Doc. No. 151-7; Doc. No. 274-1) or the TDOC's policy changes (Doc. No. 274-2), let alone address how, if at all, those changes affect the class certification analysis. Instead, Defendants argue against class certification entirely, a topic the

Court's July 30, 2024 Order did not ask the parties to address. Accordingly, the Clerk is **DIRECTED** to strike Defendants' noncompliant brief (Doc. No. 284) from the record.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE