IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER ORDER STRIKING SUPPLEMENTAL BRIEF**

Simultaneous to the filing of this memorandum, Defendants moved this Court under Federal Rule of Civil Procedure 60(a) to reconsider its Order striking Defendants' supplemental brief on class certification ("Defendants' Brief"), (Order, D.E. 288), due to an oversight regarding the content of Defendants' Brief. Because Defendants' Brief addresses "how, if at all, the July 2023 policy changes and any changes identified by the State . . . affect the class certification analysis," (*see* Def.'s Br., Ex. 1; Order, D.E. 273), Defendants request the Court to reinstate their Brief.

As Defendants have explained in previous filings, the Division of Elections' July 2023 policy change implemented the holding of *Falls v. Goins*, 673 S.W.3d 173, 179 (Tenn. 2023), which held that convicted felons must comply with the statute requiring full citizenship rights restoration as well as the statute requiring a certificate of restoration before an infamous felon's voting rights can be restored. (*See* Def.'s Mem. in Supp., D.E. 151, PageID# 1055, 1062-63; Goins

1

Dec. D.E. 151-1, PageID# 1091-92; Restoration Memo, D.E. 151-5, PageID# 1393-94; Restoration FAQ, D.E. 151-6, PageID #1395; Def.'s Statement of Facts, D.E. 152, PageID# 2267-68; Election Comm'n Memo, D.E. 157-3, PageID# 2721-22; State Officials Memo, D.E. 157-4, PageID# 2723-24; Federal Officials Memo, D.E. 157-5, PageID# 2726-27; Def.'s Resp. in Opp., D.E. 161, PageID# 2763-64; Def.'s Resp. in Opp., D.E. 175, PageID# 2830-31; Def. Resp. to Discovery Mot., D.E. 236, PageID# 3779-80; Def.'s Reply, D.E. 287, PageID# 6455-56.) Consistent with these filings, Defendants' Brief expressly addresses how the restoration of the full rights of citizenship under Tennessee law relates to the jurisdictional concept of standing, a part of the class certification analysis. (Def.'s Br., Ex. 1, pg. 1-5.) To be sure, Defendants did not expressly use the term "July 2023 policy changes" in their Brief, but to ensure that the issue is clear, the July 2023 policy changes, *Falls'* holding, and the statutes on restoration of full rights of citizenship are intertwined. As such, Section I of Defendants' Brief directly relates to the July 2023 policy changes and class certification. (*Id.*)

Moreover, Defendants' Brief expressly addresses how the cases of the Individual Plaintiffs, and the cases of members of the proposed class, must be determined individually when considering their eligibility to request a certificate of restoration. An infamous felon's eligibility to request a certificate of restoration is directly affected by the July 2023 policy changes that implemented the holding of *Falls*, as evidenced by the explanation in Defendants' Brief that there are individual reasons why an infamous felon may not be eligible to apply for a certificate of restoration. Those reasons can include "many people" not having "their citizenship rights restored" or others "only partially restor[ing] their citizenship rights." (Def.'s Br., Ex. 1, pg. 9-10.) Thus, Section II of Defendants' Brief directly relates to the July 2023 policy changes and class certification. (*Id.*)

In all, Defendant's Brief addresses how the July 2023 policy changes affect the class certification analysis. (*Id.* at 1-10). Thus, it should not be characterized as having "'no possible relation to the controversy'" and stricken from the record. *See Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017) (quoting *A Metal Source, LLC v. All Metal Sales, Inc.*, No. 1:14-cv-01020, 2016 WL 245981, at *3 (N.D. Ohio Jan. 21, 2016)) (describing the court's inherent power to strike non-pleading documents only when the material at issue has "'no possible relation to the controversy'"). Therefore, this Court should reinstate Defendant's Brief to the docket.

In the alternative, if the Court is of the opinion that the record would benefit from direct references and citations to the Defendants' policy changes, Defendants have attached to their motion a proposed brief with those additions underlined as Exhibit 2, (Def.'s Proposed Br., Ex. 2)[1], and Defendants' motion requests leave to file this proposed brief with the additions.

---

[1] To stay within the Court's limit of 10 pages, Defendants have deleted Subsection II.C. from the proposed brief to compensate for the additional references and citations.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Senior Assistant Attorney General

PHILIP HAMMERSLEY
Assistant Solicitor General

ANDREW COULAM
Deputy Attorney General

DAWN JORDAN
Senior Counsel

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

General Litigation Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the above document has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Kathryn Huddleston
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: August 20, 2024

                                        */s/ Zachary L. Barker*
                                        Senior Assistant Attorney General