IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the ) <br> NATIONAL ASSOCIATION for the ) <br> ADVANCEMENT of COLORED ) <br> PEOPLE, et al., ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM LEE, et al., ) <br> ) <br>    Defendants. ) | NO. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## ORDER AND MEMORANDUM

Pending before the Court is Defendants' motion for reconsideration filed under Federal Rule of Civil Procedure 60(a). (Doc. No. 289). Through the motion, Defendants request that the Court reinstate their brief or, in the alternative, grant them leave to a brief that includes "direct references and citations to the Defendants' policy changes." (Doc. No. 289). For the reasons set forth more fully below, Defendants' motion is **DENIED**.

### I.    PROCEDURAL BACKGROUND

On November 1, 2022, Plaintiffs moved for class certification of Counts One, Two, and Three under Federal Rules of Civil Procedure 23(a) and 23(b)(2). (Doc. No. 104). On November 22, 2022, Defendants filed their response in opposition to class certification, arguing Plaintiffs could not demonstrate numerosity, typicality, and commonality or satisfy the requirements of Rule 23(b). (Doc. No. 108).[1] The Court granted Plaintiffs' motion for class certification on April 13,

---

[1]    Defendants argued Plaintiffs could not demonstrate commonality or typicality because the Court would be "unable to resolve the issues that are central to the validity of each of the claims in one stroke," (*see id*. at PageID # 764-767), "due to the different risk of erroneous deprivation for each person's individual circumstances and the sufficiency of remedies already available." (*Id*. at PageID # 767).

2023. (Doc. Nos. 122, 123). On April 27, 2023, Defendants petitioned the Sixth Circuit Court of Appeals for permission to appeal the undersigned's class certification order. (Doc. No. 134-3).

On July 21, 2023, Tennessee's Division of Elections changed its policies and procedures for the restoration of voting rights for individuals with felony convictions. (Doc. No. 151-1 ¶ 3; Doc. No. 151-5). On February 8, 2024, the Sixth Circuit granted Defendants' petition for permission to appeal, vacated the undersigned's class certification order, and remanded the case for "reconsideration of the motion for class certification" because of the State's policy changes announced on July 21, 2023. (Doc. No. 215). Specifically, the Sixth Circuit decided "it would be premature" for it "to review the certification decision" because it was "unclear how the [July 2023] policies are being implemented and how, if at all, the new policies affect the class certification analysis." (*Id.* at PageID # 3553).

On July 24, 2024, Plaintiffs filed a motion requesting "clarification from the Court as to whether the Motion remains fully briefed and ripe for review or whether, alternatively, the Court would like additional briefing on Plaintiffs' motion for class certification now that the Sixth Circuit has remanded the matter for further proceedings." (Doc. No. 272). The Court granted Plaintiffs' motion for clarification and ordered that:

> If the State has since revised or otherwise made any changes to its policies or procedures for voting rights restoration (i.e., made any changes that were not announced on July 21, 2023), it shall file a notice identifying such changes on or before Thursday, August 1, 2024.
>
> On or before Wednesday, August 14, 2024, the parties shall file supplemental briefs, not to exceed ten pages in length, addressing how, if at all, the July 2023 policy changes and any changes identified by the State in response to this Order affect the class certification analysis.

(Doc. No. 273) (emphasis omitted).

Defendants timely filed a notice representing that the State had not made any revisions or changes to its policies for voting rights restoration since July 21, 2023, except for one implementing policy at TDOC and a "confirmation" about the meaning of the phrase "full rights of citizenship." (Doc. No. 274).

In accordance with the Court's Order, the parties filed their respective supplemental briefs on August 14, 2024. (Doc. Nos. 283, 284). Plaintiffs' brief addressed how, if at all, the relevant policy changes affect the class certification analysis. (*See e.g.*, Doc. No. 283 ("Defendants' changes to the COR process on July 21, 2023, and since, do not change the class certification analysis;" "determining whether Defendants' new procedures are constitutionally permissible will be part and parcel of answering common questions presented by the class;" "[p]utative class members do not need to satisfy Defendants' new 'pre-requisite' to be part of the class;" "[t]he new procedures do not affect the numerosity of the class;" "[t]hese common questions persist following Defendants' new policy;" "injuries to named plaintiffs and class are caused by the same, constitutionally inadequate system, unchanged by the new procedures;" "[t]he new procedures have no bearing whatsoever on the adequacy of class representation")).

In contrast, Defendants' brief addressed Defendants' position as to: (1) why Plaintiffs cannot show their eligibility to request a COR under various sections of the Tennessee Code; (2) how a 2013 district court case from out of circuit shows Plaintiffs' claims do not involve a common question; (3) how county-level policies and procedures defeat typicality and preclude a class action under Rule 23(b). (*See* Doc. No. 289-1).

On August 19, 2024, the Court directed the Clerk to strike Defendants' supplemental brief from the record based on the undersigned's finding that:

> Defendants' filing does not comply with the Court's Order in that it
> fails to address "how, if at all, the July 2023 policy changes and any

> changes identified by the State in response to this Order affect the class certification analysis." (*See* Doc. No. 284). Defendants' brief does not mention the Division of Elections' policy changes (Doc. No. 151-5; Doc. No. 151-6; Doc. No. 151-7; Doc. No. 274-1) or the TDOC's policy changes (Doc. No. 274-2), let alone address how, if at all, those changes affect the class certification analysis. Instead, Defendants argue against class certification entirely, a topic the Court's July 30, 2024 Order did not ask the parties to address.

(Doc. No. 288). On August 20, 2024, Defendants filed the pending motion to reconsider the Order entered on August 19, 2024. (Doc. No. 289).

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

Here, Defendants ask the Court to reconsider its prior Order under Rule 60(a) "due to an oversight regarding the content" of their brief. (Doc. No. 289). To the extent Defendants argue the Court mistakenly overlooked their briefing on how the class certification analysis is affected by the July 2023 changes to the Division of Elections' policies and procedures for the restoration of voting rights, this argument fails because Defendants concede that their brief does not make any reference to the July 2023 policy changes. (*See* Doc. No. 290 at 2 ("To be sure, Defendants did not expressly use the term 'July 2023 policy changes' in their Brief[.]")). Indeed, Defendants do not even claim to have briefed how the class certification analysis is or is not affected by the July 2023 changes to the Division of Elections' policies and procedures for the restoration of voting rights. Rather, according to Defendants, their brief "relates to the July 2023 policy changes and class certification." (*Id.*).

4

The problem for Defendants is that the Court did not order the parties to file briefs "relating" to the July 2023 policy changes and class certification; it ordered the parties to file briefs "addressing how, if at all, the July 2023 policy changes and any [subsequent] changes identified by the State … affect the class certification analysis." (Doc. No. 273). As Defendants did not brief how, if at all, the relevant policy changes affect the class certification analysis, their proposed brief with added citations to the policy changes does not cure the matter of their noncompliance with the Court's order. Put short, the Court acted within its discretion to set specific parameters on the parties' supplemental briefs and Defendants filed a brief that did not comply with those parameters. *See In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prod. Liab. Litig.*, 93 F.4th 339, 349 (6th Cir. 2024) (district courts have "wide discretion to manage their own dockets and to decide issues which have consumed considerable resources."). As it stands, Defendants have not informed the Court of their position as to whether the July 2023 policy changes affect the class certification analysis. Because Defendants have not identified any mistake in the Court's prior Order, Defendants are not entitled to relief under Rule 60(a). Accordingly, Defendants' motion for reconsideration (Doc. No. 289) is **DENIED**.

Because the Court still needs to know Defendants' position as to how, if at all, the July 2023 policy changes affect the class certification analysis, on or before **September 19, 2024**, Defendants shall file a brief, not to exceed ten pages in length, "addressing how, if at all, the July 2023 policy changes and any [subsequent] changes … affect the class certification analysis." As "the time for plain talk and clear language has arrived," *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n*, 532 F.2d 615, 632 (8th Cir. 1976), Defendants' brief **shall expressly include** the following:

1) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis because …"

2) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of standing because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of standing because …"

3) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of numerosity because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of numerosity because …"

4) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of commonality because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of commonality because …"

5) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of typicality because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of typicality because …"

6) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of adequacy of representation because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of adequacy of representation because …"

7) "The Division of Elections policy changes on July 21, 2023, and since, affect the class certification analysis of Rule 23(b)(2) because …" **or** "The Division of Elections policy changes on July 21, 2023, and since, do not affect the class certification analysis of Rule 23(b)(2) because …"

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE