# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE CONFERENCE of the** ) <br> **NATIONAL ASSOCIATION for the** ) <br> **ADVANCEMENT of COLORED** ) <br> **PEOPLE, et al.,** ) <br> ) <br>    **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **WILLIAM LEE, et al.,** ) <br> ) <br>    **Defendants.** ) | NO. 3:20-cv-01039 <br><br> **JUDGE CAMPBELL** <br> **MAGISTRATE JUDGE FRENSLEY** |

## ORDER

The Court is in receipt of Defendants' class certification briefing (Doc. No. 294) filed pursuant to this Court's Order (Doc. No. 293) entered on September 12, 2024. In their brief, Defendants contend, without citation to supporting legal authority, that the Amended Complaint filed on October 22, 2022, is the operative complaint for purposes of determining Plaintiffs' standing on class certification. (*See* Doc. No. 294 at PageID # 7889).

"However, [courts] look[] to the plaintiff's original complaint when determining standing." *Barber v. Charter Twp. of Springfield, Michigan*, 31 F.4th 382, 392 n.7 (6th Cir. 2022) (citing *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (holding that the operative complaint for purposes of determining standing is that which adds the relevant plaintiff to the action)); *see also Kentucky v. Yellen*, 54 F.4th 325, 336 (6th Cir. 2022) ("Whether a party has standing to redress an injury is measured as of the time the injury is first asserted; here, in the original complaint."); *Price v. Medicaid Dir.*, 838 F.3d 739, 746 (6th Cir. 2016) ("The plaintiffs have standing to assert only the claims they had standing to assert when the claims themselves were first pled.").

As the Sixth Circuit explained more than 20 years ago:

> Standing "is to be determined as of the time the complaint is filed." *Cleveland Branch, NAACP*, 263 F.3d at 524. The parties dispute whether the operative complaint is the first complaint, initiating the action, the Second Amended Complaint, adding Powers, or the Third Amended Complaint, the final complaint filed. This confusion seems to be generated by *County of Riverside v. McLaughlin*, 500 U.S. 44, 51, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), which in the course of conferring standing to seek injunctive relief on warrantless arrestees who at the time their complaint was filed were suffering constitutional injury, referred to the final complaint filed in the case, the second amended complaint, as "the operative pleading." *Id*. at 48, 111 S.Ct. 1661. A careful reading of *County of Riverside* demonstrates that the second amended complaint was important not because it was the operative pleading, but because it was that complaint which named "three additional plaintiffs" who were "still in custody" at the time the complaint was filed, and who were the plaintiffs found to have standing by the Court. *Id*. at 49, 51, 111 S.Ct. 1661; *see also Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 929 (6th Cir. 2002) (describing focus of *County of Riverside* Court on "second amended complaint *making the claim in question*" (emphasis added)). Therefore, the operative complaint is the one adding Powers to the action, and the operative date is May 25, 2000, rendering the capias entirely irrelevant to the question of standing.

*Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (emphasis in original). And although class action is permissible so long as at least one named plaintiff has standing, *Horne v. Flores*, 557 U.S. 433, 446 (2009), courts "determine standing for each plaintiff on a claim-by-claim basis" because "standing is not dispensed in gross." *Price v. Medicaid Dir.*, 838 F.3d 739, 746 (6th Cir. 2016) (citation omitted). Accordingly, on or before **October 1, 2024**, the parties shall file supplemental briefs **expressly stating** their positions as to which complaint is the operative complaint for purposes of determining standing for each of the named Plaintiffs on each claim that Plaintiffs seek class certification.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE