IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) ) | |
| Defendants. | ) | |

**SUPPLEMENTAL BRIEF OF DEFENDANTS ON
THE OPERATIVE COMPLAINT FOR PURPOSES OF ESTABLISHING STANDING**

Defendants submit this Supplemental Brief pursuant to the Court's Order requiring additional briefing on which is the operative Complaint for purposes of determining standing. (*See*, D.E. 295, PageID# 7902-03.) The Amended Complaint, filed on October 22, 2022, should be the operative complaint for purposes of determining standing on class certification, or otherwise.

There can be no question that the Amended Complaint is the operative complaint for Plaintiffs Leola Scott and Reginald Hendrix, as they were not parties to the original complaint. The Amended Complaint is also the operative complaint for the remaining Plaintiffs. In any event, the outcome of the analysis under the original or Amended complaint remains the same—none of the individual Plaintiffs had standing at the time the operative complaint was filed.

An amended complaint renders the original a "nullity." *Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008). After amendment, the original complaint no longer

1

performs any function in the case. *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267–68 n.8 (6th Cir. 2008) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"). Because of this, "a plaintiff's standing must be assessed anew any time he seeks to amend his complaint." *Bare v. Cardinal Health, Inc.*, No. 22-5557, 2023 WL 395026, at *2 (6th Cir. Jan. 25, 2023) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007)). Plaintiffs filed their original complaint on December 3, 2020. They filed an Amended Complaint on October 20, 2022. The Amended Complaint supersedes the original complaint, and Plaintiffs' Article III standing must be assessed based upon the allegations in the Amended Complaint.

Where an amended complaint raises the same, or substantially similar allegations, as the original complaint, the Sixth Circuit assessed standing at the time of filing of the amended complaint. *Doe v. Univ. of Michigan*, 78 F.4th 929, 945 (6th Cir. 2023). In *Doe*, the Sixth Circuit held that "[f]or the same reasons that [plaintiff] lacked standing to challenge the hearing provisions of the 2018 Policy when his complaint was filed, *he lacked standing when the filed his amended complaint*." *Id.* (emphasis added). *Bare* and *Doe* represent two recent Sixth Circuit cases determining standing based on the amended complaint. *Id.* at 945; *Bare*, 2023 WL 395026 at *2.

The same is true here as in *Doe*. In this proceeding, at the time that the Amended Complaint was filed, none of the individual Plaintiffs had standing. (*See*, Def's Br. In Resp. Court's 9/12/2024 Order, D.E. 294, PageID# 7890-7891.)

The authorities cited in the Court's Order requiring additional briefing, (D.E. 295), predate the decisions in *Bare* and *Doe*. But, even if the Court applies the authorities cited in its order and

2

looks to the complaint where each Plaintiff was first named, Plaintiffs still lack standing. Plaintiffs Lamar Perry, Curtis Gray, Jr., John Weare, and Benjamin Tournier[1] filed the original Complaint on December 3, 2020. (Complaint, D.E. 1, PageID# 1-45.) However, Plaintiffs Leola Scott and Reginald Hendrix were first added as Plaintiffs in Amended Complaint, filed on October 20, 2022. (Amended Complaint, D.E. 102., PageID# 610.) Even under the Court's cited authorities, the standing analysis for Plaintiff Scott must focus on the Amended Complaint. (*See* Order, D.E. 295, PageID# 7902); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (holding that standing is determined at the time a plaintiff is added to the action). None of the individual Plaintiffs had standing to sue at the time that the original Complaint or the Amended Complaint was filed because they lack a concrete and particularized injury.

| The Original Complaint filed December 3, 2020 ||
|---|---|
| Plaintiff | Standing Failures for Counts 1-3 |
| Lamar Perry | Plaintiff Perry had not received restoration of full rights of citizenship, and he owed child support. |
| Curtis Gray, Jr. | Plaintiff Gray had not received restoration of full rights of citizenship, and he owed court costs. |
| John Weare | Plaintiff Weare had not received restoration of full rights of citizenship, and he cannot prove that he has paid court costs. |
| Benjamin Tournier | Plaintiff Tournier had not received restoration of full rights of citizenship, and he owed court costs. |
| Amanda Martin | Plaintiff Martin dropped her claims. |

---

[1] There was another Plaintiff, Amanda Martin, but Ms. Martin did not reappear in the First Amended Complaint. Apparently, Ms. Martin has dropped her claims.

(Complaint, D.E. 1, PageID# 1-45; Def's Br. In Resp. Court's 9/12/2024 Order, D.E. 294, PageID# 7890-7891; *see* Def's Memo in Support MSJ, D.E. 151, PageID# 1071.)

| The Amended Complaint filed October 20, 2022 ||
|---|---|
| Plaintiff | Standing Failures for Counts 1-3 |
| Lamar Perry | Plaintiff Perry had not received restoration of full rights of citizenship, and he owed child support. |
| Curtis Gray, Jr. | Plaintiff Gray had not received restoration of full rights of citizenship, and he owed court costs. |
| John Weare | Plaintiff Weare had not received restoration of full rights of citizenship, and he cannot prove that he has paid court costs. |
| Benjamin Tournier | Plaintiff Tournier had not received restoration of full rights of citizenship, and he owed court costs. |
| Leola Scott[2] | Plaintiff Scott had not received restoration of full rights of citizenship, and she owed court costs. |
| Reginald Hendrix[3] | Plaintiff Hendrix had restored his right to vote. |

(Amended Complaint, D.E. 102, PageID# 610-59; Def's Br. In Resp. Court's 9/12/2024 Order, D.E. 294, PageID# 7890-7891; *see* Def's Memo in Support MSJ, D.E. 151, PageID# 1071.)

Plaintiffs moved for class certification on Counts 1-3. While some of the Plaintiffs bringing those claims changed—Plaintiff Martin was dropped and Plaintiffs Scott and Hendrix were added, Counts 1-3 were presented in both the original Complaint and the Amended

---

[2] Since the filing of the Amended Complaint, Plaintiff Scott has restored her voting rights. (Restoration Letter, D.E. 294-1, PageID# 7901.) Thus, she lacks any redressable injury for standing, and her claims are moot.
[3] The parties stipulated to the voluntary dismissal of Reginald Hendrix's claims in this lawsuit. (Stipulation of Dismissal, D.E. 298, PageID# 7912.)

4

Complaint. Those are the only claims for which standing must be evaluated for class certification. And the standing analysis does not differ between the due process and equal protection claims presented in Counts 1-3.

Standing goes to a court's subject matter jurisdiction, and it is a fundamental requirement that a class member must have standing before he may serve as class representative. *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284, 292-94 (6th Cir. 2023); *Patton v. Fitzhugh*, No. 3:23-cv-00637, 2024 WL 3366333 at *4 (M.D. Tenn. 2024). A plaintiff must have standing at the outset of the litigation and must maintain standing throughout the litigation. *Fox*, 67 F.4th at 294; *Carney v. Adams*, 141 S.Ct. 493, 499 (2020) (holding that a plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter"). The facts at the time of the filing of the operative complaint are what govern, not later-in-time facts. *Id.* at 295.

As noted in Defendants' Supplemental Brief filed on September 19, 2024, none of the Plaintiffs had standing at the time the Amended Complaint was filed. (*See*, Def's Br. In Resp. Court's 9/12/2024 Order, D.E. 294, PageID# 7887-7899.) And the same holds true for the original complaint—no plaintiff had standing. So, no matter which complaint is considered "operative" for the purpose of standing in the class certification analysis, Plaintiffs lack standing to certify a class. Each individual Plaintiff failed to first obtain an order restoring their full citizenship rights before the original Complaint or the Amended Complaint was filed. *Id.* Also, at the time of the filing either complaint, each individual Plaintiff (except for Reginald Hendrix, who has been restored and voluntarily dismissed his claims, (Stipulation of Dismissal, D.E. 298, PageID# 7912)) either owed court costs and/or child support, thus they were not eligible to request a Certificate of Restoration. (*See,* Def's Memo in Support MSJ, D.E. 151, PageID# 1071.)

5

Case 3:20-cv-01039    Document 299    Filed 10/01/24    Page 5 of 7 PageID #: 7920

And, as for Plaintiff Leola Scott, she received a COR, and she is eligible to register and vote. (*See,* Def's Br. In Resp. Court's 9/12/2024 Order ,D.E. 294, PageID# 7887-7899; Restoration Letter, D.E. 294-1, PageID# 7901.)  As such, her claims are also now moot; her claims are due to be dismissed; and she cannot act as a class representative.  *Fox*, 67 F.4th at 294; *Patton*, 2024 WL 3366333 at *4.  Plus, she lacks a redressable injury for the purposes of standing.  (*See* Def's Br. In Resp. Court's 9/12/2024 Order, D.E. 294, PageID# 7891 n.2.)

## CONCLUSION

Because Plaintiffs lack standing at all times in the past and at the present, his Court should deny Plaintiffs' motion for class certification.

                Respectfully submitted,

                JONATHAN SKRMETTI
                Attorney General and Reporter

                /s/ *Zachary L. Barker*
                ZACHARY L. BARKER, BPR # 035933
                Senior Assistant Attorney General

                DAWN JORDAN
                Senior Counsel

                DAVID RUDOLPH
                Senior Assistant Attorney General

                ROBERT WILSON
                Senior Assistant Attorney General

                General Litigation Division
                Office of the Attorney General
                P.O. Box 20207
                Nashville, TN 37202-0207
                Zachary.Barker@ag.tn.gov

                *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the above document has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Kathryn Huddleston
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: October 1, 2024

                                            */s/ Zachary L. Barker*
                                            Senior Assistant Attorney General