IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the ) <br> NATIONAL ASSOCIATION for the ) <br> ADVANCEMENT of COLORED ) <br> PEOPLE, et al., ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM LEE, et al., ) <br> ) <br>    Defendants. ) | NO. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## **ORDER**

Pending before the Court is Defendants' motion for summary judgment on Counts 1-3 in the present matter (Doc. Nos. 150, 151), which is fully briefed. (Doc. Nos. 278, 287). Defendants filed 24 exhibits in support of their pending motion. (*See* Doc. Nos. 151-1 through 151-18; Doc. Nos. 157-1 through 157-8). Plaintiffs filed 79 exhibits in support of their response in opposition. (*See* Doc. Nos. 275-1 through 275-79; *see also* Doc. No. 291).

As is clear to the Court and, no doubt, the parties, genuine disputes of material fact pervade the record in this matter as it relates to Plaintiffs' procedural due process and equal protection claims (Counts 1-3). Summary judgment is appropriate only where there is "no genuine dispute as to any material fact" and the movant shows they are "entitled to judgement as a matter of law," Fed. R. Civ. P. 56(a), "which requires showing that no 'reasonable jury could return a verdict for the nonmoving party.'" *Caudle v. Hard Drive Express, Inc.*, 91 F.4th 1233, 1237 (6th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Defendants, as the parties bringing the present summary judgment motion, have "the initial burden of informing the district court of the basis for [their] motion and identifying portions of the record that demonstrate the

absence of a genuine dispute over material facts," *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003), either "by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To determine whether summary judgment is appropriate, the Court views the evidence and draws all reasonable inferences therefrom in a light favorable to the non-moving party. *See Anderson*, 477 U.S. at 249.

"The Fourteenth Amendment requires states to provide 'due process of law' before depriving 'any person of life, liberty, or property.'" *Bambach v. Moegle*, 92 F.4th 615, 624 (6th Cir. 2024) (quoting U.S. Const. amend XIV, § 1). "Procedural due process rights protect individuals from deficient procedures that lead to the deprivation of cognizable liberty interests." *Id*. (citations and internal quotations omitted). To prove a procedural due process claim, a plaintiff must establish that they were deprived of a constitutionally protected interest in life, liberty, or property through state action and the deprivation occurs without adequate process. *See Capen v. Saginaw Cnty., Michigan*, 103 F.4th 457, 462 (6th Cir. 2024). Through their procedural due process claims (Counts 1-2), Plaintiffs claim they have been deprived of both a state-created liberty interest in obtaining a certificate of restoration of voting rights ("COR") and a constitutional liberty interest in voting rights restoration, and that the process Defendants use to determine whether to issue individuals a COR lacks procedures that the Due Process Clause requires.

The Equal Protection Clause of the Fourteenth Amendment "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "The Clause embodies the principle that all persons similarly situated should be treated alike." *Id*. (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "The threshold element of an

equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Id*. In Count 3, Plaintiffs claim that Defendants' administration of the COR statutes results in a system where similarly situated Tennesseans – convicted of the same crime and who have served the same sentence and met their relevant legal financial obligations – can be granted or denied access to the right to vote based solely on the county of their felony conviction or residence, or the person to whom they direct their COR request, and that such arbitrary and disparate treatment of similarly situated persons seeking to access the franchise violates the Equal Protection Clause under any level of scrutiny.

Here, viewing the evidence and reasonable inferences therefrom in a light favorable to Plaintiffs, as the non-moving parties, Defendants have not shown the absence of genuine disputes over material facts as to Counts 1-3. (*See* Doc. Nos. 285, 286). Rather, the parties' respective filings show that the majority of the asserted material facts are genuinely disputed, including those concerning the risk of erroneous deprivation and whether Defendants' administration of the COR process results in arbitrary and disparate treatment. (*See id*.). The Court will not spend its finite resources identifying every genuine dispute over material facts as to Counts 1-3; Defendants and their counsel are sophisticated enough to see that the instant motion must be denied on this contested and fluid factual record. The Court will address the parties' legal arguments fully in its opinion after the bench trial in this matter. For the foregoing reasons, Defendants' motion for summary judgment on Counts 1-3 (Doc. No. 150) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE