**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TENNESSEE CONFERENCE OF THE** | ) | |
| **NATIONAL ASSOCIATION FOR THE** | ) | |
| **ADVANCEMENT OF COLORED** | ) | |
| **PEOPLE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:20-cv-01039** |
| | ) | |
| **v.** | ) | **Judge Campbell** |
| | ) | **Magistrate Judge Frensley** |
| | ) | |
| **WILLIAM LEE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR LACK OF STANDING

---

Defendants, William Lee, Frank Strada, Mark Goins, and Tre Hargett, file this Motion to Dismiss the claims of Lamar Perry, Curtis Gray, Jr., John Weare, Benjamin Tournier, and the Tennessee Conference of the National Association for the Advancement of Colored People ("NAACP") pursuant to Fed. R. Civ. P. 12(b)(1).[1] None of the Plaintiffs had standing when the operative complaint was filed, and thus their claims are due to be dismissed. At the time of the Amended Complaint (October 22, 2022), which is the operative Complaint for purposes of determining standing: Lamar Perry owed child support; Curtis Gray, Jr. owed court costs; John Weare failed to obtain documentation that court costs had been paid; and Benjamin Tournier owed restitution. (See ECF 151-11 (Lamar Perry Deposition); ECF 151-13 (Curtis Gray Deposition); ECF 151-08 (John Weare Deposition); ECF 151-10) (Benjamin Tournier Deposition)). These

---

[1] Frank Strada is the current Commissioner of Tennessee Department of Correction.

Plaintiffs were thus ineligible to receive certificates of restoration. In addition, at the time of the operative Complaint, none of the above-named Plaintiffs had had their full citizenship rights restored. (*Id.*). The NAACP does not have organizational or representational standing. As such, the Plaintiffs lack standing to sue and their claims are due to be dismissed.

Sixth Circuit precedent holds that a Motion to Dismiss for lack of subject matter jurisdiction may be brought at any time. *Perma v. Health One Credit Union*, 983 F.3d 258, 274 (6th Cir. 2020).

In support of this Motion, Defendants file a supporting Memorandum of Law and rely on the above-cited deposition transcripts.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Dawn Jordan*
DAWN JORDAN, BPR# 20383
Special Counsel

ZACHARY L. BARKER
Senior Assistant Attorney General

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

2

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above document has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Kathryn Huddleston
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: October 23, 2024

*/s/ Dawn Jordan* _____
Special Counsel