IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:20-cv-01039 |
| v. | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| WILLIAM LEE, et al. | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO RECONSIDER COURT'S ORDER DENYING SUMMARY JUDGMENT (ECF 301)**

Defendants, William Lee, Frank Strada, Mark Goins, and Tre Hargett, file this Motion to Reconsider this Court's Order denying Defendants' Motion for Summary Judgment, (D.E. 301). As grounds therefore, Defendants state that one of the issues is whether Plaintiffs Lamar Perry, Curtis Gray, Jr., John Weare, and Benjamin Tournier have standing to sue because they either owe legal financial obligations, and/or have failed to obtain an order restoring their full citizenship rights. Another issue is whether the NAACP has standing to sue.

"[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). "[F]ederal courts

must resolve questions of subject-matter jurisdiction before deciding a case on the merits[.]"[1] *Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 964 (6th Cir. 2024). Even if there were disputed facts related to subject matter jurisdiction, "the district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

A court should dismiss any claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases and controversies, and a series of "justiciability doctrines" enforce that limitation. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). "Perhaps the most important" of these doctrines is standing. *Id.*

Defendants provided evidence that the above-named Plaintiffs did not have standing at the time the operative Complaint was filed. (See Defendants' Statement of Facts, ECF 151, PageID# 1062-1063 (Plaintiffs have not had full citizenship rights restored); 1070-1071 (Plaintiffs failed to show that they had paid legal financial obligations). Plaintiffs did not deny that Lamar Perry owed child support at the time the operative Complaint was filed; (Plaintiffs' Statement of Material Facts, ECF 276, PageID# 6062-63); that Curtis Gray, Jr. owed court costs (*Id.* at PageID# 6064); that Benjamin Tournier owes legal financial obligations (*Id.* at PageID# 6068); and that John Weare failed to provide proof that he owed no court costs at the time the operative Complaint was filed (*Id.* at PageID# 6069; Reply in Support of Motion for Summary Judgment, ECF 287, PageID#

---

[1] To the extent that this Court may consider questions of subject matter jurisdiction to not be properly raised in a motion for summary judgment, Defendants have contemporaneously filed a motion to dismiss on subject matter jurisdiction grounds. *See Perma v. Health One Credit Union,* 983 F.3d 258, 274 (6th Cir. 2020).

6457). And, Plaintiffs did not dispute the fact that none of the Plaintiffs had their full right of citizenship restored as of the date of the operative Complaint. (See, Plaintiffs' Response to Defendants' Statement of Material Facts, ECF 277, PageID# 17-18).[2] All that Plaintiffs said was that they disagreed that restoration of rights is a requirement. The NAACP does not have organizational or representational standing. Plaintiffs failed to meet their burden to show that they had standing at the time the operative Complaint was filed.

As such, Defendants ask that the Court reconsider its Order denying the Motion for Summary Judgment.

In support of this Motion, Defendants file a supporting Memorandum of Law.

**CERTIFICATION: Defendants' counsel consulted with Plaintiffs' counsel, and Plaintiffs' counsel objects to this Motion.**

---

[2] Leola Scott is the subject of a separate Motion to Dismiss.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Dawn Jordan*
DAWN JORDAN, BPR # 20383
Special Counsel

ZACHARY L. BARKER
Senior Assistant Attorney General

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Zachary.Barker@ag.tn.gov

*Counsel for Defendants*

4

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the above document has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Blair Bowie | Charles K. Grant |
| Danielle Lang | Denmark J. Grant |
| Alice C. Huling | Baker, Donelson, Bearman |
| Valencia Richardson | Caldwell & Berkowitz, P.C. |
| Aseem Mulji | 1600 West End Avenue, Suite 2000 |
| Ellen Boettcher | Nashville, TN 37203 |
| Kate Uyeda | |
| Kathryn Huddleston | |
| Campaign Legal Center | |
| 1101 14th Street NW, Suite 400 | |
| Washington, DC 20005 | |
| | |
| Phil Telfeyan | Keeda Haynes |
| Natasha Baker | Free Hearts |
| Equal Justice Under Law | 2013 25th Ave. N. |
| 400 7th St. NW, Suite 602 | Nashville, TN 37208 |
| Washington, DC 20004 | |

Date: October 23, 2024

                                                    */s/ Dawn Jordan*
                                                    Special Counsel