# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE OF THE ) <br> NATIONAL ASSOCIATION FOR THE ) <br> ADVANCEMENT OF COLORED ) <br> PEOPLE, et al., ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br>   ) <br> WILLIAM LEE, et al. ) <br>   ) <br>   Defendants. ) | No. 3:20-cv-01039 <br><br> Judge Campbell <br> Magistrate Judge Frensley |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER AND CONTINUE THE TRIAL DATE

Defendants William Lee, Tre Hargett, Frank Strada, and Mark Goins submit the following Memorandum of Law in Support of their Motion to Modify the Scheduling Order and Continue the Trial Date. Defendants seek only to continue the bench trial, which is currently scheduled for December 10, 2024, for approximately two (2) months.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). Here, good cause exists to continue the trial, for the short period of time requested by Defendants, on account of (1) Defendants' pending motions—a Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Summary Judgment and a Motion to Dismiss for Lack of Standing—both filed on October 25, 2024; and (2) Defendants' unavoidable scheduling conflicts due to the

1

upcoming national, state, and local elections. The Defendants, William Lee, Tre Hargett, Frank Strada, and Mark Goins have all been sued in their official capacities.

## BACKGROUND

This matter is currently set for a bench trial, expected to last between seven and ten days, beginning on December 10, 2024. The new trial date was set following a series of modifications to the initial scheduling order.

On October 9, 2024, this Court issued an order denying Defendants' Motion for Summary Judgment (the "Order"). The Order did not specifically address Defendants' argument that Plaintiffs lack standing to bring this suit. Accordingly, on October 25, 2024, Defendants filed their Motion for Reconsideration and their Motion to Dismiss for Lack of Standing. The Court's decisions on such Motions will have substantial impacts on the scope and length of the bench trial.[1]

In addition, Mark Goins is the Coordinator of Elections in Tennessee and has held his position since 2009. (*Goins Dec.* ¶¶ *1-2*) The trial is set during a time in which significant election events are scheduled in connection with the State and Federal elections including the Presidential election, Congressional elections, and State Legislature elections. (*Goins Dec.* ¶¶ *6-8*) The results of these elections must be certified by the Governor, Secretary of State, and Attorney General under T.C.A. § 2-8-110. (*Goins Dec.* ¶ *8*) County election commissions for all 95 counties in Tennessee must complete certification by November 25, 2024. (*Goins Dec.* ¶ *9*) The meeting to certify the election results for President and Vice President, Senate, and House of Representatives must occur in time to complete the additional steps required to prepare for and hold the meeting of electors to cast the electoral votes for the President and Vice President of the United States.

---

[1] Plaintiffs have indicated that they want an additional two weeks to respond to the motions, which would put their response date as November 20, 2024 and Defendants' Reply date on November 27, 2024.

(*Goins Dec. ¶ 8*) The vote of the electoral college occurs on December 17, 2024. (*Goins Dec. ¶ 15*) Between November 25, 2024 and December 11, 2024, Election Coordinator Goins prepares Certificates of Ascertainment for the electors that must be signed by the Governor and the Secretary of State by December 11, along with ballots and Certificates of the Vote of the electoral college on December 17. 2024. (*Goins Dec. ¶ 15*) All of these events take place at the time during which this trial is scheduled.

Finally, the election cycle has seen increased threats identified by law enforcement agencies and the intelligence community requiring heightened security measures and monitoring. (*Goins Dec. ¶ 10)* These threats include, among other things, a threatening letter containing white powder sent to Election Coordinator Goins and other elections offices throughout the state in September, credible threats of terrorist attacks in the United States, credible post-election threats of violence directed at stirring unrest and spreading false information. (*Goins Dec. ¶¶ 10-14)* Election Coordinator Goins works with security professional, law enforcement, and intelligence officials to coordinate plans for security of electors and the electoral college event, and to monitor and ensure the integrity, safety, and security of the elections. (*Goins Dec. ¶¶ 10-14*)

The time and attention required to certify the election results and ensure the security and integrity of the process requires the full attention of Election Coordinator Goins and his staff. To adequately prepare for trial, Elections Coordinator Goins would need to divert significant time, attention, and resources away from his official duties. (*Goins Dec. ¶ 18*) Doing so would put a significant strain on the Elections Division, and potentially compromise the integrity of the election process. (*Goins Dec. ¶ 18*) His presence is required to oversee the elections in Tennessee through the Electoral College Vote and certification. (*Goins Dec.*)

# APPLICABLE LAW AND ARGUMENT

## I. Trial Courts Have Broad Discretion to Modify Scheduling Orders.

District courts have broad discretion to amend scheduling orders; they may do so to serve the best interest of justice. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962). "Whether a continuance is appropriate in a particular case will depend on the individual circumstances of that case." *Parrish v. Dollar Gen. Corp.*, 680 F. App'x 423, 426 (6th Cir. 2017).

Modifications are controlled by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Extensions are appropriate where the parties have been reasonably diligent in their attempts to meet the deadlines but have shown that the schedule simply cannot be met. *Gartza v. DCC Litig. Facility, Inc.*, 717 App'x 519, 521 (6th Cir. 2017) (citing *Laery v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), cert. denied, 138 S.Ct. 1177 (2018)).

Whether and to what extent a modification may prejudice the opposing party is an additional consideration for the court. *Inge*, 281 F.3d at 625. "The longer the delay, the less prejudice the opposing party will be required to show." *DuBuc v. Green Oak Township*, 312 F.3d 736, 752 (6th Cir. 2002); *see also Garza v. Lansing Sch. Dist.,* 972 F.3d 853, 880 (6th Cir. 2020). Conversely, the shorter the delay, the greater the opposing party's burden of demonstrating prejudice. As addressed *infra*, Plaintiffs will not suffer prejudice from the requested continuance of two (2) months.

## II. Continuance Is Appropriate Where, As Here, a Dispositive Motion Is Outstanding.

Pending before this Court is Defendants' Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Summary Judgment ("Motion for Reconsideration") as well as a Motion to Dismiss for Lack of Standing ("Motion to Dismiss") (collectively the "Motions"), filed on October 25, 2024, promptly following this Court's October 9, 2024 Order Denying Defendants' Motion for Summary Judgment. Because the disposition of the Motions will significantly impact what issues remain to be tried, or whether the Plaintiffs even have standing to bring this case to trial, continuance of the trial date is appropriate.

In *Martinez v. First Class Interiors of Naples, LLC*, this Court granted a defendant's motion to continue a target trial date where, in addition to its counsel being unavailable around the target date, the Court was still considering the plaintiff's pending motion for summary judgment. No. 3:18-CV-00583, 2021 WL 694180, at *3 (M.D. Tenn. Feb. 23, 2021). The Court reasoned that pushing the trial date back would "allow adequate time to rule sufficiently in advance of the trial date on the already pending Motion for Summary Judgment." *Id*; *see also Pettaway v. Barber,* No. 2:19-CV-8-ECM, 2022 WL 1085610, at *3 (M.D. Ala. Apr. 11, 2022) (reasoning that "when a party or parties move to extend the dispositive motions deadline and the Court is inclined to grant the motion, the Court almost invariably must also extend the trial date" because "a pretrial conference is not helpful to the parties—or the Court—if some or all the claims may be dismissed at summary judgment or if summary judgment narrows the issues").

The Court's rulings on the pending Motions are required here to enable both parties to adequately and efficiently prepare for trial. *See, e.g., N.T. v. Espanola Pub. Sch.,* No. CIV 04-0415 MCA/DJS, 2005 WL 5840479, at *4 (D.N.M. May 20, 2005) (explaining that rulings on pending motions before the trial are "important because [they] provide[] the parties with notice of the

5

Court's decisions and their effect on the issues to be tried before the proposed pretrial order is due, and before the parties begin to face additional deadlines for filing motions *in limine*, witness lists, and exhibit lists").

   III.      **Defendants' Unavoidable Election-Related Obligations During the Week for Which the Trial is Currently Scheduled Necessitates a Continuance.**

Defendant Mark Goins is—and was sued in his official capacity as—the Coordinator of Elections. The current trial date conflicts with important events that are scheduled in connection with the 2024 election cycle which includes the Presidential Election, Congressional elections, and elections for State Legislative offices. (*Goins Dec. ¶ 6*) The results of these elections must be certified by November 25, 2024 to allow ample time to prepare for and hold the meeting of electors for President and Vice President. These are events that require Coordinator of Elections Goins' full time and attention as well as that of his staff. There are heightened security concerns both during and after the election which require his leadership, oversight, monitoring, and continued vigilance. Coordinator of Elections Goins will need to divert significant time, attention, and resources away from his official duties as the Elections Coordinator during the very time they are sorely needed. They are needed even more so during this cycle given the political climate surrounding our national election for President. Governor Lee and Secretary of State Hargett will also be required to participate personally in the electoral college process.

It is simply not possible for Governor Lee, Secretary Hargett and Coordinator Goins to divert their time, attention, and significant resources to meeting with lawyers, reviewing documents, and preparing to testify in this case during a time when their official duties mandate their time, attention, and resources be focused on the election and all its attendant issues. To do so could imperil the integrity of the process, security of the elections, and confidence of the electorate

in the outcome when surety and trust are so sorely needed. Simply put, the Defendants adequately prepare for or be involved in a civil trial in the middle of the election cycle on December 10, 2024.

## IV. A Brief Continuance of the Trial Date Will Not Prejudice Plaintiffs.

Plaintiffs are unlikely to suffer any prejudice, much less enough prejudice to outweigh the factors favoring a continuance, if the trial date is continued until such time that the Court has ruled on the Motions now pending before it. *See Inge*, 281 F.3d at 625 (the court should consider potential prejudice to the opposing party when deciding whether to modify the scheduling order). The Court can presume that a continuance of only two (2) months weighs against a finding of prejudice. *See Martinez,* 2021 WL 694180, at *2 (finding that "a slight delay will not prejudice [plaintiff] materially"); *see also DuBuc,* 312 F.3d at 752 (explaining that the amount of prejudice an opposing party must show decreases as the length of the continuance increases); *Garza,* 972 F.3d at 880 (same).

In *Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc*., this Court considered the risk of prejudice to the plaintiff, whose trial preparation had already begun, should it grant a continuance of the trial date. No. 3:14 CV 02325, 2016 WL 827744, at *2 (M.D. Tenn. Mar. 3, 2016). The Court found that the plaintiff would not be prejudiced. *Id*. "Assuming the case withstands any summary judgment motion, there is no reason that the pretrial materials and preparation already begun cannot be used for trial later this year. It is conceivable that certain edits might be required—of both parties—if a party or claim is dismissed, for example. But the parties' trial preparation efforts to date need not go to waste, if this case ultimately proceeds to trial." *Id*. Indeed, fully preparing at this point for a bench trial of significant length, prior to rulings on the pending Motions, will arguably prejudice *both* parties more than a short continuance could.

7

## CONCLUSION

Because Defendants have shown good cause for modification of the Scheduling Order, and because Plaintiffs are unlikely to suffer prejudice therefrom, this Court should grant Defendants' Motion to Modify the Scheduling Order and Continue the Trial Date.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Dawn Jordan*
DAWN JORDAN, BPR # 020383
Special Counsel

ZACHARY L. BARKER
Senior Assistant Attorney General

DAVID RUDOLPH
Senior Assistant Attorney General

ROBERT WILSON
Senior Assistant Attorney General

General Litigation Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Dawn.Jordan@ag.tn.gov

*Counsel for Defendants*

8

Case 3:20-cv-01039   Document 314   Filed 10/25/24   Page 8 of 9 PageID #: 8072

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above Motion to Continue Trial has been forwarded electronically. Notice of this filing will be sent by the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Blair Bowie
Danielle Lang
Alice C. Huling
Valencia Richardson
Aseem Mulji
Ellen Boettcher
Kate Uyeda
Kathryn Huddleston
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

Charles K. Grant
Denmark J. Grant
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

Phil Telfeyan
Natasha Baker
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, DC 20004

Keeda Haynes
Free Hearts
2013 25th Ave. N.
Nashville, TN 37208

Date: October 25, 2024

*/s/ Dawn Jordan*
Special Counsel