**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, et al., <br><br>                          Plaintiffs, <br><br>     v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br>                         Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY <br><br> [Class Action] |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS FOR LACK OF STANDING**

Pursuant to Federal Rule of Civil Procedure 6(b) and LR 6.01, Plaintiffs respectfully request an extension of time to file their opposition to Defendants' Motion to Dismiss. Doc. 309. Plaintiffs' response to this motion is due on November 6, 2024. Good cause exists to extend this deadline by two weeks, to November 20, to accommodate overlapping pre-trial deadlines in this case. Defendants will not be prejudiced by this extension as they do not oppose it. Defendants have also noted a request to extend their corresponding reply brief deadline to December 2 to account for the Thanksgiving holiday; Plaintiffs do not oppose.

**BACKGROUND**

On August 2, 2023, Defendants moved for summary judgment on all counts. On September 25, 2023, the Court denied Defendants' motion as to Counts 1-3 without prejudice so that discovery could be reopened. Doc. 179. Following a status conference on February 5, 2024, Defendants' motion for summary judgment was reinstated on February 8, and Plaintiffs were

1

ordered to respond on or before August 1, 2024. Doc. 214. Also on February 8, 2024, the Court set the bench trial in this case to begin on December 9. *Id.* As of August 15, Defendants' motion for summary judgment on Counts 1-3 was fully briefed. On October 9, the Court denied the motion because "Defendants ha[d] not shown the absence of genuine disputes over material facts …." Doc. 301 at 3. On October 23, Defendants filed a motion for reconsideration of the Court's decision on the issue of standing. Doc. 311.[1]

On September 9, 2024, the Court ordered the parties to submit supplemental briefing identifying the operative complaint for purposes of determining each Plaintiffs' standing as to each claim on class certification. Doc. 295. Those briefs were filed on October 1. Docs. 299, 300. Plaintiffs' motion for class certification is pending. Doc. 273. On October 15, Defendants moved to dismiss Plaintiff Leola Scott, contending that her claims are moot and that she lacks standing. Doc. 303. And on October 23, Defendants filed a motion to dismiss all plaintiffs for lack of standing. Doc. 309. Plaintiffs will respond to Defendants' motion to dismiss Ms. Scott on October 29, and Plaintiffs' response to the additional motion to dismiss all other plaintiffs is due on November 6.

Trial in this case, which had been set for December 9, 2024 as of February 9, 2024, Doc. 214, is now set for December 10, 2024. Several important pre-trial deadlines are imminent, Doc. 297:

- November 8: The parties must exchange exhibit lists and deposition designations.

---

[1] No response is permitted to a motion to reconsider unless the Court orders one. LR 7.01(a)(3). However, as explained below, Defendants' motion to reconsider raises the same arguments as their motion to dismiss, which have been briefed many times over.

- November 11: Direct expert witness testimony must be served on opposing counsel.[2]

- November 13: Witness lists, exhibit lists, and stipulations are due to the Court.

- November 15: Motions in limine and motions objecting to expert testimony are due to the Court.

- November 22: Responses to motions in limine and motions on expert testimony are due to the Court.

- November 26: Replies to motions in limine and motions on expert testimony are due to the Court, along with a proposed pre-trial order.

- December 3: Pre-trial conference and deposition designations are due to the Court.

## ARGUMENT

Plaintiffs have been working diligently to file a response to Defendants' motion to dismiss Ms. Scott on the default timeline of October 29, but request a two-week extension to respond to Defendants' additional motion to dismiss, moving that due date from November 6 to November 20.

Good cause exists to extend this deadline. Plaintiffs are diligently preparing for trial pursuant to the Court's pre-trial deadlines. Given the voluminous documentary evidence in this case, the numerous depositions conducted, and the extensive expert testimony, trial preparation is already consuming the lion's share of Plaintiffs' time. Defendants are presumably doing the same, despite their recent barrage of repetitive filings. In addition, this motion was filed such that Plaintiffs' response is due one day after the November 5 general election. As Defendants are aware, Plaintiffs' counsel team primarily consists of dedicated voting rights attorneys with duties related

---

[2] Plaintiffs have filed an unopposed motion for relief from this deadline. Doc. 308.

to that election. *See* Doc. 209 at 3. Given these important obligations, both within and outside of this case, Plaintiffs' counsel respectfully request an additional two weeks to respond to Defendants' motion to dismiss, Doc. 309.

Plaintiffs have conferred with counsel for Defendants pursuant to LR 7.01(a)(1). Defendants do not oppose the requested extension. They would likewise seek an extension of their deadline to file a reply brief, from November 27 to December 2, which Plaintiffs do not oppose.

Because Defendants agree to this extension, they cannot claim to be prejudiced by it. Nor does this requested extension in any way support Defendants' recently filed motion to continue the trial, which is premised in part on the fact that this late-filed motion to dismiss and their motion to reconsider are now outstanding. *See* Doc. 314 at 5-6. These motions warrant no special urgency—and certainly not a stay in proceedings or continuation of trial—because they repeat, often verbatim, the jurisdictional arguments that have been briefed and presented to this Court several times over. *See, e.g.*, Doc. 151 at 15-16 (Defs.' Memo. iso Mot. Summ. J.); Doc. 287 at 4 (Defs.' Reply iso Mot. for Summ. J.); Doc. 284 at 2-6 (Defs.' Supp. Br. in Opp. to Class Cert.) (stricken by Court as unresponsive); Doc. 294 at 3-5 (Defs.' 2d Supp. Br. in Opp. to Class Cert.); Doc. 299 at 5 (Defs.' Supp. Br. on Standing). Plaintiffs have likewise filed multiple responses correcting Defendants' misstatements of law and disputing their erroneous factual assertions relevant to assessing standing. *See, e.g.*, Doc. 278 at 4-11 (Pls.' Resp. to Defs.' Mot. Summ. J.); Doc. 300 at 5-23 (Pls.' Supp. Br. iso Class Cert.). This Court considered these same standing arguments in evaluating Defendants' motion for summary judgment and denied that motion, finding that the disputes of material fact that "pervade the record" must be resolved by the trier of fact based on the evidence at trial. Doc. 301 at 3.

The case should therefore proceed to trial as scheduled, and Defendants' wholly repetitious motions pose no barrier to doing so. Indeed, the Court "has considerable discretion in devising procedures for resolving questions going to subject matter jurisdiction." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 327 (6th Cir. 1990); *see Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."). The Court "may consider affidavits, allow discovery, hear oral testimony, order an evidentiary hearing, or even postpone its determination if the question of jurisdiction is intertwined with the merits." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988). No matter how the Court opts to resolve the jurisdictional questions raised in these motions, "it must do so in a manner that is fair to the non-moving party," and the non-moving party must "be afforded an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) (internal citation omitted). The upcoming December trial, which has been on the schedule since February, presents precisely this opportunity. All of these and related motions, including Plaintiffs' motion for class certification, should be resolved after the Court has been afforded its necessary fact-finding opportunity at trial.[3]

---

[3] Defendants' only other basis for seeking to delay trial is that Defendant Coordinator Goins, the state's chief election officer, must administer the 2024 election. *See* Doc. 314 at 6. Defendants and their counsel—to further state the obvious—have long been aware of the upcoming 2024 election and corresponding election responsibilities.

In January, when Plaintiffs proposed to hold trial in July/August or otherwise on or after December 9 to accommodate both parties' election-related responsibilities, Defendants never once objected based on Coordinator Goins' foreseeable election duties. *See* Doc. 209 at 3-5 (citing only discovery-related concerns). Nor did they raise *any* objection when the Court indicated it would set trial for December 9 at the February 5 status conference. *See* Doc. 239 at 10:23-11:13; Doc. 214 (Feb. 8 order setting trial for Dec. 9). Nor have they at any reasonable time since.

Furthermore, the Coordinator's election certification responsibilities, albeit important, do not necessitate delay. Counties must certify election results "no later than" November 25, and the

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the parties the requested extensions.

Dated: October 29, 2024

Keeda Haynes, BPR No. 031518
Free Hearts
2013 25th Ave. N,
Nashville, TN 37208
(615) 479-5530
keeda@freeheartsorg.com

Phil Telfeyan
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org

\* Admitted pro hac vice

Respectfully submitted,

Blair Bowie*
Danielle Lang*
Alice Huling*
Valencia Richardson*
Aseem Mulji*
Ellen Boettcher*
Kate Uyeda, BPR No. 040531
Kathryn Huddleston*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
Bbowie@campaignlegal.org
Dlang@campaignlegal.org
Ahuling@campaignlegal.org
VRichardson@campaignlegal.org
Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org
KHuddleston@campaignlegal.org

*/s/ Charles K. Grant*
Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808

---

Governor, Secretary of State, and Attorney General must do the same "as soon as the returns are received." *See* T.C.A. §§ 2-8-101, 2-8-110. The meeting of presidential electors takes place on a single day, December 17, and does not require the Coordinator's presence, let alone for a full day. *See id.* § 2-15-206 (requiring attendance of the "secretary of state, *or* the secretary of state's designee") (emphasis added). And the certification of electors is the responsibility of the Governor under state and federal law, not the Coordinator. *Id.* § 2-15-205; 3 U.S.C. § 5.

In any event, Defendants have indicated that they wish to excuse the Governor and Secretary of State from attending the trial, the only two officials in whom electoral college responsibilities are vested, which Plaintiffs do not oppose. As for Coordinator Goins, he is just one defendant in this case. The trial will not require his continuous presence and should proceed as scheduled.

6

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, a copy of the foregoing document was filed electronically.  Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
Special Counsel
dawn.jordan@ag.tn.gov

ANDREW C. COULAM (BPR #030731)
Deputy Attorney General
Andrew.Coulam@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
Senior Assistant Attorney General
david.rudolph@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Assistant Attorney General
Zachary.barker@ag.tn.gov

ROBERT W. WILSON (BPR # 034492)
Assistant Attorney General
Robert.Wilson@ag.tn.gov

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

/s/ *Charles K. Grant*
Charles K. Grant