IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TENNESSEE CONFERENCE OF THE             )
NATIONAL ASSOCIATION FOR THE            )
ADVANCEMENT OF COLORED                  )
PEOPLE, ET AL.,                         )
                                        )
                Plaintiffs,             )
                                        )
v.                                      )   Case No. 3:20-cv-01039
                                        )   JUDGE RICHARDSON
WILLIAM LEE, ET AL.,                    )
                                        )
                Defendants.             )

ORDER

Pending before the Court is "Defendants' Motion to Reconsider District Court's Order Denying Summary Judgment (ECF 301)" (Doc. No. 311, "Motion to Reconsider"), which is supported by an accompanying memorandum (Doc. No. 312). Via the Motion, Defendants ask the Court to reconsider Chief Judge Campbell's order (Doc. No. 301, "Order")[1] that denied in its entirety Defendant's motion for summary judgment (Doc. No. 150, "Motion for Summary Judgment"), which had sought summary judgment as to each of the six counts in Plaintiffs' Amended Complaint (Doc. No. 102).

Via the Motion to Reconsider, Defendants ask that the Court reconsider— here meaning not just reconsider, but change 180 degrees upon reconsideration—the Order.

Defendants have failed to fully articulate the applicable standard for a motion to reconsider an interlocutory order. Here is their entire discussion regarding the applicable standard:

---

[1] The order was filed before Judge Campbell recused himself in this case, which subsequently was reassigned to the undersigned.

> Federal district courts "'have authority both under common law and Rule 54(b)" of the Federal Rules of Civil Procedure "to reconsider interlocutory orders . . . before entry of final judgment.'" *Parker v. Robertson*, 34 F. Supp. 3d 859, 860-61 (M.D. Tenn. 2014) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Courts exercise their discretion to reconsider orders "as justice requires." *Rodriguez*, 89 F. App'x at 959.

(Doc. No. 312 at 1). Although Defendants do not so note, *Rodriguez* further states that this standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 960 n.7. And as Defendants also do not note, *Rodriguez* further states that "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* Defendants do not assert any additional bases on which a court potentially could properly grant a motion to reconsider, and the Court in its discretion declines to conjure up any additional bases on its own. So the question is whether Defendants have shown any of these three enumerated circumstances.[2] The Court finds that they have not done so, and indeed have not clearly even attempted to do so; Defendants' arguments simply are not geared towards establishing any of these three circumstances.

Accurately previewing (summarizing in advance) their argument as to why reconsideration should be granted, Defendants state:

> Here, justice requires reconsideration because Defendants have shown that Plaintiffs Lamar Perry, Curtis Gray, Jr. Benjamin Tournier, John Weare, and the NAACP all lacked standing to sue at the outset of the litigation and throughout. It would be a waste of judicial resources to proceed to trial on a case where no Plaintiff has demonstrated standing.

(*Id.* at 2). Except for the two times quoted above, the Motion to Reconsider nowhere mentions "justice" or, for that matter, "injustice," and it certainly never asserts "manifest" injustice in

---

[2] The Court notes that the third of these circumstances is stated in the alternative: "clear error" and "manifest injustice."

particular. And it likewise does not talk about any of the other above-referenced circumstances justifying reconsideration of an interlocutory order. What the Motion for Reconsideration does instead—as suggested by Defendants' summary of their argument—is (i) argue (as Defendants did in briefing the Motion for Summary Judgment) that summary judgment should be granted to them due to Plaintiffs' asserted lack of standing (and thus this Court's asserted lack of subject-matter jurisdiction), and (ii) argue essentially that judicial efficiency favors disposing of the case now due to the asserted lack of standing rather than proceeding to trial. Each of these arguments, in addition to not being adequately pegged to the recognized bases for granting a motion for reconsideration of an interlocutory order, has additional problems.

As for the first argument, it is a disfavored one because "motions for reconsideration are not [properly] intended to re-litigate issues previously considered by the Court . . . ." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). In the Order, Judge Campbell resolved the Motion for Summary Judgment, which made the same argument for summary judgment that Defendants are making now.[3] So the undersigned naturally concludes that Judge Campbell considered that (multi-part) argument even though his order did not specifically refer to standing or jurisdiction challenges, and Defendants do not argue otherwise. Moreover, the Court deems Defendants' argument to show at the very most that the Order was erroneous—not that it was clearly erroneous, as required for Defendants to obtain reconsideration here.

As for the second argument, it is essentially premised on the notion that Judge Campbell erroneously did not find that Plaintiffs had failed to demonstrate standing—in other words, that Defendants' first argument on the Motion to Reconsider is valid. But as just noted, the Court declines to reconsider Judge Campbell's non-finding of a lack of standing on Plaintiffs' part. And

---

[3] If there is anything at all new about the argument in the Motion to Reconsider, Defendants do not identify what it is, let alone explain why it was not presented the first go-round.

to the extent that Defendants are making the additional assertion that Judge Campbell (who had been managing the case for years) erred in determining that judicial efficiency militated in favor of simply proceeding to the scheduled bench trial rather than doing a meticulous analysis of the Motion for Summary Judgment, they have not shown *clear* error in this regard. Even if Defendants had actually done enough to meet their burden as summary-judgment movants to show that Plaintiffs lacked standing, Judge Campbell *still* would have had the discretion (especially in a unusual case like this one, with the major case-management issues it presents, including the specter of different trials on different counts and also staggered appeals) to do what he explicitly decided to do here: mange the case by deciding to just deal with all contested issues by developing a more fulsome factual record at a bench trial rather than expending the judicial resources necessary to dispose of the Motion for Summary Judgment. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1–2 (S.D. Ohio Feb. 11, 2009); *Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006).

In summary, Defendants maintain that Judge Campbell should have granted them summary judgment. But even if it is possible that the Court could agree with them were it to delve into all pertinent issues raised by the Motion for Summary Judgement, Defendants have not shown what they need to show to demonstrate that the Court should undertake this task, rather than leave the Order in place even if it is at some level subject to second-guessing.

For the reasons stated above, the Motion (Doc. No. 311) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE