IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CONFERENCE of the NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE, on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, et al., <br><br> Defendants. | Civil No. 3:20-cv-01039 <br><br> JUDGE RICHARDSON <br> MAGISTRATE JUDGE FRENSLEY <br><br> [Putative Class Action] |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AS TO PLAINTIFF LEOLA SCOTT**

Plaintiffs respectfully file this sur-reply to clarify Plaintiff Leola Scott's remaining personal interest in litigating her claims regarding Defendants' unconstitutional procedures for issuing Certificates of Voting Rights Restoration under T.C.A. §§ 40-29-201 *et seq*. In their response brief, Plaintiffs argue that Ms. Scott continues to have a personal stake in pursuing her claims because she "has not technically been issued a Certificate of Restoration . . . that can serve as proof that she is no longer disqualified from voting due to a felony conviction" under T.C.A. § 40-29-203(a), (c). Pls.' Response, Doc. 317 at PageID#8086. In reply, Defendants contend that Ms. Scott has received "proper Certificates of Restoration" and was permitted to vote in the 2024 election. Defs.' Reply, Doc. 324 at PageID#8108-09. Defendants mischaracterize Ms. Scott's argument and the statutory purpose of the required certification.

Plaintiffs do not dispute that the Election Division, the office overseen by Coordinator Goins, has duly recognized that Ms. Scott is no longer disqualified from voting due to a felony

2

conviction and permitted her to register and vote. Nor do Plaintiffs dispute that Ms. Scott has received documents *titled* Certificates of Restoration ("COR Form" or "COR"). But the documents Ms. Scott has received lack the information necessary to serve as proof that her voting rights are restored, which she is entitled to under state law. This is because the COR Form created by the Coordinator, and here received by Ms. Scott, is distinct from the certification of voting rights restoration contemplated by Tennessee law.

Tennessee law tasks the Coordinator with "prepar[ing] a certificate of voting rights restoration form," Tenn. Code Ann. § 40-29-205, but he is not the entity responsible for issuing these to individuals upon request. That duty belongs to the state's incarcerating, supervising, and pardoning authorities—*i.e.*, the Tennessee Department of Correction (TDOC) and the Governor. *See* Tenn. Code Ann. § 40-29-203(a). And the certificates issued by these authorities must themselves serve as "sufficient proof that the person named on the certificate is no longer disqualified from voting by reason of having been convicted of an infamous crime." Tenn. Code Ann. § 40-29-203(c).

Nominally pursuant to these laws, the Coordinator has created a document it calls a COR Form for use by the state's issuing authorities, but issuance of said COR Form does not, and in fact *cannot*, serve as sufficient proof of a person's release from disqualification to vote by reason of having a prior felony conviction, and is not the certification of voting rights restoration to which eligible individuals are guaranteed. Indeed, the back side of the COR Forms state that the person named on the certificate—here Ms. Scott—is *not* eligible to have their voting rights restored until the Coordinator *later* verifies the applicants' currentness in child support obligations. Doc. 151-7 at PageID#6171 (Election Division's COR Form); 291-12 at PageID#6615-17 (Scott COR Forms). This is so despite currentness in child support obligations being one of the statutory criteria that

3

must be verified *before* a certificate of voting rights restoration is issued. *See* Tenn. Code Ann. §§ 40-29-202(c), 40-29-203(a). Thus, the procedure for issuing COR Forms administered by all Defendants precludes Ms. Scott from obtaining an actual certification of voting rights restoration upon request. Ms. Scott did not receive the precise document to which she is entitled by law and in which she has a liberty interest. If her requested relief were granted in this case, however, she could obtain it. *See* Doc. 278 at PageID#6170-71. Ms. Scott thus continues to retain a concrete personal interest in litigating her procedural claims even though her voting rights have been restored and she has been permitted to register to vote. This interest, however formal or technical, is sufficient to preserve her claim for relief. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (citation omitted).

Finally, it bears emphasis that if Ms. Scott's personal interest has completely expired, multiple exceptions to the mootness doctrine allow her to continue litigating her claims, given her outstanding motion for class certification and the inherently transitory and evasive nature of the procedural harms at issue. *See* Pls.' Resp. Br., Doc. 317 at PageID#8087-91. And, in any event, the Court need not entertain this dismissal motion because other Plaintiffs have standing to seek the same relief sought by Ms. Scott. *Id.* at PageID#8091-92.

Defendants' motion to dismiss as to Ms. Scott should be denied.

Dated: December 11, 2024                    Respectfully submitted,

| | |
|---|---|
| Keeda Haynes, BPR No. 031518<br>Free Hearts<br>2013 25th Ave. N,<br>Nashville, TN 37208<br>(615) 479-5530<br>keeda@freeheartsorg.com | /s/ *Blair Bowie*<br>Blair Bowie*<br>Danielle Lang*<br>Alice Huling*<br>Valencia Richardson*<br>Aseem Mulji*<br>Ellen Boettcher* |

4

Phil Telfeyan
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org


* Admitted pro hac vice

Kate Uyeda, BPR No. 040531
Kathryn Huddleston*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
Bbowie@campaignlegal.org
Dlang@campaignlegal.org
Ahuling@campaignlegal.org
VRichardson@campaignlegal.org
Amulji@campaignlegal.org
EBoettcher@campaignlegal.org
KUyeda@campaignlegal.org
KHuddleston@campaignlegal.org

Charles K. Grant, BPR No. 017081
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
cgrant@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for the Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for the parties may access these filings through the Court's electronic filing system:

DAWN JORDAN (BPR #020383)
Special Counsel
dawn.jordan@ag.tn.gov

ANDREW C. COULAM (BPR #030731)
Deputy Attorney General
Andrew.Coulam@ag.tn.gov

DAVID M. RUDOLPH (BPR #13402)
Senior Assistant Attorney General
david.rudolph@ag.tn.gov

ZACHARY BARKER (BPR #035933)
Assistant Attorney General
Zachary.barker@ag.tn.gov

ROBERT W. WILSON (BPR # 034492)
Assistant Attorney General
Robert.Wilson@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202

*Attorneys for State Defendants*

/s/ *Charles K. Grant*
Charles K. Grant