UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE STATE CONFERENCE OF THE NAACP, | ) ) ) | |
| Plaintiff. | ) ) | |
| v. | ) ) | Civil Case No. 3:20-cv-01039 |
| WILLIAM B. LEE, et al., | ) ) | JUDGE ELI RICHARDSON |
| Defendants. | ) ) | |

# **ORDER**

On May 14, 2025, based on the parties' "Stipulation of Voluntary Dismissal of Counts 1-3" (Doc. No. 343), the Court entered an order dismissing Counts 1-3 of Plaintiffs' First Amended Complaint (Doc. No. 102, "FAC"). In light of the dismissal of Counts 1-3, the Tennessee State Conference of the NAACP, which is the only plaintiff with respect to the remaining counts (Counts 4-6) of the FAC, is the only remaining plaintiff in this action. Accordingly, the Clerk's Office SHALL terminate all other Plaintiffs.

Next, the Court notes that the Joint Motion for Scheduling Conference (Doc. No. 296), which was filed at a time when the trial was scheduled for December 9, 2024 and was geared to that date, was rendered moot by the Court's Order (Doc. No. 323) that canceled that trial date. Accordingly, that motion (Doc. No. 296) is DENIED as moot.

Additionally, the dismissal of Counts 1-3 has rendered moot "Defendants' Motion to Dismiss Plaintiff Leola Scott" (Doc. No. 303, "Motion as to Plaintiff Scott")) because it pertains solely to one or more of the dismissed counts and not any of the remaining counts. Accordingly, that motion (Doc. No. 303) is DENIED as moot.

Moreover, Plaintiffs' motion (Doc. No. 316) for an extension of time to respond to Defendant's motion to dismiss all claims due to the alleged lack of standing of all Plaintiffs (Doc. No. 309, "Defendant's Pending Motion to Dismiss") was in essence granted via the Court's direction (as reflected in the minute entry dated March 12, 2025) that Plaintiff shall respond to Defendants' Pending Motion to Dismiss by March 26, 2025. Accordingly, that motion of Plaintiffs (Doc. No. 316) is DENIED as moot. The Court notes that Defendant's Pending Motion to Dismiss still remains pending for decision by the Court, albeit only with respect to the remaining counts (asserted by the sole remaining Plaintiff.

Finally, the Court notes that no request for class certification remains pending, because Plaintiffs requested class certification only with respect to Counts 1-3.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE