UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE STATE CONFERENCE OF THE NAACP, | ) ) ) | |
| Plaintiffs. | ) ) | |
| v. | ) ) | Civil Case No. 3:20-cv-01039 |
| WILLIAM B. LEE, et al., | ) ) | JUDGE ELI RICHARDSON |
| Defendants. | ) ) | |

**ORDER**

On May 14, 2025, the Court entered an order (Doc. No. 344, "Order of Partial Dismissal") dismissing Counts 1 through 3 of Plaintiffs' First Amended Complaint (Doc. No. 102, "FAC"), upon mutual assent of the parties. That left remaining only Counts 4 through 6 of the FAC, as to which the Tennessee State Conference of the National Association for the Advancement of Colored People ("Plaintiff" or "NAACP") is the only plaintiff.

At the time of entry of the Order of Partial Dismissal, Count 6 was on appeal to the Sixth Circuit. Specifically, Defendants had taken an interlocutory appeal of this Court's June 5, 2024 order (Doc. No. 237) granting Plaintiff particular permanent injunctive relief grounded directly on the Court's April 18, 2024 order,[1] which granted summary judgment to Plaintiff on Count 6 while denying Defendants summary judgment on Counts 4-6.[2] The effect was an appeal not only of the

---

[1] This case was transferred to the undersigned district judge on November 19, 2024. (Doc. No. 321).

[2] As background to the parties' respective requests for summary judgment, the Court notes that Defendants filed a motion for summary judgment (Doc. No. 150) with respect to all six counts of the First Amended Complaint, and Plaintiff filed a (cross) motion for summary judgment (Doc. No. 153) solely as to Counts 4 and 6. Thereafter, on September 25, 2023, the Court entered an order (Doc. No. 179) that, in pertinent part, denied Defendant's motion for summary judgment without prejudice with respect to Counts 1 through 3. Therefore, by the time of the Court's April 19, 2024, Defendant's motion for summary judgment effectively was one requesting summary judgment as to Counts Four through Six only. At that time,

entry of the permanent injunction, but also of the grant to Plaintiff of summary judgment as to Count 6. On June 5, 2025, the Sixth Circuit issued its opinion on that appeal.[3] *See Tennessee Conf. of Nat'l Ass'n for the Advancement of Colored People v. Lee,* 139 F.4th 557 (6th Cir. 2025). The Sixth Circuit reversed the grant of summary judgment to Plaintiff on Count 6 due to Plaintiff's lack of standing, and also vacated the permanent injunction that had been based on Plaintiff having been awarded summary judgment on Count 6. *Id.* at 559, 569.

The court further concluded that "[Plaintiff]'s evidence thus could not *withstand* Tennessee's motion for summary judgment." *Id.* at 569. As the Court noted, this conclusion raised the question of "the proper resolution of this appeal." *Id*.

> Should we order the district court to grant Tennessee's summary-judgment motion due to the NAACP's failure to introduce enough evidence of its standing? Or should we allow the NAACP to supplement the record on remand with evidence that it developed later? *See* Appellee's Br. 21 n.6. If this case had reached us after a final judgment, we likely would have directed the district court to enter summary judgment for Tennessee. A party generally cannot submit new evidence to "retroactively" fix a standing problem if the party did not present enough evidence "at the time of judgment[.]" *Summers*, 555 U.S. at 495 n.*, 129 S. Ct. 1142; *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 235, 110 S. Ct. 596, 107 L.Ed.2d 603 (1990). Here, though, the district court issued an interlocutory decision. And district courts generally have discretion to reevaluate those decisions at any time before a final judgment. *See* Fed. R. Civ. P. 54(b); 18B Charles A. Wright et al., *Federal Practice and Procedure* § 4478.1, at 680–82 (3d ed. 2019). We thus will leave this remedial choice (between granting summary judgment to the State or permitting the NAACP to supplement the record) in the district court's capable hands.

*Id.*

---

Plaintiff's motion for summary judgment remained pending as to both Counts 4 and 6, and in fact the April 19, 2024 order granted Plaintiff summary judgment in part on Count Four—a (partial) grant that Defendants did not seek to appeal interlocutorily, presumably because it was unrelated to the permanent injunction upon which their interlocutory appeal was (and needed to be) based. The Court need not delve herein into the scope of and reasons for the grant to Plaintiffs of (partial) summary judgment on Count Four.

[3] This opinion is found on the docket of this case at Docket No. 350.

The Court opts to grant summary judgment to Defendants. This matter has been litigated zealously by both sides for years now. The briefing regarding Plaintiff's standing was extensive both in this Court and the Sixth Circuit, and Plaintiff was represented by numerous experienced and well-credentialed attorneys. Plaintiff has had a full opportunity to make its showing of standing, and there is every reason to believe that it took its best shot at doing so. It came up short, however. The Court sees no need to revisit this issue. And any such revisiting does not strike the Court as an appropriate use of judicial resources, especially given that the Court has a very active docket with many litigants awaiting a first decision in their cases.

The Sixth Circuit did not expressly state whether its conclusion (that summary judgment for Defendants is warranted based on the instant record) is one that applies solely to Count 6, or instead to all three remaining counts. But it did say that the district court had the option "to grant Tennessee's summary-judgment motion due to the NAACP's failure to introduce enough evidence of its standing." *Id.* at 569. This implies that the contemplated grant of summary judgment would be a grant of Tennessee's entire summary judgment motion, which encompasses all of Plaintiff's remaining claims rather than just Count 6. Moreover, the Sixth Circuit noted that "the summary-judgment record lacks evidence from which 'a rational trier of fact could conclude that the NAACP faces an imminent injury." *Id.* at 569 (internal quotation marks omitted). The suggestion there plainly is that the NAACP lacks sufficient evidence of *any* imminent injury—which is to say, lacks sufficient evidence of any imminent injury to support standing on *any* of the three remaining counts. And viewing that matter independently, the Court does not see how summary judgment for Defendants would not also be appropriate on Counts 4 and 5 given that it is appropriate on Count 6 and given that all three counts assert injuries based on the State's practices with respect to voter registration forms as they relate to voting eligibility of applicants with felony convictions.

For all of these reasons, the Court VACATES both the April 18, 2024 order (Doc. No. 222) that denied Defendant's motion for summary judgment and granted Plaintiff summary judgment as to Count 6, and the Court's accompanying Memorandum (Doc. No. 221).[4] The Court GRANTS Defendants' motion for summary judgment (Doc. No. 150) as it exists after the Court's September 25, 2023 order denying that motion without prejudice with respect to Counts 1 through 3; thus, Defendants are granted summary judgment as to Counts 4 through 6.

In light of the above disposition of Counts 4 through 6, no claims remain pending in this case. The Court is directed to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] The Court declines to order vacatur of the permanent injunction (Doc. No. 237) because technically, the Sixth Circuit has already done that. 139 F.4th at 539-40.